IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Stacy Ernst, Michelle Lahalih, Dawn Hoard Irene Res Puallano and Katherine Kean<br>Plaintiffs<br><br>Vs<br><br>City of Chicago,<br>  A municipal corporation<br>          Defendant | FILED: AUG 01, 2008<br>08CV4370<br>JUDGE NORGLE<br>MAGISTRATE JUDGE COLE<br>RCC |

COMPLAINT

Plaintiffs Stacy Ernst, Michelle Lahalih, Dawn Hoard, Irene Res Pullano and Katherine Kean by and through their attorney, Susan P. Malone, complaining of defendant CITY OF CHICAGO, state as follows:

Jurisdiction and Parties

1. Plaintiff Stacy Ernest, Michelle Lahalih, Dawn Hoard, Irene Res Pullano and Katherine Kean previously known as Katherine Kenar (hereinafter Plaintiffs) are and were at all times relevant herein residents of the City of Chicago, County of Cook State of Illinois.

2. Plaintiffs are and were at all times relevant herein licensed by the Illinois Department of Public Health as EMT-P or Paramedics. Plaintiffs and each of them applied for the position of paramedic with the City of Chicago, Department of Fire and were placed on a list of persons eligible for hire as paramedics.

1

3. The City of Chicago (hereinafter the City) is and was at all times relevant herein a municipal corporation organized and existing under the law of Illinois. The City is and was at all times relevant herein an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. (Title VII)

4. This action is brought pursuant to and arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq.. This Court has jurisdiction under 28 U.S.C. Section 1343(4) and Section 42 USC Section 2000-5(f).

5. Prior to the initiation of this action, plaintiffs filed timely charges of discrimination with the Illinois Department of Human Rights and the Equal employment Opportunity Commission charging the defendants with discrimination against them on the basis of sex.

6. Plaintiffs received notification of right to sue from the EEOC within 90 days prior to the filing of this action.

7. Plaintiffs and each of them are and were at all times relevant herein, licensed paramedics with the Illinois Department of Public Health.

8. Plaintiff and each of them applied to the City of Chicago for hire as paramedics with the City of Chicago Department of Fire.

9. Plaintiffs and each of them were deemed to have meet the initial requirements for hire and were placed on list of persons eligible for hire as paramedics subject to further processing.

10. Plaintiffs and each of them were subsequently directed by the defendant to complete a test defendant characterized as a physical abilities test. The stated purpose of such test was to determine the plaintiffs' physical ability to perform

2

the duties and responsibilities of a paramedic with the city of Chicago Department of Fire.

11. Plaintiffs and each of them had, prior to such testing date, performed the duties and responsibilities of persons employment as paramedics for several years while employed by other employers.

12. Plaintiffs and each of them were subsequently informed that the defendant contended plaintiffs and each of them had "failed" the physical abilities testing and therefore would be removed from the list of persons eligible for hire as paramedics.

13. The City discriminated against Complaint on the basis of sex by utilizing the claimed test results as a reason to reject Plaintiffs for the position of paramedic and to remove from the list of persons eligible for hire in that:

    a) Plaintiffs and each of them were and are fully capable of performing the duties of a paramedic and had performed such duties for a number of years;

    b) The testing process and procedure utilized by the respondent disqualified a disproportionate number of female applicants, all of whom were fully licensed paramedics;

    c) The testing process and procedure was conducted in an insecure and unprofessional manner so as to facilitate the elimination of female candidates in that

        i) The score or alleged score of the applicants were recorded in pencil permitting alterations to such scores;

    ii) The score or alleged scores were calculated and recorded by persons who were hired for the day by the city or its agents and who were not fully trained in either proper testing procedures or the duties and responsibilities of paramedics;

    iii) The testing process and procedure did not provide a accurate measure of a female person's ability to perform the duties and responsibilities of a paramedic for the Chicago Fire Department;

    iv) The test utilized was not properly validated for content or adverse impact prior to its administration;

    v) A disproportionate number of female applicants working as paramedics for other employees were disqualified by the test utilized by the City

14. As a direct and proximate result of the actions of the defendant, Plaintiffs were not hired as paramedics and have sustained and continue to sustain lost wages and other benefits of employment.

15. As a direct and proximate result of the actions of the City, Plaintiffs have sustain and continue to sustain emotional distress, humiliation and embarrassment;

Wherefore Plaintiffs requests this Honorable Court to order the following relief

1. That this Court award Plaintiffs compensatory damages against defendant in such amount as may be found by the jury to be sufficient to compensate plaintiffs;

4

2. That this Court order defendant City to hire plaintiffs as paramedics with retroactive seniority and benefits to the date on which plaintiffs would have been hired but for the defendants actions.

3. That this court award plaintiffs attorneys fees and costs

4. That this court order defendant to cease utilizing discriminating against women in physical ability tests for positions within the Fire Department.

5. That this court award plaintiffs and each of them liquidated damages in an amount found to be sufficient by the jury for its intentional violation of Title VII

6. For such other and further relief as to this Court shall seem just

PLAINTIFFS REQUEST TRIAL BY JURY

ON ALL ISSUES SO TRIABLE

                Respectfully submitted

                __s/malonelaw@sbcglobal.net

                Susan P. Malone

Susan P. Malone
20 N Clark Street
Suite 1725
Chicago, Il 60602
(312) 726-2638