**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **STACEY ERNST, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **Case No: 08 C 4370** |
| **v.** | ) ) | |
| | ) | **Magistrate Judge Cole** |
| **CITY OF CHICAGO,** | ) ) | |
| **Defendant.** | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

The current dispute in the parties' seemingly never ending series of conflicts involves the documents to be attached to the plaintiffs' response to the motion for summary judgment and whether documents previously designated as confidential can now be viewed outside the plaintiffs' lawyers' offices. During the course of discovery, both sides designated numerous documents as confidential or some equivalent or greater designation. The protective order that has been in place in this case for several years requires that a party obtain court approval before the document can be used free of the restrictive classification.

Despite the clarity of the protective order, the City has apparently filed in excess of 10 documents, previously designed as confidential, along with its motion for summary judgment without leave of court. It also, in clear violation of the protective order, did not redact from the documents certain names and addresses. The City concedes the latter infraction – characterizing it as a "mistake" – and excuses the former by saying that the documents had been designated as confidential by the City, and therefore the City could unilaterally ignore the designation and waive it. While the City agrees that the plaintiffs may treat their own documents in this way, it

insists that they must obtain permission from the court before they can utilize in their response to the motion for summary judgment documents the City has previously designated as confidential. The City insists that it be shown the documents in advance of any filing by the plaintiffs, and it will decide whether the documents can be filed not under seal.

As explained in the telephone conference I had with counsel this morning, a series of decisions by the Seventh Circuit and other courts may be of assistance to the parties in the way they resolve any future disputes on this issue. The cases are consistent in recognizing the distinctions between discovery and matters involving the disposition of cases and in their demand that litigation be conducted in public to the maximum extent, consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence. *See, e.g., Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir.2002); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893 (7th Cir.1994). 'This means that both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions-one full version containing all details, and another redacted version with confidential information omitted.' *Hicklin Engineering, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006).

The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret. *Doe v. Smith,* 429 F.3d 706, 710 (7th Cir.2005). Openness in judicial proceedings assures the public that procedural rights are respected, and that justice is afforded equally. Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 595 (1980). *See, e.g., Baxter International, Inc. v. Abbott Laboratories,*

297 F.3d 544 (7th Cir.2002); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893 (7th Cir.1994).

In *United States v. Foster*, 564 F.3d 852 (7th Cir. 2009) and *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830 (7th Cir. 2009)(Easterbrook, C.J., in chambers), Chief Judge Easterbrook made clear that information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure. "Secrecy is fine at the discovery stage, before the material enters the judicial record. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984); *Baxter International, Inc.,* 297 F.3d at 545-46.

As Chief Judge Easterbrook explained, those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *See, e.g.*, *Grove Fresh Distributors, Inc.,* 24 F.3d at 893; *In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir.1984).

Information transmitted to the court of appeals is presumptively public because the appellate record normally is vital to the case's outcome, Judge Easterbrook held. Agreements that were appropriate at the discovery stage are no longer appropriate for the few documents that determine the resolution of an appeal – so any claim of secrecy must be reviewed independently in the Seventh Circuit. *Foster*, 564 F.3d at 853-854. Of course, the same is true of a motion for summary judgment in which the district court's resolution of the case necessarily turns on the evidence presented. Hence, that evidence cannot be under seal unless it fits within the narrow classifications recognized by the Seventh Circuit.

As Judge Easterbrook has emphasized, the Court of Appeals has repeatedly held that a person's desire for confidentiality is not honored in litigation. Trade secrets, privileges, and statutes or rules requiring confidentiality must be respected, see Fed.R.Civ.P. 45(c)(3)(A)(iii), but litigants' preference for secrecy does not create a legal bar to disclosure. *See Baxter International, Inc.,* 297 F.3d at 544; *Foster,* 564 F.3d at 852. *See also Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665 (7th Cir. 2009); *In re Bank One Secs. Litig.,* 222 F.R.D. 582, 585 (N.D.Ill.2004)(citing *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 603 (1982)).

The indisputable teaching of Seventh Circuit precedent is that secrecy during discovery is one thing; secrecy during proceedings that affect the disposition of the case is quote another. "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir.2010). *See also Strait v. Belcan Engineering Group, Inc.,* 2012 WL 2277903, 1 (N.D.Ill. 2012).

The Seventh Circuit has made it clear that in order to show good cause to file a document or portion thereof under seal, the requesting party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l,* 297 F.3d at 548. Moreover, if a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement. *Id.* at 547. After a court enters a protective order, "a party must continue to show good cause for confidentiality when challenged." *Id.* at 586. *See Strait.,* 2012 WL 2277903, 1; *Bodemer v. Swanel Beverage, Inc.* 2011 WL 338822, 1 (N.D.Ind. 2011).

Hopefully, these principles will preclude any further arguments on the issue discussed in the telephone conference this morning. On that assumption, the plaintiffs' motion to modify protective order [260] in its present form is denied without prejudice. The court will not look with favor on objections by the City of Chicago to requests by the plaintiffs to file documents in support of its opposition to the motion for summary judgment freed of the constraints of the City's restrictive designation of those documents made during discovery. Nor does the court see any reason why those documents cannot be viewed outside the confines of the plaintiffs' law offices.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE**: November 21, 2013