# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STACY ERNST ET AL. , | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2008 C 4370 |
| | ) | |
| v. | ) | Judge Charles Norgle |
| | ) | |
| CITY OF CHICAGO , | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS RESPONSE TO DEFENDANT MOTION IN LIMINE NO 4 TO BAR EVIDENCE AND TESTIMONY CONCERNING ALLEGEDLY DISCRIMINATORY HIRING FOR FIREFIGHTER AND OTHER CIVIL SERVICE POSITIONS**

Plaintiffs Stacy Ernst et al by and through their attorneys in response to the City's motion in limine states as follows

Introduction

Defendant suggests it "believes" plaintiffs will seek to introduce testimony concerning firefighter hiring from 1996 to 2010. As indicated by the exhibit list, plaintiffs are not intending to introduce such wide-ranging evidence.

To the extent that the defendant is seeking to bar introduction of evidence of the City use of a discriminatory test for firefighter/EMTS from 2000 to 2012 or thereafter, plaintiffs are not offering any such evidence or testimony. Plaintiffs have not designated any exhibits relating to that time frame nor identified as a witness anyone subjected to any such discriminatory test. The parties have already stipulated that neither party will reference the Vasich, the resolution of that case or the City's decision to use a different test for firefighter/EMTs.

1

To that extent therefore, the statements in defendant's motion, while inaccurate, are also irrelevant.

I. PLAINTIFFS WILL OFFER LIMITED EVIDENCE AND TESTIMONY THAT CFD WAS AWARE OF THE DISCRIMINATORY NATURE OF HPS TESTS PRIOR TO HIRING HPS AND UTILIZING ITS TESTING TO ELIMINATE FEMALE PARAMEDICS.

As defendant notes, evidence of generalized racism directed at others is not relevant unless it has some relationship with the employment decision in question. Grays vs O'Neill, 308 F.3d 808, 816 (7th cir. 2002). Here plaintiffs are seeking to introduce evidence of sexism which is directly relevant to the CFD's decision to hire HPS for this testing process and its knowledge of the adverse impact of HPS tests upon women. Plaintiffs will seek to introduce evidence that prior to retaining HPS, CFD knew that HPS had previously delivered to CFD another test which had an adverse impact upon women and that HPS promised CFD that the paramedic test it sought to develop would have an adverse impact upon female paramedic applicants.

Presumably, defendant will not seek to utilize or raise the 1995 firefighter study as supporting or providing any justification for the paramedic physical performance test either.

Conclusion

For the reasons stated herein, the parties having stipulated that neither the Vasich case and settlement and the City use of a new test will not be raised and plaintiffs having listed

2

neither witnesses or documents concerning generalized discrimination in other civil service positions, defendant's motion in limine number 4 ought be denied.

Respectfully submitted,

s/Susan P. Malone
Susan P. Malone
smalonelaw@sbcglobal.net
20 N Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638

DAVID BORGEN, CA Bar No. 099354
dborgen@gbdhlegal.com
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)