IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>*Defendant*. | Case No.: 08 C 4370<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Jeffrey Cole |

## ANNOTATED ORDER DETAILING RULINGS ON MOTIONS *IN LIMINE* AND PLAINTIFFS' MOTION TO BAR WITNESSES AND DOCUMENTS

This case coming before the Court for hearing on the parties' respective motions *in limine* and the Plaintiffs' Motion to Bar Witnesses and Documents, the Court having read the parties' written submissions and heard argument of counsel, and for the reasons set forth in transcripts of proceedings, which are incorporated herein by reference, IT IS HEREBY ORDERED THAT:

**Plaintiffs' Motions *in Limine*:**

1. **Plaintiffs' Motion *in Limine* No. 1 – [Dkt. 360]** – Motion to Bar Hearsay Testimony Regarding 2004 Test Administration.

   - **Granted as to Plaintiffs' Request to bar Dr. Gebhardt and Dr. Jacobs from offering opinions as to the credibility of Plaintiffs' testimony regarding the administration of the PAT to Plaintiffs in 2004.** (Feb. 24, 2014 A.M. Tr. 15:13 to 16:9; 17:1 – 18:8, 24:6 – 24:8.)[1]

   - **Granted as to Plaintiffs' Request to bar hearsay testimony regarding the 2004 PAT administration.** However, this ruling does not preclude the City's fact witnesses from testifying as to personal observations or knowledge of the PAT administration.

2. **Plaintiffs' Motion *in Limine* No. 2 – [Dkt. 361]** – Motion to Bar Hearsay Testimony and Unsupported Statements and Argument on the City's Alleged Motive or Necessity

---

[1] The "Tr." references are to Mag. Judge Cole's oral rulings on the subject motions.

for the Physical Performance Test and Comment on Any Alleged "Public Safety" Concern.

- **Denied**, based upon the City's representation that it will elicit testimony from CFD officials and present admissible evidence as to the City's motive and need for this test. (Feb 24, 2014 A.M. Tr. 30:4 – Tr. 32:21.)

3. **Plaintiffs' Motion *in Limine* No. 3 – [Dkt. 362]** – Motion to Bar Unsubstantiated Expert Testimony Regarding Alleged Costs of Post-Hire Training.

- **Denied.** (Feb. 24, 2014 A.M. Tr. 33:14 – 41:25; 44:13 – 48:3.)

4. **Plaintiffs' Motion *in Limine* No. 4 – [Dkt. 358]** – Motion to Exclude Witnesses, Including Testifying Experts, From the Courtroom.

- **Denied as Moot**, as the parties have agreed that non-expert fact witnesses will be **sequestered**. Party representatives may be present in the courtroom. Experts on both sides shall be permitted to be present in the courtroom only during the testimony of other experts, or to review the daily transcripts of the other experts. (Feb. 24, 2014 A.M. Tr. 49:10 – 49:23.)

5. **Plaintiffs' Motion *in Limine* No. 5 – [Dkt. 359]** – Motion to Bar Inappropriate Damages Arguments Including Comments on the City's Finances or Appeals to the Jurors as Taxpayers.

- **Granted as to Subparagraph 1** – "Plaintiffs have asked for more money than they expect to be awarded." (Feb. 24, 2014 A.M. Tr. 54:5 – 54:21.)

- **Deferred to Judge Norgle as to Subparagraph 2** – "The amount of damages Plaintiffs are seeking is shocking." (Feb. 24, 2014 A.M. Tr. 55:14 – 55:19.)

- **Moot as to Subparagraph 3** - per the parties' agreement regarding taxpayer argument. (Feb. 24, 2014 A.M. Tr. 50:3 – 50:8.)

6. **Plaintiffs' Motion *in Limine* No. 6 – <u>Never Filed.</u>**

7. **Plaintiffs' Motion *in Limine* No. 7 – [Dkt. 365]** – Motion to Bar Prejudicial and Inflammatory Comments and Inquiry.

- **Granted as to Subparagraph A** – "A verdict for Plaintiffs will adversely impact the City's ability to hire, or delay the hiring of, needed paramedics or cause the City to incur higher paramedic overtime costs." (Feb. 24, 2014 A.M. Tr. 57:16 – 57:24.)

- **Deferred in part as to Subparagraph B, though the City may not argue that a verdict for plaintiffs will adversely impact the ability of any member of the jury to receive prompt and effective emergency medical services.** – Judge Norgle may consider whether the City can argue that a verdict for Plaintiffs will

2

adversely impact the ability of residents of Chicago to receive prompt and effective emergency medical services based upon the evidence presented at trial. (Feb. 24, 2014 A.M. Tr. 61:18 – 61:23.)

- **Granted by Agreement as to Subparagraph C** – "'No matter what' the City does, or 'whatever test it uses' it will be sued over hiring in the Fire Department." (Feb. 24, 2014 A.M. Tr. 56:15 – 56:20.)

- **Granted by Agreement as to Subparagraph D** – "Anyone can file a lawsuit," "it's easy to file a lawsuit," any purported "lawsuit crisis," generally or against the City, or similar remark. (*See* Exhibit A, Feb. 24, 2014 A.M. Tr. 56:15 – 56:20.)

- **Denied as Moot as to Subparagraph E** – The parties agree that any issue concerning Plaintiffs' attorneys' fees will be presented to the Court if Plaintiffs prevail on liability. (Feb. 24, 2014 A.M. 67:1 – 67:9.)

**Plaintiffs' Motion to Bar [Dkt. 342]**

- Motion to Bar Witnesses:

    (a) **Renee Mayden (formerly Gardner)**

    **Denied** as to barring Renee Mayden (formerly Gardner). This witness may testify concerning the post-hire costs of training paramedics in the CFD Fire Academy. In that testimony, this witness may not testify that pre-hire training costs for paramedic applicants would be the same, less or more than the costs of post-hire paramedic training in the Fire Academy; may not present the cost of a pre-hire training program for paramedic applicants; and may not testify about how the City might establish a training program.

    (b) **Steve Swanson**

    **Denied** as to barring Steve Swanson. This witness may testify concerning the post-hire costs of training paramedics in the CFD Fire Academy. In that testimony, this witness may not testify that pre-hire training costs for paramedic applicants would be the same, less or more than the costs of post-hire paramedic training in the Fire Academy; may not present the cost of a pre-hire training program for paramedic applicants; and may not testify about how the City might establish a training program.

    (c) **Mark Hong**

    **The City withdraws** this individual from its Witness List. (Feb. 25, 2014 A.M. Tr. 5:19 – 6:6.)

3

(d)   **Jennifer Bruckner**

   **The City withdraws** this individual from its Witness List. (Feb. 25, 2014 A.M. Tr. 5:19 – 6:6.)

(e)   **Cortney Phillips**

   **Granted** as to Barring Cortney Phillips. (Feb. 25, 2014 A.M. 9:6 – 10:20.)

(f)   **Catherine Skelly**

   **The City withdraws** this individual from its Witness List. (Feb. 25, 2014 A.M. Tr. 5:19 – 6:6.)

(g)   **Jeanine Gollogy**

   **The City withdraws** this individual from its Witness List. (Feb. 25, 2014 A.M. Tr. 5:19 – 6:6.)

(h)   **Arthur Harris**

   **The City withdraws** this individual from its Witness List. (Feb. 25, 2014 A.M. Tr. 10:21 – 10:24.)

(i)   **Pat Graham**

   **Denied** as to Barring Pat Graham. (Feb. 25, 2014 A.M. Tr. 12:12 – 13:4.)

(j)   **Rhonda Vandecoevering**

   **Denied** as to Barring Rhonda Vandecoevering. (Feb. 25, 2014 A.M. Tr. 12:12 – 13:4.)

(k)   **Leslee Stein-Spencer**

   **Denied** as to Barring Leslee Stein-Spencer. (Feb. 25, 2014 A.M. Tr. 19:11 – 19:21.)

(l)   **Mark Kiely**

   **Denied** as to Barring Mark Kiely. (Feb. 25, 2014 A.M. Tr. 20:6 – 25:17.)

(m) Todd Baker

> **Denied** as to Barring Todd Baker as a fact witness only; Todd Baker may not provide direct or indirect expert testimony. (Feb 25, 2014, Tr. 29:4 to 29:15.) **Over the City's objection**, Dr. Baker, may not testify as to how the PAT or instructions were developed or matters as to which the defense experts will testify as disclosed in their reports and depositions. (Feb. 25, 2014 A.M. Tr. 29:10 – 36:25.) He may not testify to any claimed statistical distributions or frequencies nor impugn, contradict, impeach, or disagree with any conclusion that has been made by plaintiffs' experts. (Feb 26, 2014 P.M. Tr. 148:21 – 149:8.)

- Motion to Bar Exhibits: Magistrate Judge Cole's rulings as to each exhibit are detailed in Exhibit C of the Final Pretrial Order.

## The City's Motions *in Limine*:

1. **The City's Motion *in Limine* No. 1 – [Dkt. 330, 339]** – Motion to Bar Dr. Campion from Testifying to His Supplemental Opinions.

    - **Denied.** (Feb. 24, 2014 A.M. 85:15 – 85:17.)

2. **The City's Motion *in Limine* No. 2 – [Dkt. 349]** – Motion to Bar Plaintiffs' Testimony on the CFD Paramedic Position and Lay Opinion Testimony Regarding the PAT.

    - **Granted to the extent that the plaintiffs may not testify to conversations they have had with others regarding the job of a Chicago Fire Department paramedic and otherwise deferred to Judge Norgle.** (Feb. 24, 2014 P.M. Tr. 129:19 – 136:1.)

3. **The City's Motion *in Limine* No. 3 – [Dkt. 350]** – Motion to Quash Subpoena to Bar the Display and Use of Paramedic Testing Test Equipment at Trial.

    - **Denied.** The equipment may be received as a demonstrative aid, subject to Judge Norgle's determinations on how it may be used. (Feb. 25, 2014 A.M. Tr. 2:4 – 4:15; and Feb. 25, 2014 P.M. Tr. 139:12 – 139:25.)

4. **The City's Motion *in Limine* No. 4 – [Dkt. 351]** – Motion to Bar Evidence and Testimony Allegedly Discriminatory Hiring for Firefighter and Other Civil Service Positions.

    - **Granted.** (Feb. 24, 2014 P.M. 152:17 – 155:3.)

5.  **The City's Motion *in Limine* No. 5 – [Dkt. 352]** – Motion to Bar Evidence and Testimony Concerning CFD's Interim Use of CPAT with Firefighter/EMT Applicants.

    - **Moot** pursuant to the parties' filed stipulation dated Feb. 26, 2014, Dkt. No. 381. (Feb. 25, 2014 P.M. Tr. 88:21 – 89:4.)

6.  **The City's Motion *in Limine* No. 6 – [Dkt. 353]** – Motion to Bar Evidence and Testimony Concerning Illinois Human Rights Commission Proceedings Against HPS.

    - **Granted in part and otherwise denied as moot.** Plaintiffs may not ask Dr. Gebhardt or Dr. Baker whether HPS is a defendant in an action at the Human Commission but are permitted to ask them about their affiliation and interest in HPS and "Is HPS a party in litigation involving these Plaintiffs?" (Feb. 24, 2014 P.M. 162:12 – 165:18.)

7.  **The City's Motion *in Limine* No. 7 – [Dkt. 354]** – Motion to Bar Plaintiffs' Summary Damages Chart.

    - **Granted.** (Feb. 24, 2014 P.M. Tr. 166:4 – 182:12.)

8.  **The City's Motion *in Limine* No. 8 – [Dkt. 355]** – Motion to Bar Evidence and Testimony Concerning Undisclosed Physical Abilities Tests and Paramedic Hiring Practices.

    - **Granted.** (Feb. 24, 2014 P.M. Tr. 206:4 – 206:8.)

Each of these rulings is conditional upon the evidence presented at trial and is subject to revision at the district court's discretion at trial. (Feb. 24, 2014 A.M. Tr. 54:8 – 54:16; and Feb. 25, 2014 A.M. Tr. 11:17 – 11:18.)

Dated: May __, 2014

Honorable Jeffrey J. Cole
U.S. Magistrate Judge

1286231_7