NF

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH AND KATHERINE KEAN,**<br>                              **Plaintiffs,**<br><br>           **v.**<br><br><br>**CITY OF CHICAGO,**<br>                     **Defendant.** | **Case No. 08 C 4370**<br><br>**Judge Charles Norgle**<br><br>**Magistrate Judge Jeffrey Cole** |

## FINAL PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ.

P. ("Rule") 16, and

Susan P. Malone
smalonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638

Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910

David Borgen (Cal. Bar No. 099354)
dborgen@gdblegal.com
Michael Caesar (Cal. Bar No. 280548)
mcaesar@gdbhlegal.com
Goldstein Borgen Dardarian & Ho
300 Lakeside Drive, Suite 10000
Oakland, CA 94612
(510) 763-9800

having appeared as counsel for Plaintiffs Stacy Ernst, Dawn Hoard, Irene Res-Pullano, Michelle

Lahalih and Katherine Kean ("Plaintiffs"), and

Allan T. Slagel (ARDC No. 6198470)
aslagel@taftlaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@taftlaw.com
John F. Kennedy (ARDC No. 6196185)
jkennedy@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
Elizabeth E. Babbitt (ARDC No. 6296851)
ebabbitt@taftlaw.com

Timothy Swabb (ARDC No. 6193885)
Timothy.Swabb@cityofchicago.org
Alison Alvarez (ARDC No. 6281295)
alison.alvarez@cityofchicago.org
Assistants Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

having appeared for Defendant City of Chicago ("City") the following actions were taken:

(1)     This is an action for violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e-2 *et. seq.* and the jurisdiction of the Court is invoked under 28 U.S.C. §

1331. Jurisdiction is not disputed.

(2)     The following stipulations and statements were submitted and are attached to and

made a part of this order:

2

(a) a comprehensive stipulation or statement of all uncontested facts, which will become part of the evidentiary record in this case and which may be read to the jury by the Court or any part (Exhibit A);

(b) a short agreed description of the case to be read to prospective jurors (Exhibit B);

(c) except for rebuttal exhibits, schedules in the form set out in the attached Exhibit C of -

    (1) all exhibits including documents, summaries, charts and other items expected to be offered in evidence,

    (2) any demonstrative evidence and experiments to be offered during trial, and

    (3) rulings by Magistrate Judge Cole as to objections to the parties' proposed exhibits;

(d) a list of the names and addresses (where available) of potential witnesses to be called by each party, with a statement of any objection to calling or to the qualifications of any witness identified on the list (Exhibit D);

(e) stipulations or statements setting forth the qualifications of each expert witnesses in such form that the statement can be read to the jury at the time the expert witness takes the stand (Exhibit E);

(f) a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto (Exhibit F);

(g) an itemized statement of damages (Exhibit G);

(h) jury trial requirements:

    (1) trial briefs except as otherwise ordered by the court (Exhibit H(1));

3

(2)     one set of marked proposed jury instructions, verdict forms, and special interrogatories if any (Exhibit H(2)); and

(3)     a list of questions the party requests be posed to prospective jurors in accordance with Fed. R .Civ. P. 47(a) (Exhibit H(3));

(i)   each party has completed discovery, including the deposition of expert witnesses. Absent good cause shown, no further discovery shall be permitted. As plaintiffs' damages continue to accrue, plaintiffs shall supplement their damage calculations prior to trial so that the damages statements are complete as of the date of the trial;

(j)  Summary of Motions *in Limine*; ruled upon by Magistrate Judge Cole for the reasons stated on the record during the Pretrial Conference and indicated in the order entered on _____, Dkt No. __. The rulings on the parties' pretrial motions are conditional upon the evidence presented at trial and are subject to revision at the district court's discretion at trial. (See Feb. 24, 2014 A.M. Tr. 54:8 – 54:16.; Feb. 25, 2014 A.M. Tr. 11:17 – 11:18.) The motions filed were as follows:

(1) **Plaintiffs' Motions *in Limine*:**

(i)     **Plaintiffs' Motion *in Limine* No. 1 – [Dkt. 360]** – Motion to Bar Hearsay Testimony Regarding 2004 Test Administration

(ii)    **Plaintiffs' Motion *in Limine* No. 2 – [Dkt. 361]** – Motion to Bar Hearsay Testimony and Unsupported Statements and Argument on the City's Alleged Motive or Necessity for the Physical Performance Test and Comment on Any Alleged "Public Safety" Concern

(iii)   **Plaintiffs' Motion *in Limine* No. 3 – [Dkt. 362]** – Motion to Bar Unsubstantiated Expert Testimony Regarding Alleged Costs of Post-Hire Training

(iv)    **Plaintiffs' Motion *in Limine* No. 4 – [Dkt. 358]** – Motion to Exclude Witnesses, Including Testifying Experts, From the Courtroom

(v)      **Plaintiffs' Motion** *in Limine* **No. 5 – [Dkt. 359]** – Motion to Bar Inappropriate Damages Arguments Including Comments on the City's Finances or Appeals to the Jurors as Taxpayers

(vi)      **Plaintiffs' Motion** *in Limine* **No. 6 – <u>Never Filed.</u>**

(vii)      **Plaintiffs' Motion** *in Limine* **No. 7 – [Dkt. 365]** – Motion to Bar Prejudicial and Inflammatory Comments and Inquiry

(viii)      **Plaintiffs' Motion to Bar [Dkt. 342]**

(2)  **Defendant's Motions** *in Limine*

(i)      **Defendant's Motion** *in Limine* **No. 1 – [Dkt. 330, 339]** – Motion to Bar Dr. Campion from Testifying to His Supplemental Opinions

(ii)      **Defendant's Motion** *in Limine* **No. 2 – [Dkt. 349]** – Motion to Bar Plaintiffs' Testimony on the CFD Paramedic Position and Lay Opinion Testimony Regarding the PAT

(iii)      **Defendant's Motion** *in Limine* **No. 3 – [Dkt. 350]** – Motion to Quash Subpoena to Bar the Display and Use of Paramedic Testing Test Equipment at Trial

(iv)      **Defendant's Motion** *in Limine* **No. 4 – [Dkt. 351]** – Motion to Bar Evidence and Testimony Allegedly Discriminatory Hiring for Firefighter and Other Civil Service Positions

(v)      **Defendant's Motion** *in Limine* **No. 5 – [Dkt. 352]** – Motion to Bar Evidence and Testimony Concerning CFD's Interim Use of CPAT with Firefighter/EMT Applicants

(vi)      **Defendant's Motion** *in Limine* **No. 6 – [Dkt. 353]** – Motion to Bar Evidence and Testimony Concerning Illinois Human Rights Commission Proceedings Against HPS

(vii)      **Defendant's Motion** *in Limine* **No. 7 – [Dkt. 354]** – Motion to Bar Plaintiffs' Summary Damages Chart

(viii)      **Defendant's Motion** *in Limine* **No. 8 – [Dkt. 355]** – Motion to Bar Evidence and Testimony Concerning Undisclosed Physical Abilities Tests and Paramedic Hiring Practices

(3)    The Defendant projects a jury trial will take ten to twelve days. Plaintiffs

believe that given the defense witness list, a trial estimate of fourteen trial days is

more realistic . Trial will be set by Judge Norgle after entry of this Final Pre-trial Order, and shall continue from day to day thereafter.

(4)     The parties recommend that six jurors and two alternates be selected at the commencement of the trial. Defendant will not agree to a jury verdict by majority vote so the jury will be required to be unanimous.

(5)     The parties agree that liability and damages should not be bifurcated; however, Plaintiffs' disparate impact claim is a question of fact and law to be determined by the Court.   Defendant acknowledges that injunctive relief, back pay, interest and related economic damages are issues for the Court.   Defendant acknowledges evidence of the lost wages must be presented during trial but objects to the jury being present for such evidence.   Plaintiffs assert that this may cause undue disruption of the trial, and that evidence of economic loss is relevant to the jury's determination of emotional distress damages. Plaintiffs suggest, and the Defendant agrees, that should the Court prefer, if Plaintiffs prevail on their claim of disparate treatment and/or disparate impact, testimony or submissions on the final calculation of lost wages and benefits, prejudgment interest and related economic damages might be submitted to the Court after the jury has found for Plaintiffs on the question of disparate treatment and/or the Court has found for Plaintiffs on the question of disparate impact.

(6)     Pursuant to 28 U.S.C. § 636, the parties do not consent to this case being reassigned to a magistrate judge for trial.

(7)     This order will control the order of the trial and may not be amended, except by consent of the parties or by order of the court to prevent manifest

injustice, except that rulings concerning the admissibility of evidence are

conditional upon the evidence presented at trial and the district court's discretion.

(8)    Possibility of settlement of this case was considered by the parties.

Dated: May 8, 2014

_____
United States Magistrate Judge

By: s/Susan P. Malone
Attorneys for Plaintiffs

By: s/Timothy Swabb
Attorneys for Defendant

Susan P. Malone
smalonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638

Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910

David Borgen (Cal. Bar No. 099354)
dborgen@gdblegal.com
Michael Caesar (Cal. Bar No. 280548)
mcaesar@gdbhlegal.com
Goldstein Borgen Dardarian & Ho
300 Lakeside Drive, Suite 10000
Oakland, CA 94612
(510) 763-9800

Timothy Swabb (ARDC No. 6193885)
Timothy.Swabb@cityofchicago.org
Alison Alvarez (ARDC No. 6281295)
alison.alvarez@cityofchicago.org
Assistants Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602

Allan T. Slagel (ARDC No. 6198470)
aslagel@taftlaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@taftlaw.com
John F. Kennedy (ARDC No. 6196185)
jkennedy@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
Elizabeth E. Babbitt (ARDC No. 6296851)
ebabbitt@taftlaw.com

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN | ) ) ) | |
| | ) | Case No.: 08 C 4370 |
| *Plaintiffs,* | ) | |
| *v.* | ) ) | Judge Charles R. Norgle, Sr. |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

**JOINT STATEMENT UNCONTESTED FACTS**

1.      The provision of the Emergency Medical Services in Illinois is regulated by the Illinois Department of Public Health pursuant to the Illinois Emergency Medical Services Systems Act, which was enacted for the express purpose of establishing "a central authority responsible for the coordination and integration of all activities within the State concerning pre-hospital and inter-hospital emergency medical services, as well as non-emergency medical transports, and the overall planning, evaluation, and regulation of pre-hospital emergency medical service systems."

2.      Plaintiffs timely filed charges of sex discrimination against the City of Chicago with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

3.      On August 1, 2008, Plaintiffs timely filed a complaint of sex discrimination against the City of Chicago in this Court.

8

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN | ) ) ) | Case No.: 08 C 4370 |
| *Plaintiffs,* | ) | |
| *v.* | ) | Judge Charles R. Norgle, Sr. |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

**AGREED STATEMENT OF THE CASE**

Plaintiffs in this case are Stacy Ernst, Irene Res, Michelle Lahalih, Katherine Kean, and Dawn Hoard (collectively, "Plaintiffs"). Defendant is the City of Chicago (the "City"). Plaintiffs sought employment as paramedics with the Chicago Fire Department ("CFD"), and were required, as part of the hiring process, to take and pass a physical abilities test. Plaintiffs did not obtain passing scores, as defined by the CFD, and were denied employment as paramedics. Plaintiffs contend the City intentionally created or used a physical abilities test for the purpose of excluding or reducing the number of females who would be hired as paramedics by the Chicago Fire Department, in violation of Title VII of the Civil Rights Act of 1964, as amended. The City denies that it discriminated against females when it created and used the physical abilities test.

## EXHIBIT C

## PLAINTIFFS' PROPOSED TRIAL EXHIBIT LIST AND DEFENDANT'S OBJECTIONS[1]

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 1 | 2004 announcement of opening | ERN 262-3, Hoard Dep Ex. 1 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 2A | Plaintiffs' paramedic licenses and materials submitted for background and drug check | ERN 276-ERN 295 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 2B | Plaintiffs' paramedic licenses and materials submitted for background and drug check | ERN 296-319 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 2C | Plaintiffs' paramedic licenses and materials submitted for background and drug check | ERN 320-340 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |

---

[1] In addition to the objections listed herein, the City objects to any of Plaintiffs' trial exhibits that fall under the subject matter of the City's Motions In Limine. The City also reserves the right to object to any additional exhibits identified by Plaintiffs.

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 2D | Plaintiffs' paramedic licenses and materials submitted for background and drug check | ERN 341-364 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 2E | Plaintiffs' paramedic licenses and materials submitted for background and drug check | ERN 365-388 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 3A | July 2004 letter announcing August 2004 test | Hoard Dep Ex 3. | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 3B | | ERN 347 (Lahalih) | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 3C | | ERN 303 (Ernst) | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 3D | | ERN 329 (Kean) | | | Received into Evidence without Objection (Feb. 25, 2014 A.M. Tr. 53:18 – 53:23.) |
| 3E | | -ERN 374 (Res) | | | Received into Evidence without Objection (Feb. 25, 2014 A.M. Tr. 54:16.) |
| 4 | Brochure regarding test sent to plaintiffs | Hoard Dep. Ex. No. 5 Plaintiffs_ID _0000188-195 | | | Received into Evidence without Objection (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 5A | September 2004 letters re "failure" of test | ERN 364 (Lahalih) | | | Received into Evidence without Objection (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 5B | | ERN 319 (Ernst) | | | Received into Evidence without Objection (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 5C | | ERN 340 (Kean) | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 5D | | ERN 388 (Res) | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 6 | Notice to City (Hurovitz) regarding 2000 test results | ERN 1270 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 7 | HPS notice to City regarding 2001 test results | ERN 1191-1197 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 54:17 – 54:18.) |
| 8 | HPS email to City of 2004 test results – attachment to email not produced by City | ERN 4535 | . | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 57:2 – 57:6.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 9 | HPS summary to City regarding 2000 to 2007 test results | ERN 506-556 | . | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 57:2 – 57:6.) |
| 10 | HPS summary to City 2008 to 2009 test results | ERN 557-560 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 57:2 – 57:6.) |
| 11 | | | | | **Exhibit Withdrawn** (Feb. 25, 2014 A.M. Tr. 57:16 – 57:17.) |
| 11A | Chart provided by Swann/ Preston to Gebhardt summarizing number of paramedic hires 1996-1999 | ERN 11224 Plaintiffs_PTO_000099 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 57:18.) |
| 11B | | ERN 11806 ERN 11808 | | | **Received into Evidence in its Modified Form, with Exhibit 11B consisting of ERN 11806 and ERN 11808, without Objection** (Feb. 25, 2014 P.M. Tr. 63:10 – 64:18.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 12 | Backup documents for hiring summary provided Gebhardt from City attorneys | ERN 11809-11820 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 13 | Documents transmitted to Gebhardt from CFD regarding hiring process | Gebhardt 3/15/2012 deposition, exhibit 9 ERN010955-ERN010957 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 14A | Documents transmitted to Gebhardt from CFD regarding academy Curriculum, workload and assignments | Gebhardt 3/15/2012 deposition, Exhibit 6 ERN 2813-ERN 2863 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 14B | | Gebhardt 3/15/2012 deposition, Exhibit 7 ERN 4953-ERN 4975, Unnumbered page | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 14C | | Gebhardt 3/15/2012 deposition, Exhibit 8<br><br>ERN 2768-ERN 2812<br><br>Plaintiffs_PTO_000173-Plaintiffs_PTO_000217 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 15 | City document regarding acquisition of new ambulances and Stryker Cots 2004-2005 | Produced to defense upon discovery by plaintiffs December 2013.<br><br>Plaintiffs_PTO_000230-Plaintiffs_PTO_000246 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 16 | City document regarding changes in dispatch protocols June 2000. | Campion dep. ex. 24<br><br>Plaintiffs_PTO_000250-Plaintiffs_PTO_000269 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 16B | | Campion dep. ex. 25<br><br>Plaintiffs_PTO_000270-Plaintiffs_PTO_000272 | | | **Received into Evidence without Objection** (Feb. 25, 2014 A.M. Tr. 59:2 – 59:5.) |
| 17A | Tridata report on Chicago Fire Department, 1999, excerpts | Pl. Id pg 8-14 | | | **Exhibit withdrawn** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17B | 1999 City of Chicago Budget submissions by Department, Excerpts for Fire and OEMC | Pl. Id. 23-35 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17B is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified any other portion of the document it contends is necessary pursuant to FRE 106 and has therefore waived such objection. | **Defendant's having waived any authentication argument, Defendant's hearsay, Rule 106, and foundation objections are preliminarily sustained, subject to Judge Norgle's review as to foundation at trial if Plaintiffs satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:16 to 74:17.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17C | 2000 City of Chicago Budget submissions by Department, Excerpts for Fire and OEMC | Pl. id. 36-44 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17C is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified any other portion of the document it contends is necessary pursuant to FRE 106 and has therefore waived such objection. | **Defendant's having waived any authentication argument, Defendant's hearsay, Rule 106, and foundation objections are preliminarily sustained, subject to Judge Norgle's review as to foundation at trial if Plaintiffs satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 13:1 to 1316) (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17D | 2001 City of Chicago Budget Submissions by Department, Excerpts for Fire and OEMC | Pl. id 45-53 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17D is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified any other portion of the document it contends is necessary pursuant to FRE 106 and has therefore waived such objection. | **Defendant having waived any authentication argument, defendant FRE 106 objection is overruled. Defendant's hearsay and foundation objections are Sustained, though Plaintiffs may satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17E | 2002 City of Chicago Budget Submissions by Department, Excerpts for Fire and OEMC | Pl. Id. 54-64 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17E is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified pursuant to FRE 106 any additional pages it contends are necessary and therefore has waived such objection | **Defendant having waived any authentication argument, Defendant's hearsay, Rule 106 and foundation objections are preliminarily sustained, though Plaintiffs may satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17F | 2003 City of Chicago Budget Submissions by Department, Excerpts for Fire and OEMC | Pl. Id. 65-76 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17F is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified pursuant to FRE 106 any additional pages it contends are necessary and therefore has waived such objection | **Defendant having waived any authentication argument, Defendant's hearsay, Rule 106, and foundation objections are sustained, though Plaintiffs may satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17G | 2004 City of Chicago Budget Submissions by Department, Excerpts for Fire and OEMC | Pl. Id. 77-85 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17G is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified pursuant to FRE 106 any additional pages it contends are necessary and therefore has waived such objection | **Defendant having waived any authentication argument, Defendant's hearsay, Rule 106, and foundation objections are sustained, though Plaintiffs may satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 17H | 2005 City of Chicago Budget Submissions by Department, Excerpts for Fire and OEMC | Pl. Id. 16-22 | Defendant objects pursuant to FRE 106 that Plaintiffs' proposed trial exhibit 17H is missing pages and is incomplete. Defendant further objects this document is hearsay, there is no foundation for its introduction into evidence and Defendant has no record that it was produced in discovery. | Exhibits 17B through 17H are budget submissions by the Chicago Fire Department and OEMC contained in the annual submissions by the departments to the City Council and maintained at the Chicago Public Library Municipal Reference Section as an official depository of City records. Defendant has not identified pursuant to FRE 106 any additional pages it contends are necessary and therefore has waived such objection | **Defendant having waived any authentication argument, Defendant's hearsay, Rule 106, and foundation objections are sustained, though Plaintiffs may satisfy those concerns at trial.** (Feb. 25, 2014 P.M. Tr. 73:22 – 74:1.) |
| 18a | | ERN 1999-2000 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 74:18 – 74:22.) |
| 18B | | ERN 5192-93 6 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 74:24 – 74:25.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 19--- - | City documents regarding number of candidates needed for validation study and equipment | | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 75:1 – 75:4.) |
| 19A | | Gebhardt Ex. 10 ERN 4916- ERN 4917 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 75:1 – 75:4.) |
| 19B | | Gebhardt Ex. 11 ERN 2581- ERN 2592 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 75:1 – 75:4.) |
| 19C | | Gebhardt Ex. 12 ERN 2533- ERN 2542 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 75:1 – 75:4.) |
| 19D | | Gebhardt Ex. 13 ERN 3043- ERN 3057 | | | **Stricken as Duplicative of Plaintiffs' Ex. 62** (Feb. 25, 2014, P.M. Tr. 77:15 – 77:19.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 19E | | Gebharrt Ex. 14<br><br>ERN 4707 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 79:14 – 79:16.) |
| 19F | | | | | **Exhibit is Withdrawn.** (Feb. 25, 2014 P.M. Tr. 81:19 – 81:21.) |
| 20 | Swabb to Gebhardt Jacobs 7/19/2012 | ERN 11799-11805 | | | **Received into evidence without objection.** (Feb. 25, 2014 P.M. Tr. 84:15 – 84:18.) |
| 21 | Expert report of Dr. Michael Campion | Campion 6/5/12 Deposition Exhibit 1 | The expert report of Dr. Michael Campion is subject to a Daubert Motion. The objections set forth in the Daubert Motion are incorporated herein. | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 22 | Surrebuttal expert report of Dr. Michael Campion | Campion 4/30/13 Deposition Exhibit 1 | The rebuttal report of Dr. Michael Campion is subject to a <u>Daubert</u> Motion. The objections set forth in the <u>Daubert</u> Motion are incorporated herein. | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6.) |
| 23 | Rebuttal report of Dr. William McArdle | | The declaration of Dr. William McArdle is subject to a <u>Daubert</u> Motion. The objections set forth in the <u>Daubert</u> Motion are incorporated herein. | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6.) |
| 24 | HPS Proposal for test administration | ERN 1280-1283 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 87:7.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 25 | Illinois Power Test documents | Plaintiffs_ID _0000087- Plaintiffs_ID _0000094 | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 8.** (Feb. 24, 2014 1:00 p.m. Tr. 183:13 to 206:8; Feb. 25, 2014 P.M. 87:17 – 88:4.) |
| 26 | Documents concerning paramedic hiring in Pittsburgh | Plaintiffs_ID _0000096- Plaintiffs_ID _0000099 | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 8.** (Feb. 24, 2014 1:00 p.m. Tr. 183:13 to 206:8; Feb. 25, 2014 P.M. 87:17 – 88:4.) |
| 27 | Documents concerning paramedic hiring process – Philadelphia | Plaintiffs_ID _000101- Plaintiffs_ID _000110 | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 8.** (Feb. 24, 2014 1:00 p.m. Tr. 183:13 to 206:8; Feb. 25, 2014 P.M. 87:17 – 88:4.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 29 | Documents concerning paramedic hiring process – Boston | Plaintiffs_ID _000112-Plaintiffs_ID _000115 | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 8.** (Feb. 24, 2014 1:00 p.m. Tr. 183:13 to 206:8; Feb. 25, 2014 P.M. 87:17 – 88:4.) |
| 30 | Documents concerning paramedic hiring practices – St Louis | | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 8.** (Feb. 24, 2014 1:00 p.m. Tr. 183:13 to 206:8; Feb. 25, 2014 P.M. 87:17 – 88:4.) |
| 31 | CPAT orientation guide | | | | **Received into Evidence subject to the parties' filed stipulation dated Feb. 26, 2014, Dkt. No. 381.** (Feb. 25, 2014 P.M. Tr. 88:21 – 89:4.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 32 | Excel spreadsheet of results of firefighter HPS test | Produced as DCOHEN in Lewis litigation (Produced pursuant to subpoena without bates numbers) | | | **Defendant's Objection is sustained on the basis of relevance and because the unfair prejudice substantially outweighs the minimum probative significance. (Feb. 25, 2014 P.M. Tr. 109:20 – – 110:4.)** |
| 33 | Stacy Ernst earnings statements 2006 to present | Plaintiffs_ID _000118- Plaintiffs_ID _000125 | | | **Defendant's Objections are sustained and this evidence is not admissible before the jury. (Feb. 25, 2014 P.M. Tr. 112:21 - 113:15.)** |
| 34 | Irene Res earnings statements 2005 to present | Plaintiffs_ID _000127- Plaintiffs_ID _000136 | | | **Defendant's Objections are sustained and this evidence is not admissible before the jury. (Feb. 25, 2014 P.M. Tr. 112:21 - 113:15.)** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 39 | | VAS 1-182 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 113:16 -113:17.) |
| 40 | Damage summaries for plaintiffs | Produced as part of settlement discussions and thereafter updated | | | **Barred from evidence due to the granting of Defendant's Motion *in Limine* No. 7.** (Feb. 24, 2014 1:00 p.m. Tr. 166:4 – 182:12; Feb. 25, 2014 P.M. Tr. 113:19 – 114:16.) |
| 41 | Appendix A to Gebhardt 1999 validation study | | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 114:17.) |
| 42 | Excel spreadsheet of scores 2000 to 2009 | Produced as part of Campion report production as "2000-2005 excel spreadsheet scores.0320. xls" and "2008-2009 excel spreadsheet.r echeck.xls" | Defendant objects Plaintiffs' proposed trial exhibit 42 is inaccurate, incomplete and includes hearsay pursuant to FRE 402, 106 and 801. | | **Received into Evidence over Defendant's Objection** (Feb. 25, 2014 P.M. Tr. 114:25 – 114:17.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 43 | Score sheet for 2004 test administration | | | | **Exhibit Withdrawn** (Feb. 25, 2014 P.M. Tr. 117:6.) |
| 44 | Plaintiffs score sheets from 2004 test | ERN 561-565 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 117:7.) |
| 45 | Hiring history for 2004 applicants | ERN 3402-3408 | | | **Received into Evidence provided Plaintiffs redact the names of individuals where appropriate and necessary and subject to agreement on substitute identifiers.** (Feb. 25, 2014 P.M. Tr. 119:22-120:23.) |
| 46 | City list of test administrators | ERN 3971-2 | | | **Received into Evidence provided Plaintiffs redact the addresses of individuals.** (Feb. 25, 2014 P.M. Tr. 121:6.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 47 | 2006 to 2013 City of Chicago overtime reports | | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 121:8.) |
| 48 | Summary of average monthly overtime earnings of 2004 paramedic hires | | Defendant objects Plaintiffs' proposed trial exhibit 48 is hearsay and is an improper summary pursuant to FRE 1006 because it lacks proper supporting documents and calculations. | Ex 47 and 45 provide the supporting documents and foundation | **Deferring Ruling to Judge Norgle** (Feb. 25, 2014 P.M. Tr. 125:12 – 125:15.) |
| 49 | Summary of Run Data using revised Berry reports and Gebhardt assumptions | Produced as part of Campion surrebuttal materials to defendant | Defendant objects Plaintiffs' proposed trial exhibit 49 is hearsay and is an improper summary pursuant to FRE 1006 because it lacks proper supporting documents and calculations. | Exhibit 49 reports the source data and calculation and is based entirely upon material submitted by defendant or its test vendor | **Deferring Ruling to Judge Norgle** (Feb. 25, 2014 P.M. Tr. 127:18 – 128:13.) |
| 50A-C | Berry revised reports 02092013 1 to 3 | | | | **Received into Evidence without Objection (April 17, 2014 Hearing)** |
| 51 | Gebhardt August 17, 1999 proposal to Stensland | ERN 2013-2016 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 52 | Gebhardt to Howe June 18, 2001 | ERN 2727-2728 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |
| 53 | HPS Copy of scales | ERN 2923-2932 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |
| 54 | 2/26/1998 meeting notes | ERN 2893-2895 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |
| 55 | 8/4/2004 note re VHS tape | **ERN 4004** | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |
| 56 | Gebhardt to Howe | ERN 2745-2746 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 130:16 – 130:18.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 57 | Gebhardt to Noys | ERN 4014 | Defendant objects Plaintiffs' proposed trial exhibit 57 is not relevant pursuant to FRE 401 and 402. | | **Received into Evidence over Defendant's Objection** (Feb. 25, 2014 P.M. Tr. 130:24 – 134:3.) |
| 58 | Zaentz to Gebhardt | ERN 4029-34 | Defendant objects Plaintiffs' proposed trial exhibit 58 is not relevant pursuant to FRE 401 and 402. | | **Received into Evidence over Defendant's Objection** (Feb. 25, 2014 P.M. Tr. 134:5 – 135:20.) |
| 59 | Injury report re male participant in "validation study" | ERN4662-4667 | | | **Received into Evidence Provided Plaintiffs excise the first page with the handwritten note** (Feb. 25, 2014 P.M. Tr. 135:21 – 137:10.) |
| 60 | Reconstructed data from files produced as CHICVAL Excel format | | | | **Received into Evidence without objection** (Feb. 25, 2014 P.M. Tr. 137:12 – 139:4.) |
| 61 | Reconstructed data from records in excel format as EMSCOMB | | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 139:5 – 139:9.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 62 | Howe notes | Howe dep Ex. 4 ERN 3043-3057 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 77:15 – 77:19; 139:10.) |
| 63 | Demonstrative exhibit | City of Chicago PPT equipment | The objections set forth in Defendant's Motion in Limine No. 3 (Dkt. 350) are incorporated herein. | | **Received as a Demonstrative Aid, subject to Judge Norgle's determinations on how it may be used, over Defendant's objections** (Feb. 25, 2014 A.M. Tr. 2:4 – 4:15; Feb. 25, 2014 P.M. Tr. 139:12 – 139:25.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 64 | Demonstrative Exhibit | Stryker MX Pro Stretcher | Defendant objects Plaintiffs' proposed trial exhibit 63 is not relevant under FRE 401 and 402 because there is no evidence or testimony that Stryker MX Pro Stretchers were available City wide when the test was developed or administered to Plaintiffs in 2004. The evidence is substantially more prejudicial than probative under FRE 403, and will confuse the issues and district the jury. | | **Will Be Received as a Demonstrative Aid, provided Plaintiffs can demonstrate that it was in existence in 2004-2005, over Defendant's objections** (Feb. 25, 2014 P.M. Tr. 140:1 – 142:7.) |
| 65 | Demonstrative Exhibit | Chart of Plaintiff's Damages | | | **Will Be Excluded as a Demonstrative Aid to the Jury** as it relates to economic damages. (Feb. 25, 2014 P.M. Tr. 142:11 – 144:19.) |
| 66 | Dr. Michael Campion Curriculum Vitae | | . | | **Received as are all expert resumes unless Judge Norgle disagrees** Tr. Feb 25, 2014 PM P 147:23 to 148:14 |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 67 | Dr. William McArdle Curriculum Vitae | | . | | Received as are all expert resumes unless Judge Norgle disagrees Tr. Feb 25, 2014 PM P 147:23 to 148:14 |
| 68 | Rebuttal Exhibits | | The City reserves the right object to any rebuttal exhibit offered at trial | | |

**PLAINTIFF RESERVES THE RIGHT TO UTILIZE ANY OF THE EXHIBITS OR MATERIALS IDENTIFIED BY DEFENDANT AND TO DESIGNATE ADDITIONAL EXHIBITS IN REBUTTAL, FOR IMPEACHMENT AND TO REFRESH RECOLLECTION AS NECESSARY**

## DEFENDANT'S PROPOSED TRIAL EXHIBIT LIST

In order to avoid duplication, Defendant has not listed herein any exhibits listed by Plaintiffs as trial exhibits. Defendant reserves the right to use at trial any and all exhibits listed as trial exhibits by Plaintiffs in the Pretrial Order. Defendant has also objected to certain of Plaintiffs' trial exhibits, and reserves the right to use these trial exhibits to the extent that this Court overrules the Defendant's objections.

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 1 | Deborah Gebhardt Resume | ERN 18851-18859 | Objection. For the same reason expert reports and attachment including the CV are not admitted, the resume of the test vendor is not admissible. Revised resume makes claims previously undisclosed. Plaintiffs do not object to the use of the resume the vendor provided at the time the services were offered subject to limiting instruction | The updated resume is a supplement to the previously produced CV of Dr. Gebhardt. The trier of fact is entitled to know Dr. Gebhardt's work to date – and failing to provide current information could be misleading. There is no prejudice to Plaintiffs, and they can cross examine Dr. Gebhardt as to her qualifications. | **Received into Evidence over Plaintiffs' Objection for limited purposes provided Defendant redacts the information relating to Dr. Gebhardt's participation relating to increasing women in the U.S. military or claimed experience with TSA, though Defendant objects to this redaction.** (Feb. 25, 2014 P.M. Tr. 145:24 – 146:4.) Otherwise subject to the same restrictions as other expert resumes submitted as part of the expert reports. (February 26 |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | | | 2014 AM Tr. 77:7 to 77:9.) |
| 2 | Todd Baker Resume | ERN 4519-4529 | | The statement that Dr. Baker was not disclosed is untrue. *See* Response to Plaintiffs' Mot. to Bar, Dkt. No. 363 at 2-3. | **Barred and Will Not Be Received as an Exhibit as Dr. Baker is not an expert.** (Feb. 25, 2014 P.M. Tr. 148:24 – 153:4.) |
| 3 | Advanced Research Resources Organization, The Development and Validation of Physical Ability Tests for Jobs in the Electric Power Industry (April 1982) | ERN 10502-10789 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |
| 4 | Advanced Research Resources Organization, Development and Validation of a Selection Tests for Natural Gas Company (October 1983) | ERN 9822-9975 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |
| 5 | Advanced Research Resources Organization Validation of Physical Performance Test for Selection of | ERN 7198-7296 <br><br> 1/9/13 Geb. Dep. Ex. 4 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Paramedics for the City of Los Angeles (July 9, 1984) | | | | |
| 6 | Advanced Research Resources Organization, Development and Validation of Physical Performance Tests, Medical Guidelines and Fitness Programs for Firefighters and Police Officers (May 1985) | ERN 10193-10369 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |
| 7 | HPS Development and Validation of Physical Performance Tests for Yellow Freight Dock Workers, Mechanics, City, Combination and Haul Drivers (December 1992). | ERN 9976-10080<br><br>3/15/12 Geb. Dep. Ex. 2 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |
| 8 | Development HPS and Validation of Physical Performance Tests for Health and Hospitals Corporation Emergency Medical | ERN 7958-8208<br><br>3-16-12 Geb. Ex. 23 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 25, 2014 P.M. Tr. 154:12 – 157:19.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Technicians and Paramedics (May 1994) | | | | |
| 9 | 2/23/96 & 3/15/96 Meeting Notes re Development of Paramedic PAT Exam | ERN 4938-4940 | Objection – document only admissible as admission | The objection that the document is "only admissible as admission" is not a valid objection under the Federal Rules of Evidence. This appears to be hearsay objection. Defendant's trial exhibit 9 is a City business record, produced during discovery, that will be authenticated at trial. | **Plaintiffs' Objections are sustained and this evidence is not admissible** (Feb. 25, 2014 P.M. Tr. 159:20-161:2.) |
| 10 | 3/18/96 Letter from Dr. Gebhardt to Adrianne Bryant regarding project detail | ERN 4934-4937 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 161:3.) |
| 11 | Human Performance Systems, Inc.'s October 29, 1996 Proposal to the City of Chicago | ERN 4373-4420  3/15/12 Geb. | Objection – document contains multiple layers of hearsay and is not | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 162:9 – |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Department of Law, Labor Division For The Development Of A Physical Abilities Test For Selection Of City Of Chicago Paramedics | Dep. Ex. 1 | admissible for the same reason expert reports are not admissible. Plaintiffs do not dispute that a proposal was provided and therefore the evidence is not relevant and its prejudicial effect outweighs any probative value. | | 162:11.) |
| 12 | 3/21/97 Memo from Adrianne Bryant to John O'Brien regarding sole source justification for Human Performance Systems | ERN 11618 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 165:3 – 165:6.) |
| 13 | Purchasing Department documents for CFD Paramedic physical abilities test | ERN 4323-4386 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 165:7 – 165:18.) |
| 14 | Professional Service Agreement Between the Chicago Fire Department and Human Performance | ERN 4185-4283 | Objection -- irrelevant as it is undisputed that the City hired HPS. Document contains portions of the proposal | | **Received into Evidence over Plaintiffs' objections** (Feb. 25, 2014 P.M. Tr. 166:4 - 166:10.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Systems, Inc. for Development of PAT | | and claimed resume which documents are inadmissible for the reasons stated above. The exhibit further contains resumes and statements of alleged qualifications of Dr. Baker who is barred from being presented directly or indirectly as an expert witness pursuant to Rule 26. Defendants may not therefore utilize this document in any manner to argue that he is an expert. | | |
| 15 | Professional Services Agreement Between the Chicago Fire Department and Human Performance Systems, Inc. for Administration of PAT | ERN 389-494

5-27-10 Geb. Dep. Ex. 1 | Objection – irrelevant as it is undisputed that the City hired HPS and document contains multiple layers of hearsay claims regarding HPS. Document further contains multiple hearsay statements as to | | **Received into Evidence over Plaintiffs' objections.** (Feb. 25, 2014 P.M. Tr. 166:11 - 166:14.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | the alleged qualifications of HPS and Dr. Baker in test administration and is therefore improper and violates the provisions of Rule 26 regarding expert disclosures and reports. | | |
| 16 | 1/25/98 Tentative EMS/PAT Schedule | ERN 1216-1217 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 168:10.) |
| 17 | 2/2/98 Letter from Gebhardt to Stensland regarding February 25 to 27, 1998 initial development meetings | ERN 4927-4933  3-15-12 Geb. Dep. Ex. 5 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 168:12 - 168:14.) |
| 18 | 2/10/98 Letter from Joyce to Gebhardt enclosing documents relating to Chicago Fire Department's Emergency Medical Services System | ERN 2813-2863  3-15-12 Geb. Dep. Ex. 6 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 168:12 - 168:14.) |
| 19 | 2/10/98 Letter from Joyce to | ERN 4953- | | | **Received into Evidence** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Gebhardt enclosing documents relating to Chicago Fire Department's Emergency Medical Services System | 4975+<br><br>3-15-12 Geb. Dep. Ex. 7 | | | **without Objection (Feb. 25, 2014 P.M. Tr. 168:12 - 168:14.)** |
| 20 | 2/25/98 Agenda - PAT Initial Meeting | ERN 1214-1215 | | | **Received into Evidence without Objection (Feb. 25, 2014 P.M. Tr. 168:15 - 168:16.)** |
| 21 | 2/26/98-2/27/98 EMS Physical Performance Test Development Schedule for Initial Consultant Visit | ERN 1203 | | | **Received into Evidence without Objection Provided Defendant Redacts the Handwritten Notes (Feb. 25, 2014 P.M. Tr. 168:17 -169:14.)** |
| 22 | 3/17/98 Letter from Baker to Howe and 3/26/98 Letter from Howe to Gebhardt and Attached Task List with Comments | ERN 2635 - 2708 | | | **Received into Evidence without Objection (Feb. 25, 2014 P.M. Tr. 169:15 – 169:17.)** |
| 23 | 3/98 Memo from Stensland to Altman with Overtime Cost Breakdown | ERN 5006-5007 | Objection: Relevance. Defendant does not contend that | | **Received into Evidence over Plaintiffs' Objection (Feb. 25, 2014 P.M.** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Regarding validation Study | | the amount of money an employer pays for a test or procedure has any bearing on the issues in this case. Moreover, this is merely a projection of the costs if the defendant had complied with the vendors requested number of persons. The sole relevance of this document, were it relevant, would be if defendant contended, which it has not that it refused to provide the requested number of persons as a cost saving measure. | | Tr. 170:17 – 170:18.) |
| 24 | 4/10/98 Letter from Baker to Howe with Questionnaire Attached | ERN 1241-1269 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 170:19 – 170:20.) |
| 25 | 5/8/98 Letter from Howe to Gebhardt with ID of paramedics | ERN 2987-2995 | | | **Received into Evidence without Objection** (Feb. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | who completed task inventories | | | | 25, 2014 P.M. Tr. 170:25 – 171:1.) |
| 26 | 6/29/98 Schedule for consultant visit | ERN 4920-21 | | | **Received into Evidence without Objection (Feb. 25, 2014 P.M. Tr. 171:2 – 171:3.)** |
| 27 | 7/7/98 Letter from Baker to Howe regarding incumbent data collection | (Withdrawn) | | | **Exhibit Withdrawn as it is Duplicative of Plaintiffs' Exhibit 19b, which is received into evidence. (Feb. 25, 2014 P.M. Tr. 171:13 – 172:17.)** |
| 28 | Overtime Compensatory Reports for March 1998 PAT Development | ERN 5249-5256 | Objection relevance | | **Received into Evidence over Plaintiffs' Objection (Feb. 25, 2014 P.M. Tr. 172:18 – 173:4.)** |
| 29 | Overtime Compensatory Reports for May 1998 PAT Development | ERN 5008-5125 | Objection relevance | | **Received into Evidence over Plaintiffs' Objection (Feb. 25, 2014 P.M. Tr. 173:7 – 173:12.)** |
| 30 | Overtime Compensatory Reports for June 1998 PAT Development | ERN 5204-5221 | Objection relevance | | **Received into Evidence over Plaintiffs' Objection (Feb. 25, 2014 P.M. Tr. 173:7 –** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
|  |  |  |  |  | 173:12.) |
| 31 | 7/27/98 Memo from Stensland re Building Equipment | ERN 1905-1907 |  |  | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 173:13 – 173:17.) |
| 32 | 2/20/99 Letter from Gebhardt to Howe re Equipment Needed for PAT Pretest | ERN 1899-1900 |  |  | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 173:13 – 173:17.) |
| 33 | 3/11/99 Letter from Howe to Burns Re Space for PAT validation | ERN 2569-2570 |  |  | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 173:13 – 173:17.) |
| 34 | 4/1/99 Letter from Howe to Burns re Space for PAT | ERN 2571-2572 |  |  | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 173:13 – 173:17.) |
| 35 | 9/10/99 Chicago Paramedic Validation Study Results Meeting Agenda | ERN 1204-1206 |  |  | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 173:18 – 173:20.) |
| 36 | 12/15/1999 Letter from Gebhardt to Rocks regarding | ERN 3990 |  |  | **Received into Evidence without Objection** (Feb. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | cutoff score | | | | 25, 2014 P.M. Tr. 175:6 – 175:8.) |
| 37 | Development and Validation of a Physical Performance Test for Selection of City of Chicago Paramedics | ERN 5485-5485<br><br>3-15-12 Geb. Dep. Ex. 19 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible. | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:17 – 176:18.) |
| 37-A | Final Report, Appendix A: Ride-Along Incidents | ERN 5586-5596 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible. | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:17 – 176:18.) |
| 37-B | Final Report, Appendix B: Ergonomic Measurements | ERN 5597-5599 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible.. | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-C | Final Report, Appendix C: Final Task List | ERN 5600-5608 | Objection – documents contains multiple layers of hearsay, and is inadmissible for | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | the same reasons that expert reports are inadmissible. | | |
| 37-D | Final Report, Appendix D: Task Inventory Materials | ERN 5609-5637 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible. | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-E | Final Report, Appendix E: Unweighted Task Means for Frequency, Time Spent, Importance and Physical Effort | ERN 5638-5641 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible. | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-F | Final Report, Appendix F: Essential Task Values | ERN 5642-5646 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible. Objection | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-G | Final Report, Appendix G: List of Essential Tasks | ERN 5647-5653 | Objection – documents contains multiple layers of hearsay, and is | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | inadmissible for the same reasons that expert reports are inadmissible | | Tr. 176:19 – 178:2.) |
| 37-H | Final Report, Appendix H: Results of Supplemental Questions | ERN 5654-5659 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-I | Final Report, Appendix I: Unweighted Personality Attribute Means for Importance and Required At Entry | ERN 5660-5661 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-J | Final Report, Appendix J: List of Essential Personality Attributes | ERN 5662-5664 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-K | Final Report, Appendix K: Physical Demands Inventory | ERN 5665-5686 | Objection – documents contains multiple layers of hearsay, and is | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Material and Personality-Task Linkage Questionnaire | | inadmissible for the same reasons that expert reports are inadmissible | | Tr. 176:19 – 178:2.) |
| 37-L | Final Report, Appendix L: Physical Abilities Analysis Means and Standard Deviations | ERN 5687-5689 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible therein | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-M | Final Report, Appendix M: Personality Attribute – Task Linkage Means | ERN 5690-5694 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-N | Final Report, Appendix N: Work Sample Descriptions | ERN 5695-5707 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-O | Final Report, Appendix O: Supervisor/Peer Rating | ERN 5708-5718 | Objection – documents contains multiple layers of hearsay, | | **Received into Evidence over Plaintiffs' Objection** (Feb. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Instruction Form | | and is inadmissible for the same reasons that expert reports are inadmissible | | 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-P | Final Report, Appendix P: Participant Agreement and Medical Self-Report Forms | ERN 5719-5723 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-Q | Final Report, Appendix Q: Validation Testing Score Sheet | ERN 5724-5731 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-R | Final Report, Appendix R: Demographic Variables and Physical Performance Test and Work Sample Correlations | ERN 5732-5736 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-S | Final Report, Appendix S: Criterion Measures | ERN 5737-5742 | Objection – documents contains multiple layers of hearsay, | | **Received into Evidence over Plaintiffs' Objection** (Feb. |

54

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Intercorrelation Matrix | | and is inadmissible for the same reasons that expert reports are inadmissible | | 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-T | Final Report, Appendix T: Physical Performance Test and Individual Criterion Measures Correlations | ERN 5743-5744 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 37-U | Final Report, Appendix U: Comparison of Test Scores to Satisfactory and Unsatisfactory Job Performance | ERN 5745-5752 | Objection – documents contains multiple layers of hearsay, and is inadmissible for the same reasons that expert reports are inadmissible | | **Received into Evidence over Plaintiffs' Objection** (Feb. 25, 2014 P.M. Tr. 176:19 – 178:2.) |
| 38 | Summary of HPS Final Report | 1-9-13 Geb. Dep. Ex. 1 | | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6; 178:4 – 178:22.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| 39 | HPS Rebuttal Report to Campion Report and Deposition | 1/9/13 Geb. Dep. Ex. 7 | | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6; 178:4 – 178:22.) |
| 40 | Description of PAT | ERN 11077- 11080 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 178:23 – 179:6.) |
| 41 | PAT Test Manual | ERN 6880- 6914 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 178:23 – 179:6.) |
| 42 | City of Chicago Paramedic Physical Performance Test Overview | | | | **Exhibit Withdrawn as it is Duplicative of Plaintiffs' Exhibit 4, which is received into evidence.** (Feb. 25, 2014 P.M. Tr. 179:7 – 179:10.) |
| 43 | PAT Instructions for Candidates | ERN 5202- | | | **Received into Evidence** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | 5203 | | | **without Objection** (Feb. 25, 2014 P.M. Tr. 179:11 – 179:20.) |
| 44 | PAT Proctor Guide | ERN 1209-1202 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 179:11 – 179:20.) |
| 45 | Candidate Manual Instructions with 2000 Date | ERN 11041-11042 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 179:11 – 179:20.) |
| 46 | Video of paramedic PAT, converted to DVD in 2010 | ERN 6877 | | | **Received into Evidence without Objection provided Defendant Does Not Describe the Video as a 2000 video unless an appropriate foundation is provided at trial** (Feb. 25, 2014 P.M. Tr. 179:11 – 179:20.) |
| 47 | 3/3/00 List of Equipment for PAT | ERN 4884-4885 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | | | Tr. 179:21 – 179:23.) |
| 48 | Email from Todd Baker to Jay Silva re: standard deviations dated June 28, 2012 | ERN 11761 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 179:21 – 179:23.) |
| 49 | Administrators for 2004 PAT | ERN 3884 | Objection, lacks foundation or authentication | This document is relevant to the administration of the PAT, an issue raised in the Complaint. It was authenticated during Dr. Gebhardt's deposition. | **Plaintiffs' Objections are sustained, though Defendant may attempt to satisfy the evidentiary problems with this exhibit at trial .** (Feb. 25, 2014 P.M. Tr. 182:9 – 186:21.) |
| 50 | Revised Expert Report of Rick R. Jacobs, Ph.D. | 1-10-13 Jacobs Dep. Ex. 1 | | | **By the agreement of the parties, the expert reports may be received by Judge Norgle at his discretion, but not submitted to the jury.** (Feb. 25, 2014 P.M. Tr. 86:19 – 87:6; 186:22 – 187:3.) |
| 51 | Paramedic Training Schedule 2008 | Johnson Dep. Ex. 3 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | | | Tr. 187:4 – 187:5.) |
| 52 | Ambulance Assist Spreadsheet | Barry Dep. Ex. 1 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 187:4 – 187:5.) |
| 53 | Ambulance Assist Spreadsheet | Barry Dep. Ex. 3 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 187:4 – 187:5.) |
| 54 | Ambulance Assist Spreadsheet | Barry Dep. Ex. 6 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 187:4 – 187:5.) |
| 55 | 1997 CFD Bureau of Emergency Services – ambulance response data | ERN 2820 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 187:4 – 187:5.) |
| 56 | Chicago Fire Department General Order No. 91-012 | ERN 272-275 | | | **Received into Evidence without Objection** (Feb. 25, 2014 P.M. Tr. 187:4 – 187:5.) |
| 57 | City of Chicago Personnel Rules, revised May 13, | ERN 1-69 | | | **Received into Evidence without** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | 2003 | | | | **Objection** (Feb. 25, 2014 P.M. Tr. 187:6 – 187:7.) |
| 58 | Summary of Uniform Strength Reports 1996-2006 | ERN 18850 | Subject of motion to bar | Defendant's proposed trial exhibit 58 is necessary to rebut Plaintiffs' position in this case that Defendant adopted or implemented the PAT to reduce the number of female paramedics in its workforce. This document was not requested by Plaintiffs in discovery. Defendant seasonably produced this document to Plaintiffs. The supporting documents are Defendant's trial exhibit 60. | **Plaintiffs' Objections are sustained and this evidence is not admissible before the jury** (Feb. 26, 2014 A.M. Tr. 12:24 – 22:25.) |
| 59 | Uniform Strength Reports 1996-2006 | ERN 18495-18528 | Subject of motion to bar | Defendant's proposed trial exhibit 59 is | **Plaintiffs' Objections are sustained and** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | [foundation for Exhibit 59] | | | necessary to rebut Plaintiffs' position in this case that Defendant adopted or implemented the PAT to reduce the number of female paramedics in its workforce. Defendant seasonably produced this document to Plaintiffs when Defendant identified it as a potential trial exhibit. These documents are not responsive to Plaintiffs' document requests. | **this exhibit is barred and will not be received into evidence.** (Feb. 26, 2014 A.M. Tr. 12:24 – 22:25.) |
| 60 | Summary of Paramedic Physical performance test Scores from 2000 to 2009 | ERN 18860-18889 | Subject of motion to bar. This document purports to summarize the scores of the applicants on various elements of the test and is irrelevant. The | | **Received into Evidence over Plaintiffs' Objections, provided "No member of the trial team . . . may argue or hint or suggest that it is a statistical** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | test has a pass/fail of 935. The only relevant fact is that if one scores above 935 one is listed as passing and if one scores below 935 one is recorded as failing. There is no relevance to the scores apart from the total. Defendant is seeking to use this document to promote a frequency argument not previously raised and barred by Rule 26. Even assuming marginal relevance, under FRE 403, the prejudicial effect outweighs the any potential probative value. | | **distribution which starts [with] frequencies . . . None of that . . . can be utilized as a basis for testimony by any expert. It may not be used as a basis for . . . any witness on behalf of the City to impugn, contradict, impeach, or disagree with any conclusion that has been made by the plaintiffs' experts."** (Feb. 26, 2014 P.M. Tr. 94:21 – 96:9; 147:16 – 149:5.) |
| 61 | Paramedic Physical Performance Test Score Sheets - April 2000 [Foundation for | ERN 1409-1638 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 26, 2014 A.M. Tr. 60:7 – 61:12.) |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | Exhibit 60] | | | | |
| 62 | Paramedic Physical Performance Test Score Sheets - June 2001 [Foundation for Exhibit 60] | ERN 1639-1897 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 26, 2014 A.M. Tr. 60:7 – 61:12.) |
| 63 | Paramedic Physical Performance Test Score Sheets - August 2004 [Foundation for Exhibit 60] | ERN 561-565 ERN 3127-3379 ERN 3409-3617 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 26, 2014 A.M. Tr. 60:7 – 61:12.) |
| 64 | Paramedic Physical Performance Test Score Sheets - July 2005 [Foundation for Exhibit 60] | ERN 981-1183 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 26, 2014 A.M. Tr. 60:7 – 61:12.) |
| 65 | Paramedic Physical Performance Test Score Sheets - October 2008 [Foundation for Exhibit 60] | ERN 889-980 | | | **Barred and Will Not Be Received into Evidence.** (Feb. 26, 2014 A.M. Tr. 60:7 – 61:12.) |
| 66 | Paramedic Physical Performance Test Score Sheets - | ERN 835-888 | | | **Barred and Will Not Be Received into Evidence.** (Feb. |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | March 2009<br><br>[Foundation for Exhibit 60] | | | | 26, 2014 A.M. Tr. 60:7 – 61:12.) |
| 67 | February 25, 2000 letter to Leslee Stein-Spencer (at that time at IDPH) indicating that Ernst met the requirements for relicensure | | | | **Defendant withdraws this exhibit.** (Feb. 26, 2014 A.M. Tr. 60:14.) |
| 68 | September 15, 2003 letter to Leslee Stein-Spencer (at that time at IDPH) indicating that Katherine Kenar met the requirements for relicensure | | | | **Defendant withdraws this exhibit.** (Feb. 26, 2014 A.M. Tr. 60:14.) |
| 69 | Estimate of paramedic training costs for 2004 | ERN 11620 | | | **Received into Evidence without Objection** (Feb. 26, 2014 A.M. Tr. 61:25 – 62:3.) |
| 70 | Estimate of paramedic training costs for 2011 | ERN 11621 | | | **Received into Evidence without Objection** (Feb. 26, 2014 A.M. Tr. 61:25 – 62:3.) |
| 71 | CFD Stretcher Contract 2005 - | ERN 18667-18828 | Objection mischaracterizes | | **Received into Evidence over Plaintiffs'** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | 2008 | | document. Subject to motion to bar | | **Objection (Feb. 26, 2014 A.M. Tr. 69:3 – 69:7.)** |
| 72 | CFD Stretcher Contract 2008 - 2011 | ERN 11622-11740 | Objection mischaracterizes document. | | **Received into Evidence over Plaintiffs' Objection.** (Feb. 26, 2014 A.M. Tr. 70:20 – 70:23.) |
| 73 | Paramedic Candidate Performance Testing Summary Sheet | ERN 1184-1189 | | | **Received into Evidence without Objection.** (Feb. 26, 2014 A.M. Tr. 70:24 – 71:4.) |
| 74 | Score Sheets Completed by Rohnda Vandecoevering on August 10, 2004 | ERN 564, ERN 3127-3175, ERN 3177- 3189, ERN 3412, ERN 3414, ERN 3421-3475, ERN 3489, ERN 3494-3498 | Objection – mischaracterizes document. Subject in part of motion to bar | | **Received into Evidence over Plaintiffs' Objection.** (Feb. 26, 2014 A.M. Tr. 73:5 – 73:6.) |
| 75 | Score Sheets Completed by Rohnda Vandecoevering on August 11, 2004 | ERN 562, ERN 3190-3230, ERN 3232-3251, ERN 3410, ERN 3476-3488, ERN 3490-3493, ERN 3499 | Objection – mischaracterizes document. Subject in part of motion to bar | | **Received into Evidence over Plaintiffs' Objection.** (Feb. 26, 2014 A.M. Tr. 73:14 – 74:8.) |
| 76 | Score Sheets Completed by Rohnda Vandecoevering | ERN 563, ERN 565, ERN 3252-3296, ERN | Objection – mischaracterizes document. | | **Received into Evidence over Plaintiffs' Objection.** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | on August 12, 2004 | 3306-3308, ERN 3411, ERN 3413, ERN 3417-3420, ERN 3500-3509, ERN 3521-3523, ERN 3558-3578, ERN 3586-3592, ERN 3617 | Subject in part of motion to bar | | (Feb. 26, 2014 A.M. Tr. 73:14 – 74:8.) |
| 77 | Score Sheets Completed by Rohnda Vandecoevering on August 13, 2004 | ERN 3316-3324, ERN 3328-3348, ERN 3355-3379, ERN 3415-3416, ERN 3512-3514, ERN 3531-3539, ERN 3543-3557, ERN 3579-3585, ERN 3599-3608, ERN 3611, ERN 3614-3616 | Objection – mischaracterizes document.<br><br>Subject in part of motion to bar | | **Received into Evidence over Plaintiffs' Objection.** (Feb. 26, 2014 A.M. Tr. 73:14 – 74:8.) |
| 78 | Photographs of PAT Equipment | ERN 18829-18849 | | | **Received into Evidence without Objection** (Feb. 26, 2014 A.M. Tr. 74:9 – 74:21.) |
| 79 | List of Paramedic Separations Since January 1990 While in Academy | ERN 18664-18666 | | | **Received into Evidence without Objection** (Feb. 26, 2014 P.M. Tr. 94:7 – |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | | | 94:14.) |
| 80 | Deborah Gebhardt resume (2006) | ERN 4497 – 4518 | | | **Received into evidence, as are all expert resumes, unless Judge Norgle disagrees.** (Feb. 26, 2014 A.M. Tr. 77:7 – 77:9.) |
| 81 | Demonstrative exhibit: illustration demonstrating relationship between job activity and test elements | | | | **May be used solely as a demonstrative aid and may not go back to the jury.** (Feb. 26, 2014 A.M. Tr. 79:14 – 79:20.) |
| 82 | Demonstrative exhibit: chart depicting percentage of female paramedics before and after implementation of the test | | | See response to objections to City Exhibits 58 and 59 | **Plaintiffs' Objections are sustained and this evidence is not admissible before the jury.** (Feb. 26, 2014 A.M. Tr. 12:24 – 22:25.) |
| 83 | Demonstrative exhibit: validation timeline | | | | **May be used solely as a demonstrative aid and may not go back to the jury.** (Feb. 26, 2014 A.M. Tr. 80:2 – 80:11.) |
| 84 | Demonstrative exhibit: administration timeline | | | | **May be used solely as a demonstrative aid and may not go back to the jury; Defendant shall update the** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | | | | | referenced date of July 7 to "Early July." (Feb. 26, 2014 A.M. Tr. 85:5 – 85:9.) |
| 85 | Demonstrative exhibit: trauma timeline | (Withdrawn) | | (Withdrawn) | **Defendant withdraws this exhibit.** |
| 86 | Demonstrative exhibit: maps demonstrating HPS and Campion's physical abilities projects around the country | | | | **May be used solely as a demonstrative aid and may not go back to the jury. (Feb. 26, 2014 A.M. Tr. 86:10 – 86:11.)** |
| 87 | Demonstrative exhibit: illustration of regression analysis | (Withdrawn) | | | **Defendant withdraws this exhibit.** |
| 88 | Demonstrative exhibit: graphical representation of Plaintiffs' test scores | | | | **May be used solely as a demonstrative aid and may not go back to the jury; Defendant is to remove the "mean" and percentages of all graphs, and include the range of years. (Feb. 26, 2014 P.M. Tr. 94:21 – 96:9; 147:24 – 149:5.)** |
| 89 | Demonstrative exhibit: photographs of | (Withdrawn) | | | **Defendant withdraws this exhibit. (Feb.** |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
| | test equipment | | | | 26, 2014 P.M. Tr. 96:11 – 96:24.) |
| 90 | Demonstrative exhibit: steps taken to reduce adverse impact | | | | **May be used solely as a demonstrative aid and may not go back to the jury. (Feb. 26, 2014 P.M. Tr. 97:6 - – 97:7.)** |
| 91 | Summary of test scores | | | | **Defendant withdraws this exhibit. (Feb. 26, 2014 A.M. Tr. 87:7 – 87:8.)** |
| 92 | Any of Plaintiffs' exhibits that are admitted | | | | **See rulings as to Plaintiffs' Exhibits** |
| 93 | Rebuttal Exhibits | | Plaintiffs reserve the right to object to any "rebuttal exhibits" if and when these are identified | | |
| 94 | Salary Schedule for Uniformed Fire Department Positions | ERN013560 | | | **Received into Evidence without Objection** (Feb. 26, 2014 P.M. Tr. 99:17 – 99:22.) |
| 95 | BLS Ambulance Conversion Estimated Cost Savings | ERN013561 | | | **Deferring Ruling to Judge Norgle** (Feb. 27, 2014 A.M. Tr. 69:14 – 69:21.) |
| 96 | Tridata report on Chicago Fire | ERN 18966- | | | Defendant Withdraws this |

| Trial Ex. # | Description | Bates Range/ Dep. Ex. # | Objection | Responses to Objections | Pretrial Ruling of Mag. Judge Cole |
|---|---|---|---|---|---|
|  | Department 1999 excerpts | 71 |  |  | exhibit. |

**EXHIBIT D**

**PLAINTIFFS' WITNESS LIST**

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| Stacy Ernst | | Subject to a motion in limine. The objections set forth in the motion are incorporated herein. | Per ruling on the City's Motion in Limine No. 2, Ms. Ernst may testify, except she may not testify to conversations she had with others regarding the job of CFD paramedic. |
| Irene Res | | Subject to a motion in limine. The objections set forth in the motion are incorporated herein. | Per ruling on the City's Motion in Limine No. 2, Ms. Res may testify, except she may not testify to conversations she had with others regarding the job of CFD paramedic. |
| Katherine Kean | | Subject to a motion in limine. The objections set forth in the motion are incorporated herein. | Per ruling on the City's Motion in Limine No. 2, Ms. Kean may testify, except she may not testify to conversations she had with others regarding the job of CFD paramedic. |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| Dawn Hoard | | Subject to a motion in limine. The objections set forth in the motion are incorporated herein. | Per ruling on the City's Motion in Limine No. 2, Ms. Hoard may testify, except she may not testify to conversations she had with others regarding the job of CFD paramedic. |
| Michelle Lahalih | | Subject to a motion in limine. The objections set forth in the motion are incorporated herein. | Per ruling on the City's Motion in Limine No. 2, Ms. Lahalih may testify, except she may not testify to conversations she had with others regarding the job of CFD paramedic. |
| Alicia Brown | | | Witness may testify without objection |
| John Leen | | | Witness may testify without objection |
| Peter O'Sullivan | | | Witness may testify without objection |
| Dr. Michael Campion | | Subject to a motion pursuant to *Daubert*. The objections set forth in the motion are incorporated herein. | Witness may testify over the City's *Daubert* objection |
| Dr. William McArdle | | Subject to a motion pursuant to *Daubert*. The objections set forth in the motion are incorporated herein. | Witness may testify over the City's *Daubert* objection |
| Chief Patrick Howe (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| Charles Stewart III (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Adrienne Bryant (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Sheldon Hurovitz (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Mark Kiely (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Darryl Johnson (adverse) | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Patricia Ciara (adverse) | 8814 S. Hamilton Chicago, IL 60620 | | Witness may testify without objection |
| Deborah Gebhardt (adverse) | | | Witness may testify without objection |
| Dennis Berry (adverse) | | | Witness may testify without objection |
| Records Custodian Municipal Reference Collection, Chicago Public Library | | Defendant objects to the untimely disclosure | Withdrawn |
| Rebuttal witnesses | | | Deferred to Judge Norgle |

**EXHIBIT D**

## DEFENDANT'S WITNESS LIST

1.    **Will Call**

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| Charles Stewart III District Chief, Personnel Division Chicago Fire Department | May be contacted through counsel for Defendant | | Witness may testify without objection |
| Adrianne Bryant Deputy Commissioner, Personnel Division Chicago Fire Department | May be contacted through counsel for Defendant | Ms. Bryant was only tangentially identified as a member of the oversight committee and was not named as a person whom defendant intended to call until January 31, 2014. To the extent the subject of her testimony are limited to the subjects raised in her deposition, plaintiff does not object as stated in the plaintiffs | Witness may testify over plaintiff's objection |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| | | motion to bar | |
| Dr. Deborah L. Gebhardt, Ph.D. Human Performance Systems | May be contacted through counsel for Defendant | | Witness may testify, but may not offer opinions as to the credibility of Plaintiffs' testimony regarding the administration of the PAT to Plaintiffs in 2004. |
| Dr. Todd Baker, Ph. D. Human Performance Systems | May be contacted through counsel for Defendant | Subject to motion to bar to be amended based upon additional defense disclosures | Dr. Baker may not provide direct or indirect expert testimony as delineated in order on motions in limine and motion to bar. (Feb. 25, 2014 A.M. Tr. 36:4 – 36:25.) *See* order on motions in limine |
| Dr. Rick Jacobs | May be contacted through counsel for Defendant | | Witness may testify, but may not offer opinions as to the credibility of Plaintiffs' testimony regarding the administration of the PAT to Plaintiffs in 2004. |
| Dennis Berry | May be contacted through counsel for Defendant | To the extent Mr. Berry's testimony is limited to the subject on which he was disclosed and deposed, i.e. the run report data, plaintiffs have no objection. To the extent defendant is seeking to call this witness for any other | Witness may testify over Plaintiffs' objection |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| | | purpose, plaintiffs object based upon the failure to comply with Rule 26(a) | |
| Leslee Stein-Spencer, R.N. Manager of Quality Assurance Chicago Fire Department | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Witness may testify over Plaintiffs' objection. (Feb. 25, 2014 A.M. Tr. 19:11 – 19:21.) |
| Renee Mayden (formerly Gardner) Finance Officer Finance and Fiscal Management Chicago Fire Department | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Denied as to barring Renee Mayden (formerly Gardner). This witness may testify concerning the post-hire costs of training paramedics in the CFD Fire Academy. In that testimony, this witness may not testify that pre-hire training costs for paramedic applicants would be the same, less or more than the costs of post-hire paramedic training in the Fire Academy; may not present the cost of a pre-hire training program for paramedic applicants; and may not testify about how the City might establish a training program. |

2. **May Call**

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| Steve Swanson Director of Finance Chicago Fire Department | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Denied as to barring Steve Swanson. This witness may testify concerning the post-hire costs of training paramedics in the CFD Fire Academy. In that testimony, this witness may not testify that pre-hire training costs for paramedic applicants would be the same, less or more than the costs of post-hire paramedic training in the Fire Academy; may not present the cost of a pre-hire training program for paramedic applicants; and may not testify about how the City might establish a training program. |
| Mark Kiely Paramedic In Charge EMS North Relief Chicago Fire Department | May be contacted through counsel for Defendant | Mr. Kiely was identified only as someone whom Dr. Jacobs claims to have had a short discussion. To the extent his testimony is limited to the subject of that discussion and the matters discussed at his deposition, plaintiff does not object See plaintiffs | Witness may testify over Plaintiffs' objection. (Feb. 25, 2014 A.M. Tr. 20:6 – 25:17.) |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---|---|---|---|
| | | motion to bar | |
| Darryl Johnson Firefighter/EMT Training Division Chicago Fire Department | May be contacted through counsel for Defendant | Mr. Johnson was disclosed and deposed as a person with whom Dr. Jacobs had a conversation. To the extent his testimony is limited to the matters addressed at his deposition, plaintiff have no objection but would object if defendant is seeking to call him for any other purpose | Witness may testify over Plaintiffs' objection. |
| Patrick Howe | May be contacted through counsel for Defendant | | Witness may testify without objection. |
| Sheldon Hurovitz | May be contacted through counsel for Defendant | | Witness may testify without objection. |
| Derrick | May be | | Witness may testify without objection. |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---------|-------------------|------------|------------------------------------------|
| Jackson | contacted through counsel for Defendant | | |
| Pat Graham | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Witness may testify over Plaintiffs' objection. (Feb. 25, 2014 A.M. Tr. 13:2 – 13:4.) |
| Rhonda Vandecoevering | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Witness may testify over Plaintiffs' objection. (Feb. 25, 2014 A.M. Tr. 13:2 – 13:4.) |
| ~~Mark Hong~~ | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Withdrawn |
| Cortney Phillips Firefighter/EMT Chicago Fire Department | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Witness may not testify. (Feb. 25, 2014 A.M. Tr. 9:6 – 10:20.) |
| ~~Catherine Skelly Firefighter/EMT Chicago Fire Department~~ | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Withdrawn |
| ~~Jennifer Buckner Firefighter/EMT Chicago Fire Department~~ | May be contacted through counsel for Defendant | Subject to motion/late disclosure. | Withdrawn |
| Defendant reserves the right to call any witness identified by Plaintiffs | | | Deferred to Judge Norgle |
| Rebuttal | | | Deferred to Judge Norgle |

| Witness | Contact Information | Objections | Magistrate Judge Cole's Pretrial Rulings |
|---------|--------------------|-----------|-----------------------------------------|
| Witnesses | | | |

## EXHIBIT E

## STATEMENTS OF EXPERT QUALIFICATIONS

Pursuant to Magistrate Judge Cole's rulings at the pretrial conference, these statements have been removed from the Pretrial Order as they are unnecessary. (Feb. 26, 2014 P.M. Tr. 150:23 – 153:25.)

## EXHIBIT F

### DEFENDANT'S DEPOSITION DESIGNATIONS

### PATRICIA A. CIARA, JUNE 17, 2010 DEPOSITION DESIGNATIONS

**These is no showing by defendant that Chief Ciara is unavailable to testify and therefore no basis for the admission of any portion of her deposition testimony. Moreover Defendant has never disclosed Chief Ciara as a person with knowledge of its claims or defenses during fact discovery nor has defendant listed Chief Ciara as one of its witnesses**

| Page: Line | Designation | Objection | Basis for Admissibility |
|---|---|---|---|
| 5:17-6:8 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 6:24-8:1 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 14:4 – 16:5 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 35:5-37:22 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 81:24-82:12 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 83:4-84:1 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 86:14-87:6 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will |

82

## PATRICIA A. CIARA, JUNE 17, 2010 DEPOSITION DESIGNATIONS

**These is no showing by defendant that Chief Ciara is unavailable to testify and therefore no basis for the admission of any portion of her deposition testimony. Moreover Defendant has never disclosed Chief Ciara as a person with knowledge of its claims or defenses during fact discovery nor has defendant listed Chief Ciara as one of its witnesses**

| Page: Line | Designation | Objection | Basis for Admissibility |
|---|---|---|---|
| | | | withdraw its designation. |
| 88:3-90:7 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 97:6-98:11 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |
| 107:14-109:1 | Defendant's designation | Hearsay (above) | The witness is currently unavailable for trial. If the witness becomes available for trial, Defendant will withdraw its designation. |

In the event Plaintiffs' objection is overruled and Chief Ciara is in fact unavailable for trial, Plaintiffs reserves the right to utilize the referenced designations as well as the following

Depp g 29, line 1 to pg 35, line 24

Page 38, line 1 to pg 39, line 9

Page 56, line 1 to pg 59, line 24

Page 70, line 1 to pg 72, line 11

Page 91, line 1 to pg 92, line 24

Pg 103, line 1 to Pg 104, line 24

EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STACY ERNST, DAWN HOARD, IRENE )
RES-PULLANO, MICHELLE LAHALIH, )
and KATHERINE KEAN )

                                 )    Case No.: 08 C 4370

                         *Plaintiffs,*

            *v.*                                   Judge Charles R. Norgle, Sr.

CITY OF CHICAGO,                         Magistrate Judge Jeffrey Cole

                *Defendant.*

**PLAINTIFFS PRETRIAL MEMORANDUM IN EMPLOYMENT CASES AND**

**ITEMIZED STATEMENT OF DAMAGES**

Plaintiffs brief Statement of claim

      Plaintiffs are all licensed working paramedics. In 2004, they were found to meet the City

requirements for eligibility for hire as CFD paramedics. The CFD required them to take a

"physical performance" test in order to continue for hire. Plaintiffs did not achieve the score et

by CFD as passing and were therefore removed from hiring. Plaintiffs seek relief under  Title VII

of the Civil Rights Act of 1964, banning  discrimination on the basis of gender in hiring

decisions. The City has claimed no reason for not hiring plaintiffs other than this test which the

plaintiffs contend was invalid and discriminated against female paramedics. Plaintiffs would

have been hired in January

### Part A. Plaintiffs Summary of Damages

| Ernst, Stacy | A | B | C | D | E |
|---|---|---|---|---|---|
| Year | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Difference (A-B) | Interest | Total (C+D) |
| 2005 | No loss claimed | | | | |
| 2006 | $81,331.92 | $64,816.75 | $16,515.17 | $6,956.99 | $23,472.16 |
| 2007 | $89,728.56 | $68,120.99 | $21,607.57 | $6,702.81 | $28,310.38 |
| 2008 | $97,834.80 | $64,449.68 | $33,385.12 | $7,590.97 | $40,976.09 |
| 2009 | $109,564.08 | $80,637.34 | $28,926.74 | $5,193.68 | $34,120.43 |
| 2010 | $113,427.60 | $79,470.14 | $33,957.46 | $4,866.34 | $38,823.79 |
| 2011 | $118,113.12 | $84,800.01 | $33,313.11 | $3,557.69 | $36,870.80 |
| 2012 | $121,721.64 | $88,713.14 | $33,008.50 | $2,358.45 | $35,366.95 |
| 2013 | $122,565.73 | $93,530.42 | $29,035.30 | $1,072.70 | $30,108.00 |
| 2014 to July | $74,069.44 | $54,559.41 | $19,510.03 | $212.51 | $19,722.54 |
| Totals | $928,356.89 | $679,097.89 | $249,259.00 | $38,512.14 | $287,771.14 |
| Ongoing Monthly | $10,581.35 | $7,794.20 | $2,787.15 | | $2,787.15 |

| Hoard, Dawn | A | B | C | D | E |
|---|---|---|---|---|---|
| Year | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Difference (A-B) | Interest | Total (C+D) |
| 2005 | $55,762.20 | $33,742.49 | $22,019.71 | $11,653.51 | $33,673.23 |
| 2006 | $81,331.92 | $47,638.97 | $33,692.95 | $14,251.21 | $47,944.17 |
| 2007 | $89,728.56 | $50,033.72 | $39,694.84 | $12,367.16 | $52,062.00 |
| 2008 | $97,834.80 | $47,878.12 | $49,956.68 | $11,375.61 | $61,332.30 |
| 2009 | $109,564.08 | $50,788.61 | $58,775.47 | $10,596.99 | $69,372.46 |
| 2010 | $113,427.60 | $49,655.42 | $63,772.18 | $9,138.99 | $72,911.17 |
| 2011 | $118,113.12 | $47,494.04 | $70,619.08 | $7,541.79 | $78,160.87 |
| 2012 | $121,721.64 | $49,198.66 | $72,522.98 | $5,181.76 | $77,704.74 |
| 2013 | $122,565.73 | $51,537.56 | $71,028.16 | $2,636.22 | $73,664.38 |
| 2014 to July | $74,069.44 | $30,063.58 | $44,005.86 | $479.32 | $44,485.19 |
| Total | $984,119.09 | $458,031.17 | $526,087.92 | $85,222.57 | $611,310.50 |
| Ongoing Monthly | $10,581.35 | $4,294.80 | $6,286.55 | | $6,286.55 |

| Kean, Kathy | A | B | C | D | E |
|---|---|---|---|---|---|
| Year | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Difference (A-B) | Interest | Total (C+D) |
| 2005 | No loss claimed | | | | |
| 2006 | $81,331.92 | $52,310.70 | $29,021.22 | $12,267.45 | $41,288.67 |
| 2007 | $89,728.56 | $70,774.24 | $18,954.32 | $5,871.89 | $24,826.22 |
| 2008 | $97,834.80 | $68,688.67 | $29,146.13 | $6,623.11 | $35,769.24 |
| 2009 | $109,564.08 | $62,288.15 | $47,275.93 | $8,515.31 | $55,791.24 |
| 2010 | $113,427.60 | $72,593.35 | $40,834.25 | $5,851.83 | $46,686.08 |
| 2011 | $118,113.12 | $82,414.18 | $35,698.94 | $3,812.48 | $39,511.43 |
| 2012 | $121,721.64 | $77,067.74 | $44,653.90 | $3,190.51 | $47,844.41 |
| 2013 | $122,565.73 | $107,587.12 | $14,978.61 | $549.32 | $15,527.93 |
| 2014 to July | $74,069.44 | $62,759.15 | $11,310.29 | $123.19 | $11,433.49 |
| Total | $928,356.89 | $656,483.30 | $271,873.60 | $46,805.10 | $318,678.70 |
| Ongoing Monthly | $10,581.35 | $8,965.59 | $1,615.76 | | $1,615.76 |

| Lahalih, Michelle | A | B | C | D | E |
|---|---|---|---|---|---|
| Year | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Difference (A-B) | Interest | Total (C+D) |
| 2005 | $55,762.20 | $43,756.75 | $12,005.45 | $6,347.73 | $18,353.18 |
| 2006 | $81,331.92 | $42,032.95 | $39,298.97 | $16,631.70 | $55,930.67 |
| 2007 | $89,728.56 | $35,046.65 | $54,681.91 | $17,060.64 | $71,742.55 |
| 2008 | $97,834.80 | $26,724.98 | $71,109.82 | $16,206.60 | $87,316.41 |
| 2009 | $109,564.08 | $71,700.25 | $37,863.83 | $6,811.50 | $44,675.33 |
| 2010 | $113,427.60 | $80,730.00 | $32,697.60 | $4,685.79 | $37,383.39 |
| 2011 | $118,113.12 | $75,582.00 | $42,531.12 | $4,542.13 | $47,073.25 |
| 2012 | $121,721.64 | $86,517.60 | $35,204.04 | $2,515.32 | $37,719.36 |
| 2013 | $122,565.73 | $86,517.60 | $36,048.13 | $1,333.81 | $37,381.93 |
| 2014 to July | $74,069.44 | $50,468.60 | $23,600.84 | $257.07 | $23,857.91 |
| Total | $984,119.09 | $599,077.39 | $385,041.70 | $76,392.28 | $461,433.99 |
| Ongoing Monthly | $10,581.35 | $7,209.80 | $3,371.55 | | $3,371.55 |

| Res, Irene | A | B | C | D | E |
|---|---|---|---|---|---|
| Year | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Difference (A-B) | Interest | Total (C+D) |
| 2005 | No loss claimed | | | | |
| 2006 | $81,331.92 | $58,213.90 | $23,118.02 | $9,760.77 | $32,878.80 |
| 2007 | $89,728.56 | $32,029.76 | $57,698.80 | $18,005.43 | $75,704.22 |
| 2008 | $97,834.80 | $32,198.87 | $65,635.93 | $14,956.46 | $80,592.39 |
| 2009 | $109,564.08 | $51,416.35 | $58,147.73 | $10,483.35 | $68,631.08 |
| 2010 | $113,427.60 | $62,923.54 | $50,504.06 | $7,237.58 | $57,741.65 |
| 2011 | $118,113.12 | $64,599.60 | $53,513.52 | $5,715.00 | $59,228.52 |
| 2012 | $121,721.64 | $66,654.74 | $55,066.90 | $3,934.52 | $59,001.42 |
| 2013 | $122,565.73 | $65,180.86 | $57,384.87 | $2,128.24 | $59,513.11 |
| 2014 to July | $74,069.44 | $38,022.17 | $36,047.28 | $392.63 | $36,439.91 |
| Total | $928,356.89 | $471,239.78 | $457,117.11 | $72,613.99 | $529,731.10 |
| Ongoing Monthly | $10,581.35 | $5,431.74 | $5,149.61 | $0.00 | $5,149.61 |

| Grand Total | $4,753,308.86 | $2,863,929.53 | $1,889,379.33 | $319,546.09 | $2,208,925.42 |
|---|---|---|---|---|---|

.    Attorneys Fees and Costs

A) Attorneys Fees (To Date)    $2,395,185

B) Costs to date    $   295,128.55

1. Additional Damages Claims

   a) Pain, suffering, emotional injury: Plaintiffs seek emotional distress damages as determined by the jury up to the maximum of $300,000 as permitted by law.

   b) Punitive damages are not claimed.

   c) Prejudgment interest. Prejudgment interest as provided by law, calculated based upon the applicable prime rate are claimed. The amount of prejudgment interest at the prime rate is determined by the court. Plaintiffs have calculated prejudgment interest in a conservative manner by the average prime rate for the lost wages as delineated in the calculations referenced above

   d) Continuing lost wages. Plaintiffs lost wages continue to accrue as does prejudgment interest. Moreover, given that the City has not updated its agreement with the relevant union since 2012, when that agreement is finalized, damage calculations for the period from 2012 to the present will need to be updated as well as the related interest calculation.

**EXHIBIT G**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN | ) ) ) | |
| | ) | Case No.: 08 C 4370 |
| *Plaintiffs,* | ) | |
| *v.* | ) ) | Judge Charles R. Norgle, Sr. |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

**DEFENDANT'S PRETRIAL MEMORANDUM IN EMPLOYMENT CASES AND
ITEMIZED STATEMENT OF DAMAGES**

<u>Attorneys for Defendant</u>
Allan T. Slagel (ARDC No. 6198470)
aslagel@taftlaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@taftlaw.com
John F. Kennedy (ARDC No. 6196185)
jkennedy@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

Timothy Swabb (ARDC No. 6193885)
Timothy.Swabb@cityofchicago.org
Alison Alvarez (ARDC No. 6281295)
alison.alvarez@cityofchicago.org
Assistants Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602

<u>Defendant's brief summary of defenses and statement of employment action:</u>

Plaintiffs are suing under Title VII of the Civil Rights Act of 1964, which prohibits discrimination on the basis of gender in hiring decisions. Plaintiffs were found ineligible for employment as paramedics with CFD when they took and failed a physical abilities test ("PAT"). The City denies any discrimination and contends the PAT was scientifically validated

in accordance with the EEOC Uniform Guidelines, and necessary to determine who could handle the physical demands associated with the paramedic position. The City contends that the use of the PAT was not a form of unlawful discrimination.

**Part B.        Defendant's Summary of Damages, Assuming Liability**

2.        Economic Damages

| HOARD YEAR | A Amounts Lost Due to Discrimination | B Amounts Earned in Substitute Employment | C Additional Amounts Could Have Earned | D Other Amounts Received | E Difference (A-(B+C+D)) |
|---|---|---|---|---|---|
| 2005 | $25,199.00 | $19,481.54 | - | - | $5,717.46 |
| 2006 | $59,347.00 | $38,171.44 | - | - | $21,175.56 |
| 2007 | $65,219.50 | $40,627.99 | - | - | $24,591.51 |
| 2008 | $70,645.50 | $35,724.46 | - | - | $34,921.04 |
| 2009 | $76,659.50 | $37,887.87 | - | - | $38,771.63 |
| 2010 | $82,030.00 | $38,077.65 | - | - | $43,952.35 |
| 2011 | $83,714.00 | $35,428.89 | - | - | $48,285.11 |
| 2012 | $84,992.00 | $37,475.90 | - | - | $47,516.10 |
| 2013 | $84,992.00 | $37,475.90 | - | - | $47,516.10 |
|  |  |  |  |  | $312,446.86 |

| RES-PULLANO | A | B | C | D | E |
|---|---|---|---|---|---|
| YEAR | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Additional Amounts Could Have Earned | Other Amounts Received | Difference (A-(B+C+D)) |
| 2005 | $25,199.00 | $27,958.00 | - | - | ($2,759.00) |
| 2006 | $59,347.00 | $47,928.00 | - | - | $11,419.00 |
| 2007 | $65,219.50 | $24,768.00 | - | - | $40,451.50 |
| 2008 | $70,645.50 | $40,321.04 | - | - | $30,324.46 |
| 2009 | $76,659.50 | $47,654.45 | - | - | $29,005.05 |
| 2010 | $82,030.00 | $48,402.67 | - | - | $33,627.33 |
| 2011 | $83,714.00 | $49,692.00 | - | - | $34,022.00 |
| 2012 | $84,992.00 | $51,272.84 | - | - | $33,719.16 |
| 2013 | $84,992.00 | $51,272.84 | - | - | $33,719.16 |
| | | | | | $243,528.66 |

| KEAN | A | B | C | D | E |
|---|---|---|---|---|---|
| YEAR | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Additional Amounts Could Have Earned | Other Amounts Received | Difference (A-(B+C+D)) |
| 2005 | $25,199.00 | $29,617.00 | - | - | ($4,418.00) |
| 2006 | $59,347.00 | $40,239.00 | - | - | $19,108.00 |
| 2007 | $65,219.50 | $54,441.72 | - | - | $10,777.78 |
| 2008 | $70,645.50 | $52,853.00 | - | - | $17,792.50 |
| 2009 | $76,659.50 | $47,913.96 | - | - | $28,745.54 |
| 2010 | $82,030.00 | $55,841.04 | - | - | $26,188.96 |
| 2011 | $83,714.00 | $63,395.52 | - | - | $20,318.48 |
| 2012 | $84,992.00 | $59,282.87 | - | - | $25,709.13 |

93

| 2013 | $84,992.00 | $59,282.87 | - | - | $25,709.13 |
|------|-----------|-----------|---|---|-----------|
|      |           |           |   |   | **$169,931.52** |

| LAHALI H | A | B | C | D | E |
|----------|---|---|---|---|---|
| YEAR | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Additional Amounts Could Have Earned | Other Amounts Received | Difference (A-(B+C+D)) |
| 2005 | $25,199.00 | $19,634.42 | - | - | $5,564.58 |
| 2006 | $59,347.00 | $32,309.00 | - | - | $27,038.00 |
| 2007 | $65,219.50 | $26,959.00 | - | - | $38,260.50 |
| 2008 | $70,645.50 | $20,557.68 | - | - | $50,087.82 |
| 2009 | $76,659.50 | $55,154.00 | - | - | $21,505.50 |
| 2010 | $82,030.00 | $62,100.90 | - | - | $19,929.10 |
| 2011 | $83,714.00 | $58,134.72 | - | - | $25,579.28 |
| 2012 | $84,992.00 | $66,559.27 | - | - | $18,432.73 |
| 2013 | $84,992.00 | $66,559.27 | - | - | $18,432.73 |
|      |           |           |   |   | **$224,830.24** |

| ERNST | A | B | C | D | E |
|---|---|---|---|---|---|
| YEAR | Amounts Lost Due to Discrimination | Amounts Earned in Substitute Employment | Additional Amounts Could Have Earned | Other Amounts Received | Difference (A-(B+C+D)) |
| 2005 | $25,199.00 | $28,483.26 | - | - | ($3,284.26) |
| 2006 | $59,347.00 | $49,859.09 | - | - | $9,487.91 |
| 2007 | $65,219.50 | $49,252.96 | - | - | $15,966.54 |
| 2008 | $70,645.50 | $47,092.56 | - | - | $23,552.94 |
| 2009 | $76,659.50 | $63,405.26 | - | - | $13,254.24 |
| 2010 | $82,030.00 | $61,130.88 | - | - | $20,899.12 |
| 2011 | $83,714.00 | $62,898.58 | - | - | $20,815.42 |
| 2012 | $84,992.00 | $66,240.83 | - | - | $18,751.17 |
| 2013 | $84,992.00 | $66,240.83 | - | - | $18,751.17 |
| | | | | | $138,194.25 |

2.     Does the defendant dispute the amount claimed for attorney's fees and costs?

Yes ☑          No ☐ If yes, explain, giving estimated amount due:

Without an itemization of claimed attorney's fees, Defendant is unable to state with certainty every objection it will have to Plaintiffs' claimed attorney's fees. However, the amount of attorney's fees claimed in this non-class action, $1,924,935.00, is excessive and likely objectionable due to: 1) counsel's hourly billing rate; 2) the number of hours worked, including vague time entries, block billing, duplicative time entries, non-contemporaneous time records, paralegal or clerical tasks performed by an attorney, clerical tasks performed by paralegals, time spent on unrelated matters, unnecessary time, excessive time, excessive conferencing, travel time, and quarter-hour billing increments; and 3) adjustments to the Lodestar calculation based upon partial success under *Hensley v. Eckerhart/Bryant v. City of Chicago*, nominal recovery, and previous settlement offers when recovery is less than the offer.   Additionally, Plaintiffs' claimed costs, $289,928.55, are likely objectionable because of: 1) expenses that are not the types of expenses usually billed to a client; 2) expenses for computer research, copies or mailing that are not adequately documented; 3) expenses that are unrelated to the litigation; and 4) duplicative expenses.

$      0

3.      Does the defendant dispute the amount claimed for pain, suffering, emotional injury, etc?

Yes ☑        No ☐ If yes, explain, giving estimated amount due:

     Plaintiffs have not established they suffered any pain, suffering or emotional injury as a result of Defendant's conduct.

     $_____0_____

4.      Does the defendant dispute the claim for pre-judgment interest?

Yes ☑        No ☐ If yes, explain, giving estimated amount due:

     Plaintiffs have not provided the proper support  for the calculation of prejudgment interest.

     $_____0_____

5.      Total amount owed, assuming liability:                    $ 1,088,931.53

## ATTACHMENT (H)(1)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN | ) ) ) | |
| | ) | Case No.: 08 C 4370 |
| *Plaintiffs,* | ) | |
| *v.* | ) ) | Judge Charles R. Norgle, Sr. |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

### PLAINTIFFS' TRIAL BRIEF

This case alleges discrimination based on sex in the hiring of Paramedics by the City of Chicago Fire Department (CFD). Plaintiffs exhausted their potential administrative remedies by filing Charges of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). The EEOC, in turn, issued "Right to Sue" letters to the plaintiffs within 90 days of the filing of this action. On August 1, 2008, Plaintiffs filed the operative complaint in this matter, alleging discrimination based on sex in hiring under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq.

Plaintiffs believe that the evidence presented will establish the facts necessary to support the claims of employment discrimination under both theories allowed under Title VII: Disparate Treatment and Disparate Impact. Plaintiffs will demonstrate that the City of Chicago has a long history of ignoring discrimination in its hiring of individuals for municipal service positions, including long-reported discrimination in hiring within CFD. Plaintiffs will show that the City

97

selected a Physical Performance Test ("PPT") that it knew to have a discriminatory impact on women. Plaintiffs will also present evidence showing that the city intentionally engaged in certain activities that further prevented women from succeeding on the already discriminatory PAT: the City's proffered reason for introducing the PPT was success during training, even though not a single new paramedic—male or female—had failed the academy in the four years leading to the PPT's introduction; no training was provided to potential applicants; the City's own vendor recommended a training program because it would serve to reduce this adverse impact on female applicants—the City rejected this suggestion; applicants had no knowledge of what was required to pass the PPT; the PPT itself was administered in an inconsistent manner; the individuals tasked with administering and scoring the PPT were not adequately trained; the City knew of the severe adverse impact of the PPT and continued its use for nine years; and, during this period, the City introduced new equipment to reduce the physical demands of the Paramedic position. Furthermore, plaintiffs will present expert testimony demonstrating the efficacy of training programs and knowledge of passing requirements—especially for female applicants. This expert testimony will also demonstrate that certain aspects of the PPT—as well as the City's refusal to include other job-related activities in the exam—had an adverse impact on women and were not legitimately required for business purposes.

Plaintiffs will present sufficient evidence of liability for Disparate Treatment discrimination under both accepted methods in Title VII jurisprudence—direct and indirect. Under the direct method, Plaintiffs will present a "convincing mosaic" of evidence showing that the City acted intentionally in excluding women from Paramedic positions. This mosaic, a combination of the direct and circumstantial evidence explained above, would permit the jury "to infer [that] discrimination motivated" the implementation of the PPT and, subsequently, the

refusal to hire Plaintiffs as Paramedics for the Chicago Fire Department. *Morgan v. SVT, LLC,* 724 F.3d 990, 995 (7th Cir. 2013). Plaintiffs will present the following facts as parts of this "convincing mosaic" of evidence to prove intentional discrimination at trial: the City lacked any need for implementing a PPT; statistical evidence showing a large and statistically significant adverse impact against female applicants who were forced to take the PPT; the CFD's continued disregard for the exclusion of qualified female candidates over the years that the PPT was in use; inconsistencies in the City's justification for implementation of the PPT; and the pre-examination qualifications of Plaintiffs.

Under the indirect method, Plaintiffs intend to present evidence sufficient to prove intentional discrimination using a form of the burden-shifting framework first articulated by the Supreme Court in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792 (1973). First, Plaintiffs will demonstrate a prima facie case of intentional discrimination using a variety of evidence similar to the "convincing mosaic" described above. Statistical evidence of adverse impact, the fact that Plaintiffs were placed on a list of candidates eligible to be hired before implementation of the PPT, and the fact that Plaintiffs were already working as paramedics for private companies will all serve to create this presumption of discrimination. Plaintiffs do not believe that the City will be able to provide a legitimate non-discriminatory reason for selecting and implementing the PPT. In the event that the City does proffer a reason that appears to be consistent with business justification, Plaintiffs will demonstrate that this reason is simply pretext for the intentional discrimination perpetuated against them.

Plaintiffs will also demonstrate that they have been victims of employment discrimination based on their sex under the theory of Disparate Impact. Under this theory, a burden-shifting framework is again utilized, beginning with the Plaintiffs' showing of a prima

facie case of discrimination. In order to make this showing, Plaintiffs will provide evidence that a specific policy—the implementation of the PPT at issue—had a disproportionate exclusionary effect on women. Plaintiffs will use statistical disparities to demonstrate this adverse impact on women. The City will again attempt to demonstrate that the PPT is "job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i). To prove that they suffered discrimination under the Disparate Impact theory, Plaintiffs will demonstrate the existence of "alternative employment practice[s]"—i.e. Physical Performance Tests with less or no adverse impact—that the City has refused to adopt. 42 U.S.C. § 2000e-2(k)(1)(A)(ii). These alternatives could fill the same business needs that the City has claimed in implementing the PPT—success during training and reduction of injuries.

<u>**EXHIBIT H (1)**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN | ) ) ) | |
| | ) | Case No.: 08 C 4370 |
| *Plaintiffs,* | ) | |
| *v.* | ) ) | Judge Charles R. Norgle, Sr. |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

<u>**TRIAL BRIEF OF THE CITY OF CHICAGO**</u>

A paramedic for the Chicago Fire Department ("CFD") must be prepared "to perform any and all assigned duties at all times." Due to the physically demanding nature of this important public safety position, the City of Chicago (the "City") previously sought to create a pre-employment physical abilities test (hereinafter "PAT") that would ensure paramedic applicants were prepared to handle the physical activities associated with this job. In 1998, the City selected Human Performance Systems, Inc. ("HPS") – a respected industry leader – to create and scientifically validate a pre-hiring physical abilities test that was job-related, consistent with business necessity, and compliant with all applicable civil rights laws and regulations. After extensive research and preliminary testing by HPS, the CFD adopted the PAT in 2000 to identify candidates whose strength and endurance were commensurate with the physical demands of the paramedic position.

101

On August 1, 2008, Plaintiffs Ernst, Hoard, Res-Pullano, Lahalih, and Kean (collectively "Plaintiffs") filed a one-count complaint alleging that the paramedic PAT administered in 2004 had an adverse impact on female applicants. *See* Pls.' Compl. ¶ 13(c)(iv), ECF No. 1 (filed Aug. 1, 2008). Although the complaint alleged only disparate impact, Plaintiffs included a jury demand and a request for liquidated damages in their prayer for relief. *See id.* The Court subsequently struck Plaintiffs' request for liquidated damages, *see* Minute Order, ECF No. 15 (entered Nov. 7, 2008), and denied Plaintiffs' motion to amend the complaint by adding a separate count for disparate treatment. *See* Report and Recommendation, ECF No. 130 (issued Jan. 5, 2012). In light of these rulings, the City has moved for partial summary judgment on Plaintiffs' charge that an intentional discrimination claim survived even the earliest stages of this case. *See* Def.'s Mot. for Partial Summ. J., ECF No. 235 (filed Oct. 9, 2013). If granted, the City's motion would obviate the need to empanel a jury for trial, as Plaintiffs are not entitled to a jury on their disparate impact claim. *See id.*

Yet regardless of whether this case proceeds under a theory of disparate impact or disparate treatment, Plaintiffs will be unable to establish that the City's use of the PAT in 2004 was a form of unlawful discrimination. At the outset, Plaintiffs' experts have already conceded that although women failed the PAT in greater numbers than men, an adverse impact on female applicants is an expected and observed result on nearly every pre-hiring physical abilities test that is offered in the public safety arena. Moreover, the EEOC's Uniform Guidelines on Employee Selection Procedures (the "Uniform Guidelines") authorize the City to use a pre-hiring physical abilities test that has an adverse impact on women, as long as that test has been properly validated (as the PAT was in the instant case). *See* 29 C.F.R. § 1607, *et seq.* Finally, the City's efforts to reduce injuries and to prepare applicants to confront the physical demands associated

with the paramedic position are job-related concerns, and Plaintiffs will not satisfy their burden to show that a less discriminatory alternative to the PAT was available to the City in 2004.

## MATERIAL FACTS

As Plaintiffs have acknowledged, a paramedic must be in excellent physical condition to perform the duties associated with that role. In 1996, the City invited proposals from outside vendors to create a pre-hiring physical abilities examination that would: (1) ensure success at the paramedic academy; (2) reduce on-the-job injuries; and (3) identify candidates that could handle the physical activities associated with the paramedic position. In 1998, the City retained HPS to create and validate a paramedic PAT for the CFD. The City's primary goal was to adopt a test that complied with applicable civil rights laws, while concurrently selecting individuals whose capabilities were commensurate with the demands of the job. In fact, before work began, the City required HPS to ensure the PAT would not violate Title VII.

Although HPS advised that a paramedic PAT would likely have an adverse impact on women, the company explained that an adverse impact on female applicants was an observed and expected outcome on nearly every physical abilities test offered in the public safety field. Plaintiffs' experts have acknowledged this principle both under questioning and in independent writings. HPS also indicated that it could offer training and instructional videos to lessen the adverse impact of the PAT, although such items were cost prohibitive for the City, and were not required under the Uniform Guidelines. Moreover, as HPS noted, these additional investments would not eliminate the adverse impact of the PAT on female applicants.

### A. HPS Creates the PAT

HPS spent nearly two years developing and refining the PAT. In February of 1998, HPS began a job analysis that included site visits, interviews, ride-alongs, and ergonomic analyses that were used to create a list of the essential tasks that CFD paramedics were required to

103

perform. HPS then distributed this list to a group of incumbent paramedics randomly selected by gender, age, and ethnic group. These incumbents were given rating scales and supplemental questions, and were asked to provide information on the frequency and importance of each essential task, along with data on the physical demands of each duty, such as the weight of equipment and the height and distance that items had to be moved.

Using this information, HPS generated a series of statistics regarding the frequency and intensity of the essential tasks that CFD paramedics were required to perform. HPS also identified the twenty-four essential tasks that had received the highest "physical effort rating" from the incumbent paramedics. HPS then used quantitative analysis to identify the seven physical abilities that were required to perform these twenty-four tasks, including: (1) static strength; (2) dynamic strength; (3) explosive strength; (4) trunk strength; (5) equilibrium; (6) flexibility; and (7) anaerobic power. Finally, after reviewing ten previously developed pre-hiring physical abilities tests, HPS selected the activities that would best gauge those abilities, including: (1) a modified stair-climb; (2) a standing leg-lift; and (3) an arm-ergometer endurance test. These activities subsequently became the three scored sections of the PAT.

### B. HPS Scientifically Validates the PAT

To validate the PAT and ensure that it complied with Title VII, HPS created measures of job performance (known as "criterion measures") to test whether the PAT was in fact related to job performance. These "criterion measures" included three "work samples" (*i.e.*, physical tasks that were endemic to the work of all paramedics) and eleven basic abilities. A random sample of incumbent paramedics was asked to participate in physical abilities testing, the results of which were entered into a validation study compiled by HPS. HPS used a multiple regression approach to determine the basic abilities and work samples most predictive of job performance. The

104

resulting data indicated that the modified stair-climb, the standing leg-lift, and the arm-ergometer endurance test were indeed the most appropriate activities for inclusion in the test battery. In addition, the multiple regression approach employed by HPS showed the test battery was a fair assessment of physical strength for both genders.

Passing scores for the test battery were then developed by examining expectancy tables, contingency tables, and pass/fail rates. These tables provide an indication of the utility of different passing scores by evaluating the probability of different job performance outcomes for individuals who obtain those scores. As the Uniform Guidelines anticipate, the validation study showed an adverse impact on women – who passed the PAT at an overall rate of 67 percent. This level of impact, however, was not uncommon on pre-hiring physical abilities tests due to physiological differences between men and women. This statistic was also consistent with previous research comparing the upper and lower body strength of men and women.

C.     HPS Ensures the Administration of the PAT is Fair and Uniform

After demonstrating the validity of the PAT, HPS created a test manual that governs the administration and supervision of the exam. The test manual includes uniform instructions for test proctors to read to each participant (male or female), as well as directions for calibrating and maintaining the equipment used to conduct the PAT. To avoid even the appearance of impropriety, test proctors – who could not be members of the CFD – were selected, trained, and paid by HPS. Indeed, testimony at trial will establish that test proctors received extensive training from HPS before each administration of the PAT. The CFD was therefore divested of the responsibility to administer or score the examination. These safeguards were in place to ensure objectivity when Plaintiffs took the PAT in 2004.

### D.    Plaintiffs Take and Fail the PAT in 2004

In August of 2004, 74 women took the PAT as a required step in their applications to become CFD paramedics. Plaintiffs were members of this group. They each failed the examination, as did 34 other women who took the test with them. As such, the pass rate for women who took the PAT in August of 2004 was 47.30 percent, as compared to 95.53 percent for men. Upon their failure, Plaintiffs filed charges of discrimination with the EEOC and the Illinois Department of Human Rights, after which they brought suit in this Court. As noted above, Plaintiffs' complaint alleges only disparate impact, and the City has moved for partial summary judgment regarding Plaintiffs' charge that a cause of action for disparate treatment is also set forth in that pleading. *See* Def.'s Mot. for Partial Summ. J., ECF No. 235 (filed Oct. 9, 2013).

### ARGUMENT

Regardless of the theory under which this case proceeds, Plaintiffs have no evidence of discrimination on the part of the City. Although the paramedic PAT did have an adverse impact on female applicants, the test was properly validated (as per the Uniform Guidelines) and specifically adopted to address the City's job-related need to reduce injuries among newly hired paramedics. Moreover, Plaintiffs cannot show that a less discriminatory selection procedure was available to the City in 2004 to address these concerns.

At the same time, Plaintiffs are unable to offer any evidence that the City adopted the PAT with the intent to exclude or eliminate women from the CFD. In fact, Plaintiffs' only evidence of intentional discrimination is their belief that certain errors were made with regard to the administration of the exam. Yet during depositions, Plaintiffs variously testified that they could not say whether alleged conduct was "intentional or unintentional," and did not know whether test proctors were "indifferent to [] being a male or a female." One plaintiff

106

acknowledged that she did not believe the stair-climb portion of the PAT discriminated against women, while another even confessed that she did not believe the PAT was unfair. In sum, Plaintiffs are without evidence of intentional discrimination on the part of the City, and their attempt to ascribe a discriminatory animus based on the adoption or use of the PAT will fail.

### A.     Plaintiffs' Disparate Impact Claim Will Not Succeed

To prevail on a disparate impact claim, the plaintiff bears the initial burden to show that a particular employment practice or test resulted in a disparate impact. Once the plaintiff demonstrates that impact, the burden shifts to the defendant, who "must demonstrate that the practice is 'job related' and 'consistent with business necessity.'" *Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003) (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)). Where the defendant provides evidence of these qualities, the burden returns to the plaintiff, who must "show that other tests or selection devices, without a similarly undesirable effect, would also serve the employer's legitimate interest in efficient and trustworthy workmanship." *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 425 (1975). Here, Plaintiffs are without evidence to challenge the efficacy of the PAT or to establish the availability of a less discriminatory selection procedure in 2004. Consequently, their cause of action for disparate impact will not succeed.

### 1.     The PAT Was Job-Related and Consistent with Business Necessity

An employment test is job-related "if it measures traits that are significantly related to the applicant's ability to perform the job." *Gillespie v. Wisconsin*, 771 F.2d 1035, 1045 (7th Cir. 1985) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 436 (1971)). Under the Uniform Guidelines, the easiest method to confirm that a test is job-related is to conduct a professional validation study. *Gillespie*, 771 F.2d at 1045. To demonstrate that a job-related test is also "consistent with business necessity," the defendant must show that the employment practice "serves, in a significant way, its legitimate employment goals." *Fisher v. Transco Services-*

*Milwaukee, Inc.*, 979 F.2d 1239, 1245 (7th Cir. 1992). The PAT satisfies both of these criteria with regard to the testing and selection of new CFD paramedics.

As a threshold matter, it is undisputed that the PAT was scientifically validated by HPS. The primary purpose of the validation study conducted by HPS was to prove that the PAT was job-related. The validation report published by HPS at the conclusion of its study found that the PAT was indeed job-related, and further confirmed that success on the PAT was an accurate predictor of an applicant's ability to perform the physical activities associated with the paramedic position. Accordingly, there is no credible argument that the PAT was not a job-related assessment of future performance.

Similarly, evidence at trial will demonstrate that the PAT was "consistent with business necessity." As noted above, the City's employment goals were straightforward: (1) to ensure success at the paramedic academy; (2) to reduce on-the-job injuries; and (3) to identify candidates that could handle the physical activities associated with the paramedic position. Not only did the validation study confirm that the PAT served these goals, it noted that a pre-hiring physical abilities test was an effective means to screen for applicants that might be unable to perform physically in a role for which they were not prepared. As a result, the City will readily prove that the PAT was both job-related and consistent with business necessity.

## 2. Plaintiffs Cannot Show a Less Discriminatory Alternative to the PAT in 2004

To establish the existence of a less discriminatory alternative, the plaintiff must show that an alternative selection procedure is "substantially equally valid" and has a less adverse impact. 29 C.F.R. § 1607.3(B). Financial costs or other burdens associated with implementing the alternative procedure are relevant and must be considered. *Allen*, 351 F.3d at 314-15 (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 998 (1988) (plurality opinion)). In addition,

108

the plaintiff must prove that the employer had the opportunity to adopt the alternative procedure. *See* 29 C.F.R. § 1607.3(B). In other words, to prevail on a disparate impact claim, the plaintiff must prove that the employer "refused to adopt such alternative employment practice." *Adams v. City of Chicago*, 469 F.3d 609, 613 (7th Cir. 2006) (citing 42 U.S.C. § 2000e-2(k)(1)(A)(ii)). Plaintiffs will be unable to prove any of these elements in the instant case.

In this case, the "alternatives" to the PAT that are suggested by Plaintiffs are not true alternatives, but rather criticisms of the manner in which the PAT was publicized and administered. For example, Plaintiffs argue that target scores and additional information on the test should have been provided to applicants in advance of the examination. Even if these actions are accepted as true "alternatives" to the PAT, Plaintiffs offer no scientific or empirical evidence that these measures are "substantially equally valid" or "less adverse." Moreover, although it is true the City declined the offer from HPS to provide training and production videos on the PAT, these options were cost prohibitive and thus a proper basis on which to forego their implementation. *See Allen*, 351 F.3d at 314-15.

One "alternative" to the PAT set forth by Plaintiffs' expert is for the City to abstain from using any pre-hiring physical abilities test. In other words, Plaintiffs' expert would accept all applicants, regardless of physical condition. Although certainly less adverse, Plaintiffs' expert offers no scientific or empirical evidence that this approach is "substantially equally valid" to the PAT with regard to the informed selection of qualified applicants. In addition, as Plaintiffs are aware, the City did not have a pre-hiring physical abilities test in place prior to 2000. Consequently, Plaintiffs cannot argue that the City refused to adopt this alternative practice before instituting the PAT.

The second "alternative" suggested by Plaintiffs' expert is to administer "physical abilities testing" at the end of academy training. Yet Plaintiffs' expert does not identify or describe any specific physical abilities test that would be used to later evaluate candidates. Accordingly, there is no basis on which to conclude that the non-specific "physical abilities testing" suggested by Plaintiffs' expert would be "substantially equally valid" to the PAT. At the same time, because an adverse impact on female applicants is an observed and expected result on nearly all physical abilities testing in the public safety field, there is no basis to conclude that the testing proposed by Plaintiffs' expert would be any less adverse than the PAT.

Notwithstanding the legal deficiencies of Plaintiffs' model, the financial burden of this secondary approach on the City is substantial. Plaintiffs suggest the City should hire, train, and pay Plaintiffs and their academy instructors and administrators for several months at taxpayer expense, only to potentially release Plaintiffs from service if they cannot pass unstated "physical abilities testing" that may or may not be "substantially equally valid" to the PAT. The City is not required to assume a financial burden of this magnitude as an alternative selection procedure. *See id.* Moreover, even if this approach were fiscally sound, it would be unworkable, as the CFD would be unable to determine how many new paramedics would be ready for active duty until applicants took and passed some form of physical abilities testing months after each new academy class had convened. In sum, Plaintiffs will be unable to show that a cost-effective, less discriminatory alternative to the PAT was available to the City in 2004. At the same time, by recommending any form of physical abilities testing, Plaintiffs' and their experts must concede the inherent efficacy and utility of such testing.

**B.     If Allowed, Plaintiffs' Disparate Treatment Claim Will Not Succeed**

To prove intentional discrimination, the plaintiff must offer direct or circumstantial evidence of such conduct, or must resort to the indirect burden-shifting method described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 271 (2004). Under either approach, the plaintiff must demonstrate deliberate and intentional discrimination by the employer within the limitations period. *Lewis v. City of Chicago*, 560 U.S. 205, 130 S. Ct. 2191, 2199 (2010). As the City argued in its pending motion for partial summary judgment, *see* Def.'s Mot. for Partial Summ. J., ECF No. 235 (filed Oct. 9, 2013), Plaintiffs are unable to show intentional discrimination by the City under either the direct or the indirect method of proof.

### 1. Plaintiffs Have Neither Direct Nor Circumstantial Evidence of Intentional Discrimination

Direct evidence of intentional discrimination would require an admission by the City that it refused to hire Plaintiffs based on their gender. No such evidence exists. Circumstantial evidence typically includes: "(1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013) (quoting *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011)). To prevail using circumstantial evidence, a plaintiff must "assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action." *Id.* at 997. In such cases, statistics showing that certain hiring practices correlate with a negative effect on minority groups will not by themselves meet the "more likely than not" standard for a claim of intentional discrimination by individual plaintiffs. *See Norman-Nunnery v. Madison Area Technical*

111

*College*, 625 F.3d 422, 431 (7th Cir. 2010) (citing *Baylie v. Fed. Reserve Bank of Chicago*, 476 F.3d 522 (7th Cir. 2007)).

Here, there is no circumstantial evidence of intentional discrimination by the City. Plaintiffs were required to take the same physical abilities test that all male and female applicants for the paramedic position were required to undergo. Prior to that testing, male and female applicants received the same descriptive literature and the same test preparation materials. Although Plaintiffs allege various anomalies with regard to the administration of the PAT, the same equipment was used by male and female applicants alike, and the identical instructions were read to men and women on each scored section of the examination. Plaintiffs offer no evidence to the contrary. As such, there is no circumstantial evidence by which to infer intentional discrimination on the part of the City.

### 2. Plaintiffs Cannot Establish Disparate Treatment Under the Indirect Method of Proof

Under the indirect method of proof, the plaintiff must first establish a *prima facie* case of discrimination. To do so, the plaintiff must establish: (1) that he or she is a member of a protected class; (2) that he or she is qualified for the position; (3) that he or she was not hired for the position; and (4) that a member of the non-protected class (who was not better qualified) was hired instead of the plaintiff. *See Dandy,* 388 F.3d at 273; *see also Gore v. Indiana Univ.,* 416 F.3d 590, 592 (7th Cir. 2005). If the plaintiff can establish a *prima facie* case, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for its decision not to hire the plaintiff. If the defendant provides a reason, the plaintiff must then prove that the defendant's proffered explanation is a pretext for discrimination. At trial, Plaintiffs will not be able to establish even a *prima facie* case of intentional discrimination.

### a. Plaintiffs Do Not Have a *Prima Facie* Case

Plaintiffs acknowledge the paramedic PAT was a job requirement in 2004. Plaintiffs admit they failed the PAT, but cannot show that similarly situated male applicants received more favorable treatment. Indeed, it is undisputed that all male and female applicants who failed the PAT were deemed ineligible for hire by the CFD, whereas all male and female applicants who passed the PAT were accepted for further processing in anticipation of employment. Moreover, there is no evidence that males were treated more favorably during the administration of the PAT, nor have Plaintiffs offered any evidence to suggest that men were given access to resources or instructions that were not provided to women as well. Plaintiffs therefore cannot establish even a *prima facie* case of intentional discrimination with regard to the PAT.

### b. The City Has Offered Legitimate, Non-Discriminatory Reasons for Not Hiring Plaintiffs

Even assuming, *arguendo*, that Plaintiffs could state a *prima facie* case, the City would then be permitted to articulate a legitimate, non-discriminatory reason for its decision not to hire Plaintiffs. In such circumstances, "[a]n employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Carver v. Mineta*, No. 04 C 3324, 2006 WL 1308631, at *7 (N.D. Ill. May 5, 2006) (Norgle, J.) (quotations omitted). As such, the question is not whether the City made the correct decision to adopt the PAT, but whether the City believed that a scientifically developed and validated PAT was necessary to identify candidates who could handle the physical activities associated with the paramedic position.

There is no dispute that a CFD paramedic is a public safety position, or that a CFD paramedic must be prepared to face life or death situations every day. For these reasons, the CFD requires its paramedics to maintain certain physical fitness standards in order to perform the

assigned duties of the paramedic position, such as lifting and carrying full-bodied patients down narrow staircases (an occurrence that HPS witnessed first-hand while developing and validating the PAT). The need for these physical fitness standards was emphasized in the validation study that affirmed the job-relatedness of the PAT. In addition, the City had a legitimate interest in reducing on-the-job injuries for newly hired paramedics, which the validation report confirmed would be addressed by adopting the PAT. Accordingly, the City had numerous legitimate, non-discriminatory reasons for its decision not to hire male or female applicants who failed the PAT – including Plaintiffs.

### c.    Plaintiffs Cannot Show Pretext

Pretext requires a court to evaluate the honesty of the employer's explanation, rather than its validity or reasonableness. *Hill v. Tangherlini,* 724 F.3d 965, 968 (7th Cir. 2013); *see also Blise v. Antaramian,* 409 F.3d 861, 867 (7th Cir. 2005) ("We have emphasized that an employer's decision to hire is pretextual when it is a lie – a phony reason meant to cover up a disallowed reason. Otherwise, an employer's decision to favor one candidate over another can be 'mistaken, ill-considered or foolish, [but] so long as [the employer] honestly believed those reasons, pretext has not been shown . . . .'") (quoting *Milbrook v. IBP, Inc.,* 280 F.3d 1169, 1175 (7th Cir. 2002)). There is no evidence that casts doubt on the City's honesty regarding the reasons for which Plaintiffs were not hired.

As noted above, the City honestly and genuinely believed that requiring paramedic applicants to pass the PAT was the proper method to reduce on-the-job injuries and to identify candidates that could handle the physical activities associated with the paramedic position. Plaintiffs will be unable to negate the honesty of that belief, considering: (1) that all male and female applicants who failed the PAT were deemed ineligible for employment; (2) that all male and female applicants who passed the PAT were accepted for further processing in anticipation

114

of employment; (3) that requiring a physical abilities test is inherently reasonable for a public safety position; (4) that the PAT was scientifically developed and validated by a highly qualified firm; and (5) that the City required HPS to ensure that it would not violate Title VII in developing the PAT. In light of these facts, it is not for Plaintiffs to now second guess the City's business judgment. *See Blise*, 409 F.3d at 868. The City applied the same criteria to male and female applicants for the paramedic position, and Plaintiffs have no evidence to the contrary. Plaintiffs will thus be unable to show the City's legitimate, non-discriminatory reason for not hiring them was a pretext for intentional discrimination.

## CONCLUSION

For the reasons set forth above, at the conclusion of Plaintiffs' case-in-chief, the Court should direct a verdict in favor of the City, dismissing Plaintiffs' complaint with prejudice and awarding the costs of this action to the City.

Dated: February 19, 2014

Respectfully submitted,
**THE CITY OF CHICAGO**

By: s/ Cary E. Donham
    Allan T. Slagel (ARDC No. 6198470)
    aslagel@taftlaw.com
    Cary E. Donham (ARDC No. 6199385)
    cdonham@taftlaw.com
    John F. Kennedy (ARDC No. 6196185)
    jkennedy@taftlaw.com
    Rachel L. Schaller (ARDC No. 6306921)
    rschaller@taftlaw.com
    Elizabeth E. Babbitt (ARDC No. 6296851)
    ebabbitt@taftlaw.com
    TAFT STETTINIUS & HOLLISTER LLP
    111 East Wacker Drive
    Suite 2800
    Chicago, IL 60601

Respectfully submitted,
**STEPHEN R. PATTON,**
Corporation Counsel of the City of Chicago

By: s/ Timothy Swabb
    Timothy Swabb (ARDC No. 6193885)
    Timothy.Swabb@cityofchicago.org
    Alison Alvarez (ARDC No. 6281295)
    alison.alvarez@cityofchicago.org
    Assistants Corporation Counsel
    30 North LaSalle Street
    Suite 1020
    Chicago, IL 60602
    Telephone:   (312) 744-8369
               (312) 744-0898
               (312) 744-9653

Telephone:  (312) 527-4000

**EXHIBIT H (2)**

**JURY INSTRUCTIONS AND VERDICT FORM**

**EXHIBIT H (2)**

**JURY INSTRUCTIONS AND VERDICT FORM**

The jury instructions have been agreed upon by all parties, except that: (1) the City proposed including Circuit Pattern Instruction 3.07 as part of Instruction 26, Plaintiffs objected to the giving of such an instruction; and Magistrate Judge Cole declined to give this instruction over the City's objection; and (2) Magistrate Judge Cole deferred to Judge Norgle the Plaintiffs' proposal to give a "mixed motive" instruction based upon Section 703(m) of Title VII, 42 U.S.C. §2000e-2(m) ("an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice"), citing to *Rapold v. Baxter International, Inc.*, 718 F.3d 602, 612 (7th Cir. 2012) ("Once either party requests a motivating factor instruction, the district court should simply determine whether the evidence supports the instruction."). The City has objected to giving any mixed motive instruction.

## PRELIMINARY INSTRUCTION DURING TRIAL

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Do not search the internet or other media sources for information relating to paramedics, the City, the Fire Department or anything discussed in this case. Remember that fictional TV shows, such as Chicago Fire, are not intended to depict actual CFD medical services and you should not consider any such sources. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

## INSTRUCTION 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## INSTRUCTION 2

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## INSTRUCTION 3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

## INSTRUCTION 4

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**INSTRUCTION 5**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## INSTRUCTION 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## INSTRUCTION 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## INSTRUCTION 8

You will recall that during the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## INSTRUCTION 9

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## INSTRUCTION 10

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## INSTRUCTION 11

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**INSTRUCTION 12**

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## INSTRUCTION 13

It is proper for a lawyer to meet with any witness in preparation for trial.

## INSTRUCTION 14

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## INSTRUCTION 15

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## INSTRUCTION 16

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## INSTRUCTION 17

Summaries of documents have been introduced by Plaintiffs and the City. A summary, as its name implies, summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in this case.

## INSTRUCTION NO. 18

Certain illustrations and videos have been shown to you. They were used for convenience and to help explain the facts of the case and the testimony of various witnesses. They are not themselves evidence or proof of any facts, were not admitted into evidence, and thus will not be with you in the jury room.

**INSTRUCTION 19**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## INSTRUCTION 20

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**INSTRUCTION 21**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## INSTRUCTION 22

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## INSTRUCTION 23

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**INSTRUCTION 24**

Plaintiffs in this case are Stacy Ernst, Irene Res, Michelle Lahalih, Katherine Kean, and Dawn Hoard. Defendant is the City of Chicago. Plaintiffs sought employment as paramedics with the Chicago Fire Department, and were required, as part of the hiring process, to take and pass a physical abilities test. Plaintiffs did not obtain passing scores, as defined by the Chicago Fire Department, and were denied employment as paramedics.

Plaintiffs contend the City discriminated against them on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended. In order to succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that the City intentionally created or used the physical abilities test for the purpose of excluding females or reducing the number of females who would be hired as paramedics by the Chicago Fire Department. The City denies that it intentionally created or used the physical abilities test to discriminate against female applicants.

It is not enough for Plaintiffs to prove merely that the City knew the physical abilities test would have an adverse impact on female applicants. An adverse impact exists where the rate at which female applicants pass the test is substantially less than the rate at which male applicants pass. The parties do not dispute that the test had an adverse impact.

In determining whether Plaintiffs have proven their claim by a preponderance of the evidence, you should consider all the evidence in the case. If you find that Plaintiffs have proved by a preponderance of the evidence that the City intentionally created or used the physical abilities test for the purpose of excluding or reducing the number of female applicants hired as paramedics by the Chicago Fire Department, then you must find for Plaintiffs. However, if you

find that the Plaintiffs did not prove this by a preponderance of the evidence, then you must find for the City.

## INSTRUCTION 25

If you find that Plaintiffs have proved their claims by a preponderance of the evidence, then you must determine what amount of damages, if any, each Plaintiff is entitled to recover. Each Plaintiff must prove her damages by a preponderance of the evidence. Each Plaintiff's damages claim must be considered by you separately and independently of the other Plaintiffs' damages claims.

If you find for the City on the Plaintiffs' claims of discrimination, then you will not consider the question of damages.

**INSTRUCTION 26**

You may award compensatory damages that each Plaintiff has proved by a preponderance of the evidence were caused by the City's wrongful conduct.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits.

Your award must be based on evidence and not speculation or guesswork. Compensatory damages may include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that each Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate each Plaintiff for her injury. As I previously told you, each Plaintiff's claim of damages must be considered separately and independently.

**VERDICT FORM**

We, the jury, find as follows on Plaintiffs' Title VII gender discrimination claim:

    \_\_\_\_\_    For Plaintiffs

    \_\_\_\_\_    For Defendant

If you find for the Plaintiffs, please answer the following questions:

We, the jury, find that each of the Plaintiffs has proved compensatory damages by a preponderance of the evidence in the amount of:

Stacy Ernst          $_____

Dawn Hoard         $_____

Katherine Kean      $_____

Michelle Lahalih    $_____

Irene Res            $_____

Dated: _____, 2014

_____        _____

    (Presiding Juror)

_____        _____

_____        _____

**EXHIBIT H (3)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STACY ERNST, DAWN HOARD, IRENE           )
RES PULLANO, MICHELLE LAHALIH            )
and KATHERINE KEAN                        )
                          *Plaintiffs,*   )
                                          )  Case No.: 08 C 4370
              *v.*                        )
                                          )  Judge  Charles  Norgle
CITY OF CHICAGO,                          )
                                          )  Magistrate Judge Jeffrey Cole
                          *Defendant.*    )

**EXHIBIT (H) 3**

**Joint Proposed Voir Dire**

1.     Area of residence?

2.     What is your occupation?

3.     What do you do at work?

4.     Who do you work for?

5.     How long have you been on this job?

6.     What prior jobs have you had?

7.     What is the longest time you have worked for one employer?

8.     What is the highest level of education you have obtained?

9.     Do you have any education, training or skills in:

- Human resources
- Mathematics or statistics
- Employment testing
- Workplace safety
- Medicine
- EMT-A or Paramedic Work

10.     What is the occupation of your spouse, domestic partner and/or other adults in your household?

11.     Do you have any children?  If yes, what are their ages, and if applicable occupations?

12.     What organizations, charities or clubs do you belong to or donate money to?

13.     Have you or anyone close to you ever served in the military?  If yes, who, when, what branch and assignment?

14.     Has anyone here or anyone close to you ever worked for the City of Chicago?  If yes, how do you think that would affect you in a case where the City is a defendant?

15.     Have you ever applied for a job with the City of Chicago?  If so, what was the result of your application?

16.     Have you or anyone close to you ever worked as a paramedic or emergency medical technician?  If yes, do you think this would affect you in a case involving paramedics?

17.     Have you or anyone close to you ever been fired, laid off, or forced out of a job?  If yes, what were the circumstances?  What was your/their response?

18.     Have you or anyone close to you ever worked in Human Resources in any capacity?

156

19.     Have you or anyone close to you ever owned a business?  If yes, who, and what type of business?  Is the business still operating?  Did you/they have any employees?  If yes, how many?

20.     Have you or anyone close to you ever sued or been sued?  If yes, what was involved?  How was the matter resolved?  Were you satisfied with the way the matter was resolved?

21.     Have you ever served on a jury before?  If yes, how long ago?  Was it a civil or criminal case?  Did the jury reach a verdict?  How did you feel about your jury service?

22.     Have you or anyone close to you ever testified in court?  If yes, in what type of case and on what subject?

23.     Do you or anyone close to you have any specialized training in employment or civil rights law?

24.     Have you or any member of your family ever been employed by any fire department or in any aspect of emergency medical services?  If yes, please tell us who, when, and with what agency.  Do/did you discuss their work?

25.     Have you or any member of your family ever been employed as a paramedic, emergency medical technician or in any other emergency medical service occupation?  If yes, please tell us who, when, and with what company or agency.  Do/did you discuss their work?

157

26.     Have you or anyone close to you ever used the services of or had any personal interaction with the Chicago Fire Department? If yes, please explain.

27.     Have you ever rescued someone or administered aid to someone in an emergency? If so, what was the nature of the emergency and what was the aid rendered?

28.     Has anyone here ever had any particularly positive or negative experiences with calling for an ambulance from the Chicago Fire Department or any other fire department?

29.     Have you seen the TV show Chicago Fire? Do you understand that this is a fictional program and may not accurately represent in any manner the work of CFD paramedics?

30.     Does anyone hold any strong feelings about women working as paramedics, emergency medical technicians or emergency medical personnel in general that you believe would affect your ability to serve as a juror in this case?

31.     Do you believe that there are some jobs or occupations that should be limited to men? Or are there some jobs that you believe in general women just can't do?

        What about women in the military? In combat?

        What about women in law enforcement?

32.     Have you or anyone close to you ever felt you or they were discriminated against or treated very unfairly on the job? If yes, what, if anything, did you/they do about it?

158

33.     Have you or anyone close to you ever been accused of discriminating against someone or being unfair to an employee on the job?  If yes, what were the circumstances?  How was the matter resolved?

34.     Do you have any  belief that often  claims of discrimination or unfair treatment by employers are without merit

35.     Do you believe that there should be limits on the ability of people to sue when they think they have been the victim of discrimination by a potential employer?

36.     Do you have an opinion, good or bad, about the City of Chicago? If so, what is it?

37.     Many of the witnesses in this case will be fire department employees. Do you have any concern that you would tend to believe them over non fire department employees simply because of their rank or position?

38.     If you were to find that plaintiffs sustained non-economic damages such as emotional distress, is there anything that would prevent you from awarding monetary damages to compensate them for this distress?

1287498_4