IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN,<br><br>                *Plaintiffs*,<br><br>  v.<br><br>CITY OF CHICAGO,<br><br>                *Defendant*. | Case No.: 08 C 4370<br><br>Judge Charles Norgle<br><br>Magistrate Judge Jeffrey Cole |

**THE CITY OF CHICAGO'S OBJECTION
TO THE ORDER BARRING THE TESTIMONY OF CORTNEY PHILLIPS**

    A.    **Factual Background**

Defendant the City of Chicago ("the City"), by and through its undersigned counsel, hereby objects, pursuant to Federal Rule of Civil Procedure 72(a), to the pretrial ruling by the Magistrate Judge to limit the testimony of one of the City's witnesses, Cortney Phillips. In support hereof, the City states as follows:

In advance of the pretrial conference before the Magistrate Judge, Plaintiffs moved to bar certain witnesses and documents that they argued the City disclosed "more than three years after the close of fact discovery and almost one full year after the close of expert discovery." (Dkt. No. 342, Pls.' Mot. to Bar at 2.) As the City explained in response to the Motion, Cortney Phillips was identified as a potential rebuttal witness for the City to testify about the duties and demands of a Chicago Fire Department ("CFD") paramedic. (Dkt. No. 363, City's Resp. at 5.) Ms. Phillips is a current CFD firefighter/EMT who passed the physical abilities test ("PAT") in 2004. After being hired as a CFD paramedic, Ms. Phillips "crossed over" to become a firefighter/EMT.

The Magistrate Judge granted Plaintiffs' Motion to bar Ms. Phillips from testifying at trial. The Magistrate Judge's order barring Ms. Cortney Phillips from testifying as a rebuttal witness should be overruled.

### B. Standard of Review

Federal Rule of Civil Procedure 72(a) governs rulings by a magistrate judge on nondispositive matters. The rule provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Whereas a magistrate judge's factual findings are reviewed under the clear error standard, judges in this district conduct a 'full review' of a magistrate judge's conclusions of law." *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11-cv-1768, 2013 WL 6050006, at *2 (N.D. Ill. Nov. 14, 2013) (Lefkow, J.) (internal citation omitted) (citing, *inter alia*, *Mayer v. Small*, No. 85-cv-1502, 1989 WL 121207, at *2 (N.D. Ill. Oct. 2, 1989) (Aspen, J.) ("[P]resumably, the 'contrary to law' prong of the [28 U.S.C.] 636(b)(1)(A) standard requires *de novo* review of questions of law.")); *see also Muro v. Target Corp.*, 250 F.R.D. 350, 358, 365 (N.D. Ill. 2007) (stating that, under Rule 72, a district court will modify or set aside a magistrate judge's nondispositive orders only when they are clearly erroneous or contrary to law, and sustaining certain objections to the magistrate judge's discovery rulings). Here, the Magistrate Judge's ruling regarding the rebuttal testimony of Ms. Cortney Phillips is clearly erroneous and contrary to law.

### C. Proposed Testimony of Cortney Phillips is Proper Rebuttal Testimony

The City intends to call Ms. Phillips as a rebuttal witness, if necessary, to rebut the anticipated testimony from Plaintiffs regarding the 2004 administration of the PAT and Plaintiffs' perceptions regarding the job requirements of a CFD paramedic. Without knowing what the testimony of Plaintiffs will be until the trial commences, the City should be permitted to

2

call, if necessary, Ms. Phillips in rebuttal to contradict or defuse the impact of Plaintiffs' testimony. The use of a rebuttal witness is contemplated by the Local Rules. *See* Form LR16.1.1, Final Pretrial Order Form, n.6 (providing "Any witness not listed [in Pretrial Order] will be precluded from testifying absent good cause shown, **except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.**") (emphasis provided). By the Local Rules of this Court, a party is not obligated to identify rebuttal witnesses prior to calling them in rebuttal at trial, and identifying Ms. Phillips as a potential rebuttal witness was provided simply as a courtesy to Plaintiffs by the City.

"Rebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted." *Matthews v. Commonwealth Edison Co.*, 93 C 4140, 1995 WL 478820, at *3 (N.D. Ill. Mar. 24, 1995) (sustaining motion to bar witness who was not properly disclosed during discovery in the case-in-chief, but permitting witness to testify in rebuttal); *see also Atchison, Topeka and Santa Fe Ry. Co. v. Amer. Barge and Towing Co.*, 84 C 4772, 1986 WL 4146, at *2 (N.D. Ill. Mar. 20, 1986) (denying plaintiff's motion to bar identification of a new expert defense witness after the close of discovery and further providing "the expert has been identified as a witness in the parties joint final pretrial order. . . . The plaintiff cannot claim prejudice at this point. Further, in many cases a witness is allowed to testify even though he is not listed in the final pretrial order.") (citations omitted).

Accordingly, the City should be permitted to call, in rebuttal, Ms. Phillips, as well as other rebuttal witnesses, as necessary, to put forth testimony that rebuts or impeaches the

testimony presented in Plaintiffs' case-in-chief. The Magistrate Judge's ruling restricting the City's rebuttal was premature and erroneous. The Magistrate Judge's ruling to bar Cortney Phillips from testifying in rebuttal should be overturned, pursuant to Fed. R. Civ. P. 72(a).

May 22, 2014

Respectfully submitted,

**THE CITY OF CHICAGO**

By:   s/ Cary E. Donham

Allan T. Slagel (ARDC No. 6198470)
aslagel@taftlaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@taftlaw.com
John F. Kennedy (ARDC No. 6196185)
jkennedy@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527-4000

Respectfully submitted,

**STEPHEN R. PATTON,**
Corporation Counsel of the City of Chicago

By:   s/ Timothy Swabb

Timothy Swabb (ARDC No. 6193885)
Timothy.Swabb@cityofchicago.org
Alison Alvarez (ARDC No. 6281295)
alison.alvarez@cityofchicago.org
Assistants Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
312-744-8369


1290229_1