IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN<br>*Plaintiffs,*<br>v.<br><br>CITY OF CHICAGO,<br>*Defendant*. | Case No.: 08 C 4370<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Jeffrey Cole |

### PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS MOTION TO BAR

Plaintiffs Stacy Ernst et al. by their undersigned attorneys respectfully object to the preliminary ruling of Magistrate Judge Cole denying Plaintiffs Motion to Bar certain witnesses and in support of such motion states

1. This matter concerns a prehire physical test utilized by the Defendant City from 2000 to approximately 2010. During the course of fact and expert discovery, the names of several thousand persons were mentioned.

2. Plaintiffs had asked the Court during fact discovery to disclose the names and contact information for test administrators. The City disclosed that information pursuant to order. However, the City never amended its Rule 26(a) disclosures to identify these persons as individuals on whom it might rely to support its defense during fact or expert discovery.

3. Similarly during expert discovery, defendant's experts mentioned certain individuals whom they had contacted for various limited purposes. One of those witnesses as an individual who joined CFD in 2004, Ms. Lesley Stein Spencer. Dr. Rick Jacobs reported

that he had spoken to this individual briefly regarding the prehire experience of CFD paramedics. Therefore, Ms. Stein-Spencer, who had never previously been mentioned in the litigation was deposed in 2013.

4. Neither before nor after her deposition while discovery was ongoing did defendant amend its Rule 26(g) disclosures to identify Ms. Stein Spencer as a person on whom it intended to rely in support of its defense.

5. Instead, in January 2014, long after the close of fact and expert discovery, defendant amended its disclosures to add two test administrators and Ms. Stein Spencer as persons on whom it intended to rely to support its claims or defense.[1] Defendant then listed these individuals as persons whom it will or may call at trial.

6. Plaintiff moved to bar these and other late disclosed witnesses. (Ex. A,Plaintiff's motion to Bar). Defendant argued that because the names were disclosed the administrators ought be permitted to testify. Defendant further argued that since Ms. Stein Spencer had been mentioned and briefly deposed during expert discovery, she too ought be permitted to testify. Plaintiffs suggest that this witness ought be limited if permitted to testify only to her conversations with and disclosures to Dr. Rick Jacobs.

7. With great respect for Magistrate Judge Cole and his work in this matter, plaintiffs respectfully suggest that this ruling be overturned. As in all rulings on motions in limine, this order is of course subject to revision by this Court at trial. <u>Farfaras vs Citizens Bank & Trust,</u> 433 F.3d 558 (7th Cir. 2013). Plaintiffs respectfully suggest that particularly in a case where hundreds of names are disclosed in one document or another, compliance with Rule 26(a) is particularly important.

---

[1] This same disclosure added additional witnesses as well – some of whom were barred and others limited in the scope of their permitted testimony.

**8.** Defendant City did amend its Rule 26(a) disclosures from time to time and cited no reason or justification for its failure to identify these persons as persons on whom it intended to rely to support its defense until long after the close of discovery other than that their names were disclosed in other contexts.

Conclusion

For the reasons stated herein, Plaintiffs respectfully request this Honorable Court modify the ruling of the Magistrate Judge as to Plaintiffs Motion to Bar to preclude defendant from calling as defense witnesses Pat Graham, Rhonda Vandecoevering and to limit the testimony of Lesley Stein-Spencer to the subjects identified by Dr. Rick Jacobs in his report.

Respectfully submitted

s/Susan P. Malone

May 22, 2014_____

Susan P. Malone
smalonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638

Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910

3

David Borgen (Cal. Bar No. 099354)
dborgen@gdblegal.com
Michael Caesar (Cal. Bar No. 280548)
mcaesar@gdbhlegal.com
Goldstein Borgen Dardarian & Ho
300 Lakeside Drive, Suite 10000
Oakland, CA 94612
(510) 763-9800