## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STACY ERNST et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2008 C 4370 |
| | ) | |
| vs. | ) | Judge Charles Norgle |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO BAR UNDISCLOSED WITNESSESS AND DOCUMENTS

## INTRODUCTION

Mere weeks away from trial, long after the close of fact and expert discovery, and in violation of this Court's scheduling order regarding the disclosure of witnesses and documents, the City has unveiled the names of 11 previously undisclosed witnesses that it may call at trial. *See* Exhbit B Defendant's January 31, 2014 Second Supplemental Disclosures (Supp'l Disclosures) at 1-2. The City can demonstrate no justification, let alone a substantial one, for this violation of Federal Rule of Civil Procedure 26(a). This late disclosure of witnesses that "are likely to have discoverable information that the City may use to support its defenses," Supp'l Disclosures at 1, causes harm to Plaintiffs as they prepare for a trial that will commence in fewer than four weeks. Whether merely fact witnesses or offered to provide expert testimony, as seems to be the case in several instances, these witnesses must be excluded under Federal Rule of Civil Procedure 37(c)(1) and Seventh Circuit law. *See Salgado v. Gen. Motors. Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.").

## ARGUMENT

**I.** **The Federal Rules of Civil Procedure and Seventh Circuit Authority Require the Exclusion of the City's Belatedly-Disclosed Witnesses**

The City violated the plain language of Federal Rule of Civil Procedure 26(a) in disclosing fact and expert witnesses and additional documents more than three years after the close of fact discovery and almost one full year after the close of expert discovery. Rule 26(a)(1) provides in pertinent part that the "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises" must be provided to other parties and "promptly" filed unless provided solely for impeachment. Fed. R. Civ. P. 26(a)(3)(A)(i). The Rule further states that these disclosures must be made within any deadlines set by the District Court if such an order has been made, as is the case here. *See* Fed. R. Civ. P. 26(a)(3)(B). Fact discovery in this case was ordered completed by **September 30, 2010**. (9/2/2010 Order, ECF 60). After several extensions of time, this Court ordered all expert discovery completed by **March 29, 2013**. (12/11/2012 Order, ECF 188)

Sanctions for failing to disclose or unduly delaying the disclosure of discoverable information is governed by Federal Rule of Civil Procedure 37(c)(1).[1] The framework used to determine if the violation of Rule 26 requires the sanction of exclusion under Rule 37 is straightforward: first, courts ask whether there was "'substantial justification' for the failure to comply with discovery rules"; and second, courts examine "whether the failure to comply is 'harmless.'" *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004) (quoting Fed. R. Civ. P. 37(c)(1); *see also Salgado*, 150 F.3d at 741. Here, the City is unable to demonstrate

---

[1] The plain language of Federal Rule of Civil Procedure 37(c)(1) lays out the proper standard and resulting sanction for failure to disclose or supplement, as the City failed to do in this instance: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

that its failure to comply with this Court's discovery orders and with the Federal Rules was

justified.  Further, given the timing of the City's supplemental disclosures—after the close of

business on the deadline for the City's service of its trial witness and exhibit list—and Plaintiffs'

ongoing trial preparation, the City faces an impossible task in showing that this omission is

harmless.  Exclusion of the city's witnesses and these documents for noncompliance with Rule

26(a) is thus "automatic and mandatory" under Rule 37(c)(1).  *Id.* at 758.

### A. No Justification Exists for the City's Late Disclosure of Additional Witnesses on the Eve of Trial

 In 2009, Defendant served its Rule 26(a) disclosures. That document listed two

witnesses: Charles Stewart and Deborah Gebhardt. After several extensions, fact discovery was

ordered to be completed by **September 30, 2010**. On September 29, 2010 at 3:53 PM,

Defendant faxed a "supplemental" disclosure. This document for the first time identified Todd

Baker as a person having factual knowledge of "test administration and scoring." (Ex. A,

9/29/2010 supplemental disclosure).

On *January 31, 2014*—the deadline for service of Defendant's draft of the pretrial

order—it forwarded by email its "second" supplemental "Rule 26(a) disclosure." (Ex B). In that

document, Defendant identified for the first time 16  individuals not included in its original or

first supplemental disclosure as persons having "discoverable information that the City might use

to support its defenses." [2]   Some of those persons (Adrienne Bryant, Sheldon Hurovitz and

Dennis Berry) were previously known albeit in a very limited context. . . Plaintiffs assume that

defendant does not intend to expand their testimony beyond those limited roles at trial.

Defendant further identified as documents "it may use to support its defense its "Trial Exhibit

List, produced herewith."  In the same email, Defendant forwarded its draft of the pretrial order,

---

[2] Even now, as to all of those listed, the City has not provided as required by the Rule their addresses or telephone numbers.

including proposed exhibit and witness list. (Ex. C) No documents accompanied this email ostensibly on the grounds that such documents were in part "confidential" in nature and therefore could not be transmitted electronically via encrypted file sharing. Instead these were delivered in part on February 3, 2014.[3]

While a few of the City's 16 undisclosed witnesses were disclosed in other contexts, e.g. during expert discovery, as persons who provided data to the City's experts or who were present at a few meetings , the large majority of the City's new trial witnesses were never disclosed in any context as persons with knowledge.

### i. Renee Gardner and Steve Swanson

The City has identified Renee Gardner and Steve Swanson as persons on whom it may rely for the "costs of training." These individuals were never identified during fact or expert discovery. Thus, Gardner and Swanson were completely unknown to Plaintiffs until four weeks before trial. Renee Gardner is listed as "will call" on the City's witness list that accompanied its January 31, 2014 "supplemental disclosure." The City cites no justification for disclosure of these persons more than three years after the close of fact discovery. Plaintiffs had no opportunity to depose them or to examine the City's (alleged) evidence of the costs of training. In fact, the City produced no admissible evidence of alleged training costs during the entirety of fact and expert discovery.[4] The City cannot construct a defense on this issue on the deadline for service of its draft pretrial order.

### ii. Mark Hong, Jenine Gollogy, Jennifer Bruckner, Cortney Phillips and Catherine Skelly

---

[3] On December 30, 2013, defendant belatedly delivered a different set of documents more than six months after close of expert discovery.

[4] Although one of defendant's experts claims to address this in his report, the sole data on which he relies for these assertions appear to be summaries provided by defense counsel. (ERN 11793 Preston to Jacobs 7/16/2012, ERN 11620-11621 subsequently produced as the referenced attachments)

The City has identified five individuals—Mark Hong, Jenine Gollogy, Jennifer Bruckner, Cortney Philips and Catherine Skelly—as persons whom it intends or may utilize to testify regarding "demands of the paramedic job."  None of these persons was disclosed during fact discovery as individuals with knowledge of the City's defenses and therefore none of them was deposed. As with Gardner and Swanson, there is no excuse, and the City cannot discover and disclose new evidence on the "demands of the paramedic job" mere weeks before trial.

### iii.    Arthur Harris

The City identifies "Arthur Harris" as a person on whom it may call regarding "photographs of PAT equipment." Relatedly, on February 3, 2014, the City delivered what purport to be photographs of the PAT equipment lying on the floor in an undisclosed location. (*See*, *infra*, discussion of newly-disclosed documents.) The City cites no justification for the 11th hour disclosure of the photographs or Mr. Harris. The City must be barred from calling or relying upon this witness or these photographs . Fed. R. Civ. P. 37(c)(1).

### iv.    Pat Graham and Rhonda Vandecoevering

The City has identified "Pat Graham" and "Rhonda Vandecoevering" as persons who have discoverable information about the "Administration of the PAT in 2004." These individuals were never disclosed at any time during fact or expert discovery; yet both are now listed as "may call" on the City's witness list. Relatedly, the City has identified as trial exhibits thousands of pages of score sheets it now claims were "completed" by Rhonda Vandecoevering.These witnesses (and the documents) must be excluded.  Fed. R. Civ. P. 37(c)(1).  Plaintiffs cannot depose these witnesses now, and even if they could, they would have no opportunity to develop

evidence on the same subject. [5] The prejudice is obvious. The Rules do not permit trial by surprise.

### v.  Leslee Stein Spencer and Mark Kiely

The City's January 31, 2014 disclosure identifies Leslee Stein Spencer as a person having discoverable information on "licensing and regulations of emergency medical personnel and the physical demands of CFD versus other paramedics." The City named Ms. Stein-Spencer in its contemporaneously provided draft of the pretrial order as someone whom it "will call." Ms. Stein-Spencer's name was never disclosed as someone with any information on these topics at any time during fact discovery. Her name was first brought up in the 2012 reports of Dr. Rick Jacob, one of the City's experts. Dr. Jacobs contends he spoke with Ms. Stein Spencer who told him that paramedics can be fully licensed without having actual work experience. Ms. Stein-Spencer was thereafter deposed regarding her contact with Dr. Jacobs, but only on that topic, since that was the sum total of the City's "disclosure" of her. At deposition, she disclosed she had joined the City in 2007 and had approximately one 5-10 minute conversation with Dr. Jacobs and Mr. Swabb. At no time prior to January 31, 2014 did the City reveal it intended to rely upon Ms. Stein Spencer for the subjects now listed. The prejudice to the Plaintiffs is manifest: Defendant could easily have disclosed this witness prior to the close of fact discovery as someone with admissible evidence on the subjects listed. Plaintiffs would then have had time and

---

[5] Until the deadline for service of its trial witness list, the City took the position that information on test administration was immaterial. Plaintiffs had asked in interrogatories for the identity of the test administrators. The City objected that such information was irrelevant to the case. In response to Plaintiffs' motion to compel, the City was ordered to provide those names, and did produce a few pages in which it made contradictory statements concerning these individuals, i.e. listing some names as test administrators on one page and different persons on another. Because none of these persons were identified by the City in any disclosure as persons on whom the City intended to rely, the witnesses were not deposed during fact discovery Kropek v City of Aurora, 2012 U.S.Dist. Lexis 61693, 2012 WL 1570410 (mere fact that the name was disclosed even in initial interrogatory response unpersuasive that late disclosure was proper

the opportunity to obtain evidence to rebut any such testimony. Ms. Stein-Spencer must be barred. Fed. R. Civ. P. 37(c)(1).

Likewise, during expert discovery, Mark Kiely was identified as a person who had knowledge of a fire department database, and his deposition was part of the agreement resulting in the September 2012 stipulation. (ECF 175). However, he was never identified during fact discovery as a person having discoverable knowledge of the City's defenses or of the demands of the paramedic job. When produced, Mr. Kiely testified about his knowledge of the fire department database. During that testimony, he did disclose that he was hired without any prehire physical tests and that every candidate in his academy class completed training and graduated.[6] That represents the substance of his total involvement in this case until now. Yet, the City now names him as someone they may call to testify about the "demands of paramedic job." Mr. Kiely was never identified as someone with discoverable knowledge on this subject and therefore must be barred except as to those limited subjects addressed at his deposition.  Fed. R. Civ. P. 37(c)(1). Had he been disclosed, Plaintiffs would have deposed him about these subject during fact discovery and had the opportunity, if needed, to obtain testimony rebutting any claims he might make.

### vii. Todd Baker

In its trial list, the City has identified Dr. Baker as "may call." Apparently Dr. Baker did work for the City's test vendor, Human Performance Systems. As noted above, fact discovery was ordered closed on September 30, 2010. On  September 29, 2010 at 3:50  PM, Defense counsel Swabb delivered a "supplemental" Rule 26(a) disclosure. That disclosure first named Dr. Baker but did not state whether he was being identified as fact or expert witness and did not

---

[6] He also agreed that it has always been violative of the Standing Medical Orders and CFD policy to transport patients in stairchairs. This is relevant because one of Dr. Gebhart's "work sample" tests involved speeding loaded stairchairs up a ramp allegedly replicating CFD paramedic work.

provide any address or contact information for him.  Further, Dr Baker was identified  as someone with information on test administration and scoring. Because he was not earlier identified as a defense witness , and because Defendant had earlier stated it did not intend to call Dr. Baker as a fact witness, he was not deposed nor could have been deposed during the hours remaining for fact discovery. Moreover, since he provided no expert report, there was no discovery directed to Dr. Baker during expert discovery. However, Defendant now lists Dr. Baker as a person whom it may call at trial and lists what apparently is his resume as one of the City's proposed exhibits.

According to the City documents, Dr. Baker may have administered one test, the leg lift, test to one Plaintiff, Michelle Lahalih.[7] The City having failed to disclose him in any other capacity, this new witness must be barred except perhaps to testify as to his recollection of administering that particular test on that day.

### B.  No Justification Exists For The City Belated Disclosure Of Documents

In its January 31, 2014 supplement, Defendant identified as documents it might utilize "to support its defenses"  as "See Defendant's trial exhibit list produced herewith."  In that listing, Defendant identified several exhibits consisting of documents produced on or about December 30, 2013 (ERN 18495-18663) and on February 3, 2014 (ERN 18664-18889).  Most if not all of these documents consist of City documents created long ago or what appear to be summaries of other city documents that have not been produced as well as what may be photographs taken more recently, after Plaintiffs informed Defendant that the test equipment

---

[7] According to the vendor and the plaintiffs , only the candidate and a proctor (mostly hired for the day by HPS) were present during test administration. Thus, only the candidate and the proctor would have personal knowledge of what did or did not transpire during the test. HPS contends that the proctor would be identified by their initials on the score sheets. According to those score sheets, someone with initials that look like TB claims to have administered the "leg lift" test to plaintiff Lahalih. .

would need to be brought to trial.[8]  If it were merely a few pages of ancillary material, plaintiffs would likely not object. However adding several hundred pages almost one full year after the close of expert discovery cannot be accepted particularly where such material was in existence and known to defendant. Defendant must be barred from relying upon these additional 400 pages of material. Plaintiffs attach to this motion a summary description of these documents as Exhibit D

The City's trial exhibit list also lists and describes as "demonstrative exhibits" Exhibits 81 to 88. These are listed with such vague descriptions as "Demonstrative exhibit trauma timeline." (Ex C Excerpts of City's draft of pretrial order) The City has not yet produced any of these exhibits or identified the foundation documents for them. Thus, Plaintiffs cannot determine whether there are data or documents to support them or whether those data and documents were ever produced. Defendant's response to Plaintiff's inquiry concerning these was that these exhibits are still being designed and that demonstrative exhibits need be provided only one to two days in advance of trial.

Plaintiffs agree that if a party is merely making minor adjustment  or reformatting previously disclosed and provided information and documents, such minor changes or tweaks perhaps are not needed until immediately before trial.  As it currently stands however, although Defendant stated in its disclosure that these materials support the City's defenses, Plaintiffs have no idea what these descriptions are intended to convey. At a minimum, Defendant should be required to identify the underlying material being used to create each demonstrative exhibit so Plaintiffs can determine whether that information was previously disclosed. Likewise, the City

---

[8] Some of the documents produced on December 30, 2013 consist of what appears to be photographs of  portions of the test equipment strewn on the floor at an unknown location.

should be barred from relying upon any demonstrative exhibit if the foundation documents and testimony were not disclosed.

### C. Allowing the Testimony of These Witnesses and The Use of These Documents After the Close of Fact and Expert Discovery Would Cause Great Harm to Plaintiffs

The City's late revelation of these witnesses and documents in its January 31, 2014 supplemental disclosure is damaging to Plaintiffs and to their ongoing trial preparation. Courts in the Seventh Circuit analyze the level of harm caused by a prohibited disclosure by looking at the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the party's ability to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill 2006) (citing *Keach v. United States Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005). Plaintiffs had no expectation of having to prepare for the possible testimony of previously undisclosed witnesses and documents and ample time to conduct further discovery does not exist. *Musser*, 356 F.3d at 759. Further, Plaintiffs will have virtually no opportunity to "conduct necessary discovery" or "respond to witnesses that have not been disclosed. *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 134 (E.D. Wisc. 2003) (further stating that "[t]he importance of lay and expert witness disclosures and the harms resulting from a failure to disclose need little elaboration"). The City's conduct thus runs counter to all of these factors and their newly-named witnesses and newly disclosed documents must be barred. Fed. R. Civ. P. 37(c)(1); *Salgado*, 150 F.3d at 742 (7th Cir. 1998) ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.").

Conclusion

For the reasons stated herein, Plaintiffs respectfully request this Honorable Court bar defendant City from listing in the pretrial order and seeking to call Renee Gardner, Steve Swanson, Mark Hong, Jenine Gollgy, Jennifer Bruckner, Cortney Phillips, Catherine Skelly, Arthur Harris, Pat Graham and Rhonda Vandacoevering as witnesses. Plaintiff further request that Todd Baker if permitted to be called be limited to testifying as he claims  transpired during the leg lift test administered to Michelle Lahalih, that Lesley Stein Spencer be limited to testifying concerning her communications with Rick Jacobs and that Mark Kiely be limited to the subjects addressed at his deposition.

Plaintiffs further request that the defendant be barred from listing as proposed trial exhibits or seeking to utilize documents and materials produced on or after December 30, 2013

Finally, Plaintiffs respectfully request defendant be ordered to provide the foundation materials for the proposed demonstrative exhibits together with those proposed exhibits and, if such foundation material was not previously produced the exhibits reliant thereon be barred.


Respectfully submitted

s/Susan P. Malone
SUSAN P. MALONE
smalonelaw@sbcglobal.net
20 N Clark Street Suite 1725
Chicago, IL 60602
smalonelaw@sbclobal.net
(312) 726-2638; 312-372-6067 (FAX)

DAVID BORGEN
dborgen@gbdlegal.com
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive Suite 1000
Oakland, CA 94612
(510-763-9800; (510) 835-1417 (FAX)

MARNI WILLENSON
marni@willensonlaw.com

511563.1

Willenson Law LLC
542 S Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910/ (312) 261-9977 (FAX)
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

STACY ERNST et al.,             )

                              )

              Plaintiffs,     )      No. 2008 C 4370

                              )

           vs.            )      Judge Charles Norgle

                              )

CITY OF CHICAGO,       )      Magistrate Judge Cole

                              )

           Defendant.    )

Exhibit A – September 29, 2010 Rule 26(a) Disclosure

1



# CITY OF CHICAGO DEPARTMENT OF LAW
**Employment Litigation Division**
**30 N. LaSalle St., Suite 1020**
**Chicago, IL 60602**


# FAX TRANSMISSION

**Date:** _9/29/2010_          **Fax No:** _312-726-2640_

**To:** _S. Malone_

**From:** _T. Swebb_          **Phone No.:** _____

**Subject:** _Ernst v. City  08 C 4370_

**Message:** _6 pages_

*If any pages are missing please call*

**IMPORTANT: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS
PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.**
If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the
message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please notify us immediately
by telephone and return the original message to us at the above address via United States Postal Services. Thank you

Page _1_ of _6_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STACY ERNST et al.,                    )
                                       )
                        Plaintiff,     )    No. 08 C 4370
        v.                             )
                                       )    Judge Norgle
CITY OF CHICAGO,                       )
                                       )    Magistrate Judge Cole
                        Defendant.     )

DEFENDANT'S FIRST SUPPLEMENTAL
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) DISCLOSURES

Defendant City of Chicago ("City"), makes the following supplemental disclosures
pursuant to Rule 26(e):

(A)    Pursuant to Rule 26(a)(1)(A), the following are individuals who are likely to have
discoverable information that the City may use to support its defenses, and the subjects of the
information:

| | |
|---|---|
| Charles Stewart<br>District Chief, Personnel Division<br>Chicago Fire Department | 2004 Chicago Fire Department Paramedic Physical Abilities Test, maintenance of Chicago Fire Department personnel division files pertaining to the Paramedic Physical Abilities Test |
| Derrick Jackson<br>former Deputy Fire Commissioner Bureau of Employment Services, Retired | Development of the Chicago Fire Department Paramedic Physical Abilities Test |
| Dr. Deborah L. Gebhardt, Ph. D.<br>Dr. Todd Baker, Ph. D<br>Human Performance Systems, Inc. | Development of the Chicago Fire Department Paramedic Physical Abilities Test, administration and scoring of the 2004 Paramedic Physical Abilities Test. |
| Patricia Ciara<br>Chief, Chicago Fire Department, Retired | Chicago Fire Department administration of the 2004 Paramedic Physical Abilities Test |
| Record Keeper | As needed to lay foundation for any records produced by the City in this action |
| Patrick Howe | Maintenance of Chicago Fire Department records pertaining to development of Paramedic Physical Abilities Test. |

| Plaintiff Stacy Ernst | Application to the Chicago Fire Department, preparation for and participation in 2004 Paramedic Physical Abilities Test. |
|---|---|
| Plaintiff Katherine Kean | Application to the Chicago Fire Department, preparation for and participation in 2004 Paramedic Physical Abilities Test. |
| Plaintiff Irene Res-Pullano | Application to the Chicago Fire Department, preparation for and participation in 2004 Paramedic Physical Abilities Test. |
| Plaintiff Dawn Hoard | Application to the Chicago Fire Department, preparation for and participation in 2004 Paramedic Physical Abilities Test. |
| Plaintiff Michelle Lahalih | Application to the Chicago Fire Department, preparation for and participation in 2004 Paramedic Physical Abilities Test. |

In addition, the City reserves the right to call any individuals disclosed by plaintiffs and the City throughout their Rule 26 disclosures and any supplements, plaintiffs' complaint, plaintiffs' responses to the City's interrogatory responses and production requests. The above City employees, Patricia Ciara, and Derrick Jackson may be contacted through the undersigned. Drs. Gebhardt and Baker may be reached through their attorney, Scott M. Gilbert, at Hinshaw and Culbertson, 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601, 312-704-3000 (telephone), 312-704-3001 (facsimile). The City further states that its investigation continues and it will supplement this disclosure in accordance with Rule 26(e).

(B)    Pursuant to Rule 26(a)(1)(B), the City identifies the following documents, which it may use to support its defenses:

1.    IDHR Charge Nos. 2005 CF 3220, 2005 CF 3221, 2005 CF 3221, 2005 CF 3222, 2005 CF 3223, 2005 CF 3224 (Bates Nos. ERN000247-261);

2.    The Collective Bargaining Agreement between the City of Chicago and CFFU, No. 2 effective July 1 2003 through June 30, 2007 (Bates Nos. ERN000070-246);

3.    The City of Chicago Personnel Rules, revised May 13, 2003 (Bates Nos. ERN000001-69);

4.    Paramedic Examination Announcement - Exam #C8750-0001-2004 (Bates Nos. ERN000264-271);

5.   Chicago Fire Department General Order No. 91-012 (Bates Nos. ERN000272-275);

6.   Plaintiffs' application materials (Bates Nos. ERN000276-388);

7.   Plaintiffs' 2004 physical abilities test score sheets (Bates Nos. ERN000561-565);

8.   Plaintiff Stacy Ernst's 2001 and 2010 physical abilities test score sheets;

9.   Plaintiff Irene Res Pullano's physical abilities test 2010 score sheet;

10.  Professional Services Agreement Between the Chicago Fire Department and Human Performance Systems, Inc. (Bates Nos. ERN000389-494);

11.  April 2000 Paramedic Candidate Physical Testing Summary Sheet (Bates Nos. ERN001198-1202), April 4, 2000, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001409-1463), April 5, 2000, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001464-1519), April 6, 2000, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001520-1575), April 7, 2000, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001576-1638), June 11, 2001, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001639-1680), June 12, 2001, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001681-1735), June 13, 2001, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001736-1785), June 14, 2001, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001786-1846), June 15, 2001, Chicago Fire Department Paramedic Physical Test Score Sheets (Bates Nos. ERN001847-1897), Paramedic Candidate Phys Performance Testing Summary Sheet (Bates Nos. ERN1191-1197), 2004 Chicago Fire Department Physical Abilities Test Score Sheets (Bates Nos. ERN003409-3624), August 2004 EMS Candidate Physical Performance Test Individual Candidate Test Results (Bates Nos. ERN001184-1189), July 26, 2005, July 27, 2005, July 28, 2005, and July 29, 2005 Chicago Fire Department EMS Physical Ability Test Score Sheets (Bates Nos. ERN000981-1183), July 2007 Physical Abilities Test Scores (Bates Nos. ERN004108-4112), Breakdown of July 2007 test scores by sex/race/age (Bates No. ERN004113), October 2008 and March 2009 Chicago Fire Department EMS Physical Abilities Test Score Sheet (Bates Nos. ERN000557-560), March 10, 2009 Chicago Fire Department EMS Physical Abilities Test Scores (Bates Nos. ERN000835-888), October 8, 2008 and October 9, 2008 Chicago Fire Department EMS Physical Ability Test Scores (Bates Nos. ERN000889-980), Chicago Fire Department: Ability Results for Paramedic Applicants by Exam (Bates Nos. ERN000506-556);

12.  Overview of Paramedic Physical Abilities Test (Bates Nos. ERN 000264-271);

13.  Development and Validation of a Physical Performance Test for Selection of City of Chicago Paramedics, October 1999, H.P.S. Inc. (Bates Nos. ERN000566-832, ERN004745-4846, ERN005485-5800);

14.  Video regarding Paramedic Physical Abilities Test (Bates No. ERN005172); and

15.  2004 Chicago Fire Department Physical Abilities Test Examination Announcement (Bates Nos. ERN000262-263).

The City states that its investigation continues and it will supplement this disclosure in accordance with Rule 26(e)(1).

C)      Rule 26(a)(1)( C) is not applicable to the City.

(D)     Pursuant to Rule 26(a)(1)(D), the City has no insurance agreement that may be used to satisfy part or all of a judgment that may be entered in this case.

Dated: September 29, 2010

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel of the
City of Chicago

By: _____

TIMOTHY SWABB
JOAN P. ALTMAN
Assistants Corporation Counsel

Employment Litigation Division
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
312-744-8369/744-2836

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the above Defendant's First

Supplemental Federal Rule of Civil Procedure 26(a)(1) Disclosures to be served by hand

delivery and by fax this 29th day of September, 2010 to the following person:

Susan P. Malone
20 N. Clark Street, Suite 1725
Chicago, IL 60602
fax: (312) 726-2640

TIMOTHY L. SWABB

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

STACY ERNST et al.,           )

                                )

             Plaintiffs,    )      No. 2008 C 4370

                                )

            vs.           )      Judge Charles Norgle

                                )

CITY OF CHICAGO,       )      Magistrate Judge Cole

                                )

             Defendant.    )

Exhibit B – January 31, 2014 Rule 26(a) Disclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

STACY ERNST, DAWN HOARD, IRENE
RES-PULLANO, MICHELLE LAHALIH, and
KATHERINE KEAN,

*Plaintiffs,*

v.

CITY OF CHICAGO,

*Defendant.*

Case No.: 08 C 4370

Judge Norgle

Magistrate Judge Jeffrey Cole

## DEFENDANT'S SECOND SUPPLEMENTAL
## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A) DISCLOSURES

Defendant City of Chicago ("Defendant" or the "City"), by and through its undersigned

attorneys, reincorporates its previous Rule 26(a)(1)(A) disclosures and hereby makes the

following additional supplemental disclosures pursuant to Rule 26(a)(3) and 26(e):

1.      Pursuant to Rule 26(a)(1)(A)(i), the following are individuals who are likely to

have discoverable information that the City may use to support its defenses:

| Witness | Nature of Testimony |
|---|---|
| Adrianne Bryant, Deputy Commissioner, Personnel Division. | Adoption and administration of the paramedic physical abilities test ("PAT") |
| Dennis Berry | Dispatch data |
| Leslee Stein-Spencer R.N., Manager of Quality Assurance | Licensing and regulation of emergency medical personnel and physical demands of CFD versus other paramedics |
| Renee Gardner, Finance Officer, Finance and Fiscal Management | Cost of training |

| | |
|---|---|
| Steve Swanson, Director of Finance, Chicago Fire Department | Cost of training |
| Mark Kiely, Paramedic In Charge, EMS North Relief | Demands of paramedic job |
| Darryl Johnson, Firefighter/EMT, Training Division | Academy training for paramedics |
| Sheldon Hurovitz | Adoption and administration of PAT |
| Arthur Harris | Photographs of PAT equipment |
| Pat Graham | Administration of PAT in 2004 |
| Rhonda Vandecoevering | Administration of PAT in 2004 |
| Mark Hong | Demands of paramedic job |
| Jenine Gollogly | Demands of paramedic job |
| Jennifer Buckner | Demands of paramedic job |
| Cortney Phillips | Demands of paramedic job |
| Catherine Skelly | Demands of paramedic job |
| Any witnesses who Plaintiff may call at trial. | |

2. Pursuant to Rule 26(a)(1)(A)(ii), the City identifies the following documents, which it may use to support its defenses:

- *See* Defendant's Trial Exhibit List, produced herewith.
- Any exhibits that Plaintiffs may introduce at trial.

Dated:  January 31, 2014

Respectfully submitted,

THE CITY OF CHICAGO

By: _____

One of Its Attorneys

Timothy Swabb
Alison Alvarez
Assistants Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
312-744-8369

Allan T. Slagel (ARDC No. 6198470)
aslagel@taftlaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@taftlaw.com
Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
TAFT, STETTINIUS & HOLLISTER, LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527-4000

3

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the above Defendant's Second Supplemental Federal Rule of Civil Procedure 26(a)(1) Disclosures to be served by regular mail and e-mail this 31st day of January, 2014 to the following persons:

Susan P. Malone
20 N Clark St Ste 1725
Chicago, IL 60602-5000

Marni Willenson
Willenson Law LLC
542 S Dearborn St Ste 610
Chicago, IL 60605-1574

David Borgen
Michael Caesar
Goldstein Borgen Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612-3536

TIMOTHY L. SWABB

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | | |
|---|---|---|---|
| STACY ERNST et al., | | ) | |
| | | ) | |
| | Plaintiffs, | ) | No. 2008 C 4370 |
| | | ) | |
| vs. | | ) | Judge Charles Norgle |
| | | ) | |
| CITY OF CHICAGO, | | ) | Magistrate Judge Cole |
| | | ) | |
| | Defendant. | ) | |

Exhibit C –
City Draft of Pretrial Order – Excerpts of Exhibit and Witness Lists

1

| 75 | Score Sheets Completed by Rohnda Vandecoevering on August 11, 2004 | ERN 562, ERN 3190-3230, ERN 3232-3251, ERN 3410, ERN 3476-3488, ERN 3490-3493, ERN 3499 | | |
|---|---|---|---|---|
| 76 | Score Sheets Completed by Rohnda Vandecoevering on August 12, 2004 | ERN 563, ERN 565, ERN 3252-3296, ERN 3306-3308, ERN 3411, ERN 3413, ERN 3417-3420, ERN 3500-3509, ERN 3521-3523, ERN 3558-3578, ERN 3586-3592, ERN 3617 | | |
| 77 | Score Sheets Completed by Rohnda Vandecoevering on August 13, 2004 | ERN 3316-3324, ERN 3328-3348, ERN 3355-3379, ERN 3415-3416, ERN 3512-3514, ERN 3531-3539, ERN 3543-3557, ERN 3579-3585, ERN 3599-3608, ERN 3611, ERN 3614-3616 | | |
| 78 | Photographs of PAT Equipment | ERN 18829-18849 | | |
| 79 | List of Paramedic Separations Since January 1990 While in Academy | ERN 18664-18666 | | |

59

| 80 | Deborah Gebhardt resume (2006) | ERN 4497 - 4518 | | |
| 81 | Demonstrative exhibit: illustration demonstrating relationship between job activity and test elements | | | |
| 82 | Demonstrative exhibit: chart depicting percentage of female paramedics before and after implementation of the test | | | |
| 83 | Demonstrative exhibit: validation timeline | | | |
| 84 | Demonstrative exhibit: administration timeline | | | |
| 85 | Demonstrative exhibit: trauma timeline | | | |
| 86 | Demonstrative exhibit: maps demonstrating HPS and Campion's physical abilities projects around the country | | | |
| 87 | Demonstrative exhibit: illustration of regression analysis | | | |
| 88 | Demonstrative exhibit: graphical representation of Plaintiffs' test scores | | | |
| 89 | Demonstrative exhibit: photographs of test equipment | | | |
| 90 | Demonstrative exhibit: steps taken to reduce adverse impact | | | |
| 91 | Any of Plaintiffs' exhibits that are admitted | | | |

| | | |
|---|---|---|
| (adverse) | through counsel for Defendant | |
| Mark Kiely (adverse) | May be contacted through counsel for Defendant | |
| Darryl Johnson (adverse) | May be contacted through counsel for Defendant | |
| Patricia Ciara (adverse) | 8814 S. Hamilton Chicago, IL 60620 | |

## DEFENDANT'S WITNESS LIST

### 1. Will Call

| Witness | Contact Information | Objections |
|---|---|---|
| Charles Stewart III District Chief, Personnel Division Chicago Fire Department | May be contacted through counsel for Defendant | |
| Adrianne Bryant Deputy Commissioner, Personnel Division Chicago Fire Department | May be contacted through counsel for Defendant | |
| Dr. Deborah L. Gebhardt, Ph.D. Human Performance Systems | May be contacted through counsel for Defendant | |
| Dr. Todd Baker, Ph. D. Human Performance Systems | May be contacted through counsel for Defendant | |
| Dr. Rick Jacobs | May be contacted through counsel for Defendant | |
| Dennis Berry | May be contacted through counsel for Defendant | |
| Leslee Stein-Spencer, R.N. Manager of Quality Assurance Chicago Fire Department | May be contacted through counsel for Defendant | |
| Renee Gardner Finance Officer Finance and Fiscal Management Chicago Fire Department | May be contacted through counsel for Defendant | |

63

2. **May Call**

| Witness | Contact Information | Objections |
|---|---|---|
| Steve Swanson Director of Finance Chicago Fire Department | May be contacted through counsel for Defendant | |
| Mark Kiely Paramedic In Charge EMS North Relief Chicago Fire Department | May be contacted through counsel for Defendant | |
| Darryl Johnson Firefighter/EMT Training Division Chicago Fire Department | May be contacted through counsel for Defendant | |
| Patrick Howe | May be contacted through counsel for Defendant | |
| Sheldon Hurovitz | May be contacted through counsel for Defendant | |
| Derrick Jackson | May be contacted through counsel for Defendant | |
| Arthur Harris Communications Division Chicago Fire Department | May be contacted through counsel for Defendant | |
| Pat Graham | May be contacted through counsel for Defendant | |
| Rhonda Vandecoevering | May be contacted through counsel for Defendant | |
| Mark Hong | May be contacted through counsel for Defendant | |
| Jenine Gollogly Paramedic in Charge Chicago Fire Department | May be contacted through counsel for Defendant | |
| Cortney Phillips Firefighter/EMT Chicago Fire Department | May be contacted through counsel for Defendant | |
| Catherine Skelly Firefighter/EMT Chicago Fire Department | May be contacted through counsel for Defendant | |
| Jennifer Buckner | May be contacted | |

64

| | | |
|---|---|---|
| Firefighter/EMT Chicago Fire Department | through counsel for Defendant | |
| Defendant reserves the right to call any witness identified by Plaintiffs | | |
| Rebuttal Witnesses | | |

65

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| STACY ERNST et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2008 C 4370 |
| | ) | |
| vs. | ) | Judge Charles Norgle |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

Exhibit D –

Summary of City December 30, 2013 and
February 3, 2014 production

1

**DEFENDANTS DECEMBER 30, 2013**
**AND FEBRUARY 3, 2014**

| Bates #l Exhibit # | Description | Trial Exhibit Ex. # | | |
|---|---|---|---|---|
| ERN 18495-18528 | Uniform Strength reports 1996-2006 as of December 31, 2006 | Defense Ex. 59 and used as "foundation of later produced summary Ex. 58 | | |
| ERN 18529-ERN 18576 | January 2012 hearing re potential disability claim of Alicia Browne | | | |
| ERN 18577 to 18663 | May 2013 hearing re removal from disability of Alicia Browne | | | |
| ERN 18664 to ERN 18666 | PDF of spreadsheet allegedly summarizing separation from 1990 to 2011 while in academy | Def Ex. 79 | | |
| ERN 18667 to ERN 18228 | Alleged 2005 contract for purchase of additional ambulances | Def. Ex. 71 – listed as "stretcher contract" | | |

| | | | | |
|---|---|---|---|---|
| ERN 18229 to 18840 | Photographs | Defense Ex. 78 | | |
| ERN 18850 | Summary of alleged numbers of women as paramedics 1996 to 2006 | Defense Ex. 58 | | |
| ERN 11851-59 | New Resume of Gebhardt with additional claims of experiences and awards | Defense Ex 1 | | |
| ERN 18860 to 18889 | PDF of apparent Excel spreadsheet showing elected information for certain test subjects 2000 to 2009 | Defense Ex. 60 | | |