**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN<br>*Plaintiffs,*<br>v.<br><br>CITY OF CHICAGO,<br>*Defendant*. | )<br>)<br>) Case No.: 08 C 4370<br>)<br>) Judge Charles R. Norgle, Sr.<br>)<br>) Magistrate Judge Jeffrey Cole<br>) |

# PLAINTIFFS' OBJECTION TO ORDER AS TO DFENSE EXHIBIT 37

Plaintiffs Stacy Ernst et al. by their undersigned attorneys respectfully object to the preliminary ruling of Magistrate Judge Cole admitting Defense Exhibit 37 and in support of such motion state

1. Defense Trial Exhibit 37 consists of an unsigned "validation study" authored by HPS and various appendices to that study. It comprises approximately 800 pages of material rife with hearsay within hearsay.

2. In this document, HPS purports to report the "concerns" and goals of the defendant City. In this report HPS states that for reasons of "safety and job performance, the City of Chicago must be concerned" (Ex. 37, ERN 5494) and cite claims that information, data and survey information was obtained from CFD at various steps – most often from unidentified persons (see e.g. Ex. 37, ERN 5495,5497, 5508). Many of these statements are clearly inadmissible for the truth of the matter asserted and are classic hearsay.

3. In September 2010, the City submitted this report as its first expert report. The City then "amended" its submission to include a four page summary of this document as its initial

expert report. Although the parties agreed that Expert Reports are not admissible and may not be given to the jury, the City contends Exhibit 37 which is in essence its first expert report ought be admitted. .

4. The validation study is not admissible for the truth of the hearsay statements. As the magistrate judge recognized in granting Plaintiffs Motion in Limine #2, neither defense expert Dr. Gebhardt nor Dr. Jacobs can offer admissible testimony as to the intentions and concerns of the City in adopting or seeking to utilize this test. (ECF 421 Order on Motions in Limine).

5. For the same reasons, defendant cannot attempt to achieve this purpose indirectly by seeking to utilize or cite Exhibit 37 as evidence of the truth of the statements contained therein as to CFD goals or concerns.

6. Therefore, plaintiffs respectfully request this Honorable Court pursuant to F.R.C.P 72 to overturn the order permitting Exhibit 37 into evidence. Alternatively, should the Court determine that this document may be admitted for limited purpose, plaintiffs respectfully request this Court expressly limit the use of this report to preclude defendant from arguing or suggesting that this report contains admissible evidence as to the goals or intention or actions of CFD in seeking, adopting or utilize this test. Dr. Gebhardt may of course testify as to her actions and her report but the document itself with its multiple layers of hearsay ought not be admitted into evidence and provided the jury.

7. With great respect for Magistrate Judge Cole and his work in this matter, plaintiffs respectfully suggest that this ruling be overturned. As in all rulings on motions in limine, this order is of course subject to revision by this Court at trial. Farfaras vs Citizens Bank & Trust, 433 F.3d 558 (7th Cir. 2013). Plaintiffs respectfully suggest that in what may be

a lengthy trial, permitting the defense to rely upon unsworn hearsay statements of a test vendor would be improper. .

8. Defendant City did amend its Rule 26(a) disclosures from time to time and cited no reason or justification for its failure to identify these persons as persons on whom it intended to rely to support its defense until long after the close of discovery other than that their names were disclosed in other contexts.

Conclusion

For the reasons stated herein, Plaintiffs respectfully request this Honorable Court modify the ruling of the Magistrate Judge and to sustain Plaintiffs Objections to Defense Exhibit 37 or, in the alternative, to limit admission of such Exhibit so as to preclude its use as evidence of the goals, intentions or actions of CFD officials or employees .

                              Respectfully submitted

                              _s/Susan P. Malone

May 22, 2014

Susan P. Malone
smalonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL 60602
(312) 726-2638


Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910

David Borgen (Cal. Bar No. 099354)
dborgen@gdblegal.com
Michael Caesar (Cal. Bar No. 280548)
mcaesar@gdbhlegal.com

Goldstein Borgen Dardarian & Ho
300 Lakeside Drive, Suite 10000
Oakland, CA 94612
(510) 763-9800