# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>*Defendant*. | Case No.: 08 C 4370<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Jeffrey Cole |

## CITY OF CHICAGO'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE ORDER DENYING PLAINTIFFS' MOTION TO BAR

Defendant, City of Chicago (the "City"), by and through its undersigned attorneys, hereby submits this response in opposition to Plaintiffs' Objection to The Order Denying Plaintiffs' Motion to Bar [Dkt. No. 436]. In support thereof, the City states as follows:

### (I) Introduction

This case presents two basic liability issues: (1) whether the City intentionally developed and used a physical abilities test ("PAT") for the purpose of intentionally limiting the number of women paramedics in the Chicago Fire Department ("CFD") and (2) whether the PAT resulted in an illegal disparate impact on female CFD paramedic candidates.

On May 8, 2014, after considering extensive briefing and oral argument, the Magistrate Judge entered an Annotated Order Detailing Rulings on Motions *in Limine* and Plaintiffs' Motion to Bar Witnesses and Documents [Dkt. No. 421] and the Final Pretrial Order [Dkt. No. 422], which detailed pretrial determinations, including the admissibility of trial exhibits.

Plaintiffs object to certain rulings by the Magistrate Judge on their Motion to Bar Undisclosed Witnesses and Documents [Dkt. No. 342]. Specifically, in the conclusion of their

Objection, Plaintiffs request that the ruling of the Magistrate Judge be modified "as to Plaintiffs [sic] Motion to Bar to preclude defendant from calling as defense witnesses Pat Graham, Rhonda Vandecoevering and to limit the testimony of Lesley [sic] Stein-Spencer to the subjects identified by Dr. Rick Jacobs in his report." (Pls.' Obj. at 3.)

### A. Graham and Vandecoevering

In their Motion to Bar, Plaintiffs argued that Pat Graham and Rhonda Vandecoevering "must be excluded" as witnesses under Federal Rule of Civil Procedure 37(c)(1) as "[t]hese individuals were never disclosed at any time during fact or expert discovery." (Pls.' Motion to Bar, Dkt. No. 342 at 5.) In response, the City established that these individuals were, in fact, previously identified during discovery as persons with knowledge of the PAT. The City disclosed that "the individuals who were proctors during the EMS Physical Abilities Test administered on August 10-13, 2004" were persons with knowledge in its Second Supplemental Answers to Ms. Ernst's First Set of Interrogatories, served on March 22, 2010. (City's Resp., Dkt. No. 363, at 2-3.) The list of these eight test proctors, including both Graham and Vandecoevering, was produced to Plaintiffs as Bates ERN003384, on April 9, 2010, five months before the close of discovery. Plaintiffs chose not to depose any of the proctors the City identified, even though test administration issues were raised in their Complaint.

The Magistrate Judge rejected Plaintiffs' claim that Graham and Vandecoevering had not been disclosed. In ruling on Plaintiffs' Motion to Bar Graham and Vandecoevering, the Magistrate Judge stated: "[t]o say you didn't know what they were, there is some measure of intelligent thought required by people in cases. You can tell . . . what people may and may not do, and I don't think there has to be an elaborate explication of people's potential role in cases." February 25, 2014 A.M. Pretrial Conference Transcript at 12:19 – 12:23. (The transcript of the pretrial discussion regarding Plaintiffs' Motion to Bar Graham, Vandecoevering, and Stein-

2

Spencer is attached hereto as <u>Exhibit A</u>.) In denying Plaintiffs' Motion to Bar as to Graham and Vandecoevering, the Magistrate Judge held:

> The question is whether you knew about these people and whether you could have reasonably anticipated their significance and their importance in the case and the utilization that may be made of them. And I think as to Miss Graham and Miss Van de Coevering you could, and so the motion as it relates to these two folks is denied.

<u>Exhibit A</u> at 12:24 – 13:4.

    **B.    Stein-Spencer**

Plaintiffs further object to the Magistrate Judge's ruling that Leslee Stein-Spencer may testify on behalf of the City. The Magistrate Judge rejected Plaintiffs' argument that they were unfairly surprised by the City naming Stein-Spencer as a potential witness, because Plaintiffs knew of and deposed Stein-Spencer. In considering if Ms. Stein-Spencer would be permitted to testify, the Magistrate Judge stated:

> So as to her, I mean, here's a really knowledgeable, significant witness that you could have deposed on anything. These are the topics that are, that are pivotal and integral to this case, and you all knew it. This isn't somebody who is on the periphery of the case or somebody who they wanted to now testify about something that you had no knowledge of because she concealed it during the course of her deposition.
>
> So I think as to her, there really is, there can't be a fair or legitimate claim of surprise. It's really hard to make that sort of claim on people who have been deposed. . . . [O]n balance, I don't accept your claim that she sort of comes out of the blue.

<u>Exhibit A</u> at 14:7 – 14:22. Despite this record, Plaintiffs argue that the Court should overrule the Magistrate Judge's ruling, and instead "limit the testimony of Lesley [sic] Stein-Spencer to the subjects identified by Dr. Rick Jacobs in his report." (Pls.' Obj. at 3.)

    **(II)    Legal Standard**

Federal Rule of Civil Procedure 72(a) governs rulings by a magistrate judge on nondispositive matters. A party may object to a pretrial ruling by a magistrate judge "not

3

dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). Then, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As the Seventh Circuit has explained, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "[T]he reviewing court will not reject the magistrate's findings of fact simply because it would have decided the case differently. As long as there are two permissible views of the evidence, the magistrate's choice between them cannot be clearly erroneous." *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, No. 91 C 349, 1991 WL 222258, at *1 (N.D. Ill. Oct. 24, 1991) (citations omitted).

**(III)    Argument**

Rather than explain how the Magistrate Judge erred in ruling on these three witnesses' testimony, Plaintiffs simply make the same arguments, without supporting legal authority, that the Magistrate Judge properly rejected. First, Plaintiffs contend that Graham and Vandecoevering were not properly disclosed under Fed. R. Civ. P. 26(a). This is a tacit acknowledgement that their position in their original Motion to Bar, wherein Plaintiffs asserted Graham and Vandecoevering "were *never disclosed* at any time during fact or expert discovery," was baseless. (Pls.' Mot. to Bar, Dkt. No. 342 at 5) (emphasis added). As the City demonstrated to the Magistrate Judge, Graham and Vandecoevering were two of the eight individuals identified on a list of proctors produced to Plaintiffs during discovery, on April 9, 2010. (City's Resp. to Mot. to Bar, Dkt. No. 363 at 3.) The Magistrate Judge correctly held that Plaintiffs "knew about these people" and "could reasonably anticipate their significance and their importance in the case." Exhibit A at 12:24 – 13:1.

4

Plaintiffs now argue that despite the timely disclosures of these witnesses in interrogatory answers, they should be barred because they were not mentioned in Rule 26(a) disclosures. Plaintiffs cite no authority for their position, which would elevate form over substance to a remarkable level. Plaintiffs have failed to present any factual basis or legal authority to indicate that the Magistrate Judge erred in ruling that Graham and Vandecoevering may testify, as they were previously disclosed by the City. Plaintiffs' objection to the Magistrate Judge's ruling must be overruled.

Similarly, the Court should overrule Plaintiffs' objection to the Magistrate Judge's ruling that Stein-Spencer may testify. Plaintiffs actually *deposed* Stein-Spencer, and Plaintiffs "had the opportunity to do anything [they] wanted with her." Exhibit A at 13:12 – 13:13. Plaintiffs fail to state how the Magistrate Judge erred in finding: "Since you deposed these people, you asked questions about the very things you are now complaining about without objection from anybody, without any constraints, and now you say 'Oh, we didn't know.' Well that's, I don't think that's a fair representation of what happened." Exhibit A at 23:6 – 23:11. Because Plaintiffs had the opportunity to depose Stein-Spencer without limitation, and *did*, in fact, depose Stein-Spencer, the Magistrate Judge properly held that Stein-Spencer could testify at trial without limitation. Plaintiffs fail to present any factual or legal basis to limit Stein-Spencer's testimony "to the subjects identified by Dr. Rick Jacobs in his report." (Pls.' Obj. at 4.) Accordingly, the Plaintiffs' objections to the Magistrate Judge's denial of their motion to bar Stein-Spencer should be overruled.

**(IV)     Conclusion**

Plaintiffs present no legal authority or factual basis to support their objection to bar the testimony of Graham and Vandecoevering and limit the testimony of Stein-Spencer. The identities of Graham and Vandecoevering were disclosed to Plaintiffs during discovery.

Plaintiffs deposed Stein-Spencer. Plaintiffs made the strategic decision to not depose Graham and Vandecoevering at all, and apparently chose to not depose Stein-Spencer on some issues that they knew or reasonably should have known may arise at trial. Plaintiffs' tactical decisions are no basis to overturn the Magistrate Judge's rulings that these individuals may testify.

Because nothing in the Magistrate Judge's order relating to these witnesses is clearly erroneous or contrary to the law, Plaintiffs' Objection to the Order Denying Plaintiffs' Motion to Bar [436] should be overruled.

Dated: July 8, 2014

| Respectfully submitted,<br>**THE CITY OF CHICAGO** | Respectfully submitted,<br>**STEVEN R. PATTON,**<br>Corporation Counsel of the City of Chicago |
|---|---|
| By: s/ Cary E. Donham | By: s/ Timothy Swabb |
| Allan T. Slagel (ARDC No. 6198470)<br>aslagel@taftlaw.com<br>Cary E. Donham (ARDC No. 6199385)<br>cdonham@taftlaw.com<br>John F. Kennedy (ARDC No. 6196185)<br>jkennedy@taftlaw.com<br>Rachel L. Schaller (ARDC No. 6306921)<br>rschaller@taftlaw.com<br>Elizabeth E. Babbitt (ARDC No. 6296851)<br>ebabbitt@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, Illinois 60601<br>Telephone: (312) 527-4000 | Timothy Swabb<br>Alison Alvarez<br>Assistants Corporation Counsel<br>30 N. LaSalle Street, Suite 1020<br>Chicago, IL 60602<br>312-744-8369/0898/9653 |