IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, et al. | No. 08 C 4370 |
| Plaintiffs, | Judge Charles R. Norgle, Sr. |
| v. | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE CITY'S OBJECTION TO THE RULING DECLINING SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 3.07**

Pattern Jury Instruction 3.07 is to be given only as a matter of judicial "discretion" in Title VII cases. (*See* Committee Comments for No. 3.07, ECF No. 433-1 at 3.) Magistrate Judge Cole correctly concluded that the instruction does not fit the type of intentional discrimination claim involved in this case and would confuse the jury. (*See* ECF No. 433-1 at 11-15). Further, this ruling is consistent with the Court's order denying partial summary judgment on Plaintiffs' intentional discrimination claim which recognizes that the jury will consider a wide variety of proof to determine whether the City acted with discriminatory intent in adopting and continuing to use a physical abilities test that had a severe adverse impact on women. (*See* ECF No. 382 at 2 ("At trial on the ultimate issue of whether there was a policy of discriminatory intent, the fact-finder will consider, among other things, whether . . . the lack of job-relatedness of the Exams should have been apparent to the City and whether

the City's use of the Exams, once their [sexually] disparate impact was known, proves,

in light of the history of low [female] hiring, that the City used the Exams with the

intent to discriminate," quoting *U.S. v. City of New York*, 717 F.3d 72, 91 (2d. Cir.

2013).)  Because the instruction is inapplicable to the claim raised in this case and

would confuse the jury, the Court should further reject the City's alternative proposal

that ruling on the instruction be "reserved."

1.  **Magistrate Judge Cole's correctly recognized that Plaintiffs' intentional discrimination claim is not a "garden variety" job discrimination claim.**

The City is on trial for the adoption and continued use of an inadequately

validated physical abilities test that had a severe adverse impact on women. The

City's argument that the jury could be misled by testimony that is also relevant to

Plaintiffs' disparate impact discrimination claim, (*see* ECF. No. 433 at 2), reflects its

continuing erroneous view of the intentional discrimination claim. (*See* Exhibit A, Tr.

2/26/17, at 19-20 (Donham (counsel for the City) contending that Plaintiffs' claim is that

"if a man had failed the test he would have been hired.  But if a woman failed the test,

she wouldn't be hired"; and Magistrate Judge Cole replying, "That is absolutely not

what this case is about at all. At all. And you know it.")  In rejecting pattern instruction

3.07 Magistrate Judge Cole recognized that Plaintiffs' intentional discrimination claim

challenging the adoption and continued use of a discriminatory physical abilities test

cannot be shoehorned into an instruction meant for the typical job discrimination case.

(*See* ECF No. 433-1 at 12-13 ("This is much more complicated and much harder to

apply… when you look at the context of this case, I just think the pattern instruction doesn't work.").) *See* Federal Civil Jury Instruction of the Seventh Circuit (2009 rev.) at 1 ("These are pattern instructions, no more, no less. No trial judge is required to use them, and the Committee … strongly recommends that each judge review the instructions to be sure each fits the case on trial.").

> **2. Magistrate Judge Cole correctly concluded that the pattern instruction would confuse the jury and "undo[] the clarity of other instructions."**

The City's statement that Exhibit A to its motion constitutes "the entire oral argument concerning Instruction 3.07," (ECF No. 433 at 1), is misleading. In fact, the Magistrate Judge's decision on instruction 3.07 cannot be divorced from the *hours* he spent with the parties fashioning the primary jury instruction on Plaintiffs' intentional discrimination claim (Instruction 24). (*See* Exhibit A, Tr. 2/26/14 and 2/27/14; Exhibit B, ECF No. 422 at 142-13, Instruction 24.)

Instruction 24 was drafted over multiple days of hearings to fit the facts of this case challenging the use of a discriminatory employment test. (*See* Exhibits A and B.)  It instructs the jury that, in order to succeed on their intentional discrimination claim, "Plaintiffs must prove by a preponderance of the evidence that the City intentionally created or used the physical abilities test for the purpose of excluding females or reducing the number of females who would be hired by the Chicago Fire Department." (Exhibit B at 1.) It further cautions the jury that "it is not enough for Plaintiffs to prove merely that the City knew that the physical abilities test would have an adverse impact

on female applicants." (*Id.* at 1.)  Instruction 24, which the parties have agreed to, is an accurate and clear statement of the Title VII intentional discrimination claim raised by Plaintiffs in the context of this case.  After all the time that was invested carefully crafting an instruction to fit this case, it would have been irrational for Magistrate Judge Cole to include an "optional pattern instruction [that] undoes the clarity of the other instructions and the clarity of the choices the jury has." (ECF. 433-1 at 13.)

3. **In the context of this case, pattern instruction 3.07 would direct the jury to disregard evidence of discriminatory intent.**

The City's contention that the jury might be "confused" by evidence of the PAT's obvious lack of job-relatedness and less discriminatory alternatives ignores that this evidence is also proof of discriminatory intent.  This Court previously recognized in its summary judgment order that, in the context of this particular case, evidence related to Plaintiffs' disparate impact discrimination claim also supports a finding of intentional discrimination.  Specifically, the Court cited evidence that the chief of the Chicago Fire Department knew that many of the applicants failing the test were women; and the deputy commissioner testified that "there was a discussion about the impact of the physical test upon women but nobody suggested doing anything about this nor could she recall anyone investigating the test." (ECF No. 382 at 2.)  The Court also stated that, in determining whether the City acted with discriminatory intent, the jury will consider "whether … the lack of job-relatedness of the [PAT] should have been

4

apparent to the City and whether the City's use of the [PAT], once their sexually disparate impact was known, proves, in light of the history of low female hiring, that the City used the [PAT] with the intent to discriminate." (*Id.*, quoting *U.S. v. City of New York*, 717 F.3d at 91 (bracketed language in original omitted).)

Use of pattern instruction 3.07 in this context would confuse the jury and prejudice Plaintiffs by directing the jury not to "concern [itself]" with concepts that are not introduced anywhere else in the instructions. (ECF No. 433 at 1.) The jury could misinterpret the instruction to preclude consideration of evidence that, in the context of this case, does support an inference of discriminatory intent. Thus, it would be confusing, illogical and arguably erroneous to include the pattern instruction, because the jury *should* consider evidence of the PAT's disparate impact on women and its obvious lack of job- relatedness in deciding whether the City acted with discriminatory intent. *See also, e.g.*, *Coleman v. Donahue*, 667 F.3d 835, 860 (7th Cir. 2012) ("convincing mosaic" of proof will support an inference of discriminatory intent).

**Conclusion**

For the reasons described above, the City's objection to the Magistrate Judge's decision not to include pattern instruction 3.07 should be denied.

Dated:  July 18, 2014

Respectfully submitted,

/s Marni Willenson
MARNI WILLENSON
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
(312) 546-4910; (312) 261-9977 (Fax)

SUSAN P. MALONE
smalonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL  60602
(312) 726-2638

DAVID BORGEN, CA Bar No. 099354
dborgen@gbdhlegal.com
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800; (510) 835-1417 (Fax)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 18, 2014, she filed a true and correct copy of the foregoing document on all counsel of record through the Court's Electronic Case Filing (ECF) System.

/s *Marni Willenson*