IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>*Defendant*. | Case No.: 08 C 4370<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Jeffrey Cole |

## **CITY OF CHICAGO'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, City of Chicago (the "City") by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 50(a), moves for judgment as a matter of law as to the alleged claims of Plaintiffs, Stacy Ernst, Dawn Hoard, Irene Res-Pullano, Michelle Lahalih, and Katherine Kean (the "Plaintiffs") for disparate treatment pursuant to Title VII of the Civil Rights Act of 1964, as amended. In support of its motion, the City states:

1. Fed. R. Civ. P. 50(a)(1) provides that:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2. Fed. R. Civ. P. 50(a)(2) further states that a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."

3. To determine if judgment as a matter of law is proper, a court will decide "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in a light most favorable to the party to whom the motion is directed." *Cygnar v. City of Chicago*, 865 F.2d 827, 834 (7th Cir. 1989).

4. A motion for directed verdict is appropriate where the trial judge finds, "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

5. Plaintiffs' claim for disparate treatment should be governed by Seventh Circuit Pattern Instruction 3.01, which provides:

> Plaintiff claims that [s]he was [adverse employment action] by Defendant because of [protected class]. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that [s]he was [adverse employment action] by Defendant because of [her] [protected class]. To determine that Plaintiff was [adverse employment action] because of [her] [protected class], you must decide that Defendant would not have [adverse employment action] Plaintiff had [s]he been [outside protected class] but everything else had been the same.
>
> If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

6. Here, Plaintiffs have failed to present any evidence that the City of Chicago intentionally discriminated against them on the basis of their gender when they were not hired as paramedics by the City of Chicago Fire Department.

7. Plaintiff Katherine Kean testified as follows:

> Q. . . . .You don't have any personal knowledge that anyone from the City of Chicago singled you out to discriminate against you because of your gender?
> A. No, sir.

11/5/2014 Trial Tr., 261:21-25.

8. Plaintiff Dawn Hoard testified as follows:

> Q. Thank you. And you had never heard anyone from the City of Chicago or the fire department who was in a position of authority single you out for discrimination based on your gender, isn't that true?
> A. That's true.
> *Id*. at 359:17-359:20.
>
> Q. And yet it's still your belief that [test proctor] Mr. Kosovich intentionally discriminated against you because of your gender?
> A. I believe the City discriminated against me for being a woman.
> Q. But your answer's the same: You haven't seen any objective evidence?
> A. I did not see any physical evidence of it.
> *Id.* at 345:24-346:5.

9. Plaintiff Michelle Lahalih testified as follows:

> Q. You can identify no procedure from the Chicago Fire Department that says, in effect, word, or deed, let's target Michelle Lahalih because of her gender to cause her to fail this test, isn't that right?
> A. If the City at my time knew my name, I would be amazed.
> . . . .
> Q. And by that you mean the City didn't know your name that day, right?
> A. Not to my knowledge.
> 11/12/2014 Trial Tr., 874:7-22.

10. Plaintiff Stacy Ernst testified as follows:

> Q. The question, ma'am, is focusing specifically on you. You don't have any personal knowledge that anyone at the City of Chicago decided: We are going to single out Stacy Ernst and discriminate against her because she is a woman. Stacy Ernst.
> A. Myself as an individual, no. As a woman, sure.
> 11/13/2014 Trial Tr., 1068:20-2.

11. Similarly, Plaintiff Irene Res-Pullano testified that she was not singled out by the City of Chicago and discriminated against on the basis of her gender.

12. Plaintiffs have presented no evidence that they were singled out, individually, for disparate treatment by the City of Chicago on the basis of their gender. A plaintiff alleging disparate treatment is obligated to present "evidence of specific discrimination against the plaintiff herself," with "evidence of a pattern or practice" being used only as "collateral evidence." *Matthews v. Waukesha County*, 759 F.3d 821, 829 (7th Cir. 2014) (citing *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1252 (7th Cir. 1990)).

13. With no evidence of specific discrimination presented against these five Plaintiffs, no evidence of a pattern or practice may be used to support Plaintiffs' claim of disparate treatment. *Id.*

14. Plaintiffs have presented no evidence that they were treated differently than any male candidates for the Chicago Fire Department paramedic position. *Chaib v. Indiana*, 744 F.3d 974, 984 (7th Cir. 2014). Nor have Plaintiffs offered any direct evidence of discrimination, such as derogatory or harassing comments toward or about them due to their gender, by any Chicago Fire Department supervisor or other City of Chicago official.

15. Plaintiffs offered no evidence that the City of Chicago offered a pre-textual reason for its decision not to hire them as paramedics. It is not disputed that Plaintiffs were not hired as Chicago Fire Department paramedics because they failed to pass the paramedic physical abilities test. Plaintiffs concede that men and women candidates who both passed and failed that same test in 2004 were treated exactly the same. For example, the report of Plaintiffs' expert, Dr. Campion, shows that eight men and 34 women failed the paramedic physical abilities test in

addition to the Plaintiffs in August 2004. None of those who failed, men or women, were hired as Chicago Fire Department paramedics. Accordingly, no reasonable jury could have a legally sufficient evidentiary basis to find for the Plaintiffs on the issue of disparate treatment.

16. The question for the jury is only whether Plaintiffs have proved that the City did not hire Plaintiffs because of their gender. *See* Seventh Circuit Pattern Jury Instruction 3.01.[1]

17. Further, even under Plaintiffs' flawed and inappropriate proposed Instruction 24, plaintiffs have presented no evidence that the City intentionally used the paramedic physical abilities test to reduce the number of women paramedics in the Chicago Fire Department. Plaintiffs' purported expert, Dr. Campion, admitted that he had no data supporting his testimony to that effect and plaintiffs offered no other testimony as to the number of women in the Chicago Fire Department either before or after the CFD began using the paramedic physical abilities test in 2000.

18. Accordingly, there is only "one reasonable conclusion" to draw from the evidence presented at trial – Plaintiffs' claim of disparate treatment must fail.

WHEREFORE, the City of Chicago prays that this Court grant its Motion for Judgment as a Matter of Law, dismiss Plaintiffs' disparate treatment claim with prejudice, and grant such other and further relief as the Court deems just.

**Dated**: November 17, 2014

---

[1] The City's objection to the Magistrate Judge's ruling declining the use of Seventh Circuit Pattern Jury Instruction 3.01 is currently pending before the Court. [Dkt. No. 433.]

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| **THE CITY OF CHICAGO** | **STEPHEN R. PATTON,** Corporation Counsel of the City of Chicago |
| By: s/ Cary E. Donham | By: s/ Timothy Swabb |
| John F. Kennedy (ARDC No. 6196185)<br>jkennedy@taftlaw.com<br>Allan T. Slagel (ARDC No. 6198470)<br>aslagel@taftlaw.com<br>Cary E. Donham (ARDC No. 6199385)<br>cdonham@taftlaw.com<br>Elizabeth Babbitt (ARDC No.6296851)<br>ebabbitt@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, Illinois 60601<br>Telephone: (312) 527-4000 | Timothy Swabb<br>Alison Alvarez<br>Assistants Corporation Counsel<br>30 N. LaSalle Street, Suite 1020<br>Chicago, IL 60602<br>312-744-8369/0898/9653 |