IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES-PULLANO, MICHELLE LAHALIH, and KATHERINE KEAN, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> *Defendant*. | Case No.: 08 C 4370 <br><br> Judge Charles R. Norgle, Sr. <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANT CITY OF CHICAGO'S MOTION TO STRIKE 5,441 PAGES OF "SUPPLEMENTAL ADMITTED TRIAL EXHIBITS" AND REFERENCES TO EVIDENCE OUTSIDE THE TRIAL RECORD AND RESPONSE TO PLAINTIFFS' MOTION TO REMOVE DOCKET ENTRIES 560-5 AND 563-1**

Defendant, the City of Chicago (the "City"), by its undersigned attorneys, moves to strike the 5,441 pages of "Supplemental Admitted Trial Exhibits" (Dkt. Nos. 560, 563) filed by Plaintiffs and each of Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Dkt. No. 561) which rely upon those exhibits, pursuant to Fed. R. Civ. P. 12(f) as immaterial, improper, and/or cumulative. The City also objects to Plaintiffs' motion to correct their supplemental filing. (Dkt. No. 567.) In support of its motion and in response to Plaintiffs' Motion to Remove, the City states:

**I.   Introduction.**

On November 25, 2014, the trial of this case concluded. Plaintiffs called several witnesses, cross-examined City witnesses and proffered numerous exhibits in evidence. Plaintiffs' tactical litigation decisions included which witnesses to call, which exhibits to submit into evidence and which objections to assert. This Court gave Plaintiffs the full opportunity to move into evidence those exhibits which Plaintiffs found relevant to their claims before Plaintiffs

rested their case. Now, more than two months after Plaintiffs have rested and the trial has ended, Plaintiffs improperly seek to inject into the record 47 new exhibits (5,441 pages) never before introduced at trial. This Court should strike these exhibits.

In addition, Plaintiffs have violated the Protective Order and other orders entered by the Magistrate Judge, by publishing confidential information and personal data regarding City employees and others in certain of these exhibits. This Court should order Plaintiffs to permanently remove all exhibits that contain confidential information.

## II. Plaintiffs' Attempt to "Supplement" 5,441 Pages of New Documents As Evidence Into The Trial Record After Plaintiffs Have Rested and The Trial Has Concluded is Improper, Untimely, and Unfairly Prejudicial.

On November 25, 2014, more than a week after Plaintiffs rested their case, the three-week trial of this action concluded. The Court asked the City to take possession and control of the trial exhibits. (Trial Tr. at 2087:4-19.) Consequently, on January 27, 2015, the City docketed each of the trial exhibits that were admitted in evidence by the Court at trial. (Dkt. Nos. 555-557.)

Nevertheless, on January 29, 2015, Plaintiffs filed 39 new exhibits that Plaintiffs never introduced at trial and never raised during witness examination. Plaintiffs wrongly characterize these exhibits as "Supplemental Admitted Trial Exhibits." (Dkt. No. 560.) These exhibits were never admitted into evidence. Moreover, Plaintiffs never sought leave of court to file them as "Admitted Trial Exhibits." Plaintiffs' "supplemental" exhibits are not *de minimus*; they comprise 5,224 pages of documents. (*Id*.) In addition, two court days later, on February 2, 2015, Plaintiffs filed eight new documents which they wrongly characterize as "Additional Defendant Trial Exhibits." (Dkt. No. 563.) The City never admitted these eight exhibits into evidence. And, Plaintiffs never sought leave of Court for this second filing. Plaintiffs' second round of supplemental exhibits comprise 217 pages of new documents. (*Id*.) In total, Plaintiffs now

2

attempt to add in evidence 5,441 pages of "supplemental" exhibits that were never introduced by any party at trial.

There are several reasons why this Court should strike the 47 "supplemental" exhibits. First, the Pretrial Order explicitly recognizes that "the admissibility of evidence [is] conditional upon the evidence presented at trial and the district court's discretion." (Dkt. No. 422 at 7.) "[T]he admission and exclusion of evidence are peculiarly within the competence of the district court" and are reviewed under an abuse of discretion standard. *Adams v. City of Chicago*, 469 F.3d 609, 612 (7th Cir. 2006) (quoting *Heft v. Moore*, 351 F.3d 278, 283-84 (7th Cir. 2003)). Here, Plaintiffs elected not to present at trial any of the 47 exhibits. Plaintiffs' attempt to do so now is untimely. Plaintiffs present no legal authority to justify such a massive and untimely submission of 5,441 pages as evidence after Plaintiffs have rested and the trial has already concluded. This is especially so given the broad scope and high volume of the Plaintiffs' late submissions. This is not a matter of a single piece of evidence inadvertently omitted by Plaintiffs.

Second, because Plaintiffs failed to introduce any of these exhibits at trial, neither the Court nor the City had the opportunity to consider these exhibits in the context of the contested triable issues. The City was deprived of the material opportunity to: (1) object to the late exhibits at trial on the basis of relevance; (2) cross-examine Plaintiffs' witnesses with respect to these new late exhibits; or (3) introduce additional evidence to rebut the information Plaintiffs would argue lay in these 5,441 pages of documents. Instead, Plaintiffs would leave the thousands of pages to essentially speak for themselves, without any sworn testimony to establish the relevant facts or evidence therein.

Third, because Plaintiffs never sought to introduce any of the "supplemental" exhibits at trial, Plaintiffs must concede the late exhibits are not relevant and have no bearing on any contested issue in the case. If the late exhibits were genuinely important to Plaintiffs' case, then Plaintiffs would have introduced them at trial. They did not.

Fourth, of the 47 exhibits that Plaintiffs now seek to include in the evidentiary record, Plaintiffs actually refer to only 18 of the late exhibits in their Proposed Findings of Fact and Conclusions of Law. (Dkt. No. 561.) *Compare* <u>Exhibit A</u>, Unadmitted Exhibits Not Referenced by Plaintiffs *with* <u>Exhibit B</u>, Unadmitted Exhibits Referenced by Plaintiffs. This means that Plaintiffs do not cite to 29 of the 47 exhibits in their Proposed Findings of Facts and Conclusions of Law. By Plaintiffs' own omission, these 29 exhibits are not remotely relevant to this case and clutter the record. Of the remaining 18 "supplemental" exhibits to which Plaintiffs *do* cite in their Proposed Findings of Fact and Conclusions of Law, they are neither timely submitted nor relevant. The Court granted Plaintiffs the full and fair opportunity to seek the admission of the remaining 18 exhibits before Plaintiffs chose to rest their case. Plaintiffs exercised their tactical judgment and did not so move these exhibits into evidence at trial when they could have and should have. To allow Plaintiffs to introduce any of the supplemental exhibits, including the subject 18 exhibits, is unfairly prejudicial to the City for the reasons set forth above. Further, even at this untimely stage, Plaintiffs still fail to establish how any of the late exhibits are relevant.

The Court should strike Plaintiffs' supplemental filings, Dkt Nos. 560 and 563, as well as any portion of Plaintiffs' Proposed Findings of Fact and Conclusions of Law citing to these purported exhibits.

**III.     The 29 "Supplemental" Exhibits Plaintiffs Now Attempt to File Were Never Introduced At Trial And Many Are Defective On Their Face.**

Plaintiffs filed 29 exhibits after trial which they never introduced at trial, and which they do not rely upon in their Proposed Findings of Fact and Conclusions of Law.  These 29 extraneous exhibits are identified as Plaintiffs' Exhibits 8, 9, 10, 11A, 11B, 12, 14B, 15, 16B, 18A, 18B, 19E, 20, 24, 38, 39, 41, 42, 46, 47, 51, 52, 55, 56, 57, 59, 60, 66, and 67.  (Dkt. No. 560.)  In addition to being untimely and having no evidentiary purpose, these 29 exhibits suffer from other material defects:  many are misidentified and others are indecipherable. Set forth below is a representative analysis of just some of the defective exhibits.  Given that Plaintiffs filed 5,441 pages of exhibits, this analysis is not meant to be exhaustive.  All of the exhibits should be stricken from the record.

**A.     Plaintiffs' Exhibit 11A is a Hodgepodge of Documents.**

For example, Plaintiffs' Exhibit 11A is identified by Plaintiffs in Dkt. No. 560 as "Chart provided by Swann/Preston to Gebhardt Summarizing Number of Paramedic Hires 1996-1999." Exhibit 11A had previously been identified as Bates numbers ERN11224 and Plaintiffs_PTO_000099.  (*See* Pretrial Order, Dkt. No. 422.)  However, the "chart" Plaintiffs filed on the record as Plaintiffs' Exhibit 11A in Dkt. No. 560-1 is not what Plaintiffs identified. Exhibit 11A, as it exists in Dkt. No. 560-1, consists of 258 pages of Bates-stamped materials, including multiple copies of Plaintiffs' Exhibits 1, 2A-2E, 3A-3E, 4, 5A-5C, 6, 7, as well as Plaintiffs' Exhibits 8, 9, and 10, which were not previously admitted into evidence and are not relevant to this case.  This "hodgepodge" of documents also includes Bates-stamped document ERN11224, a 6-line document that lists the total number of "Probationary Medics" as well as their "Academy Start Dates" and the dates on which they were "Assigned to the Field" in 1996-

1999. None of this information is relevant to a contested triable issue in the case. Plaintiffs' Exhibit 11A should be stricken from the record.

### B. Plaintiffs' Exhibit 11B Is Not What Plaintiffs Had Previously Identified.

Plaintiffs' Exhibit 11B is identified by Plaintiffs as "Emails from Anne Preston to Gebhardt and from T. Swabb," Bates-stamped ERN11806 and ERN11808. (*See* Pretrial Order, Dkt. No. 422.) However, Plaintiffs filed on the record a document that it did not previously identify as part of this exhibit (submitting a document Bates-stamped ERN011791), in addition to documents Bates-stamped ERN110806 and ERN11808. Each of these three documents are email transmissions from City counsel to the City's expert witness, Dr. Deborah Gebhardt, in 2012, with each email stating "See attached" or "See attached document (# of paramedics in academy classes in late 90's)." No attachments are included. Because Exhibit 11B is not what Plaintiffs claim it to be, and is not relevant, Exhibit 11B should be stricken from the record.

### C. Plaintiffs' Exhibit 15 is Misleading, Misidentified, and Relates to Stretchers Purchased in 2013.

Plaintiffs' Exhibit 15 is identified by Plaintiffs as "City Document Regarding Acquisition of New Ambulances and Stryker Cots 2004-2005." (Dkt. No. 560.) This document was identified in the Pretrial Order by Bates-range Plaintiffs_PTO_230-246. (*See* Pretrial Order, Dkt. No. 422 at 16.) However, the document filed by Plaintiffs post-trial is not a Bates-stamped document, and it is unconfirmed that Plaintiffs had previously produced this document to the City. (*See* Dkt. No. 560-2.) Moreover, Exhibit 15 appears to be a document regarding the City's procurement of stretchers in *2013*, well beyond the relevant time period of the 2004 physical abilities test ("PAT") at issue in this action. Exhibit 15 should be stricken from the record.

### D. Plaintiffs' Exhibits 42 and 60 Are Indecipherable and Unintelligible As Filed.

Plaintiffs' Exhibit 42 is identified by Plaintiffs as "Excel spreadsheet of Scores 2000 to 2009." (Dkt. No. 560.) This 260-page document includes dozens of pages without any text at all, and many more pages that simply have lines of unidentified strings of numbers. A portion of a sample page is provided below:

```
Case: 1:08-cv-04370 Document #: 560-5 Filed: 01/29/15 Page 157 of 4179 PageID #:18054


              553
    x         554
              553
              553
              536
    x         553
              553
    x         536
    x         553
              544
              544
    x         554
              544
```

(Dkt. No. 560-5 at 157.) The document's creator is also unidentified. Similarly, Plaintiffs' Exhibit 60 is entitled "Reconstructed Data from Files Produced as CHICVAL." (Dkt. No. 560.) One cannot surmise what potentially relevant information is contained in this 121-page document, either, as it is replete with untitled pages listing sequences of numbers. (Dkt. No. 560-5 at 3993-4113.) Given that these documents are virtually unintelligible, particularly when Plaintiffs failed to call any competent witness to testify about them at trial to provide a proper foundation, context, or explanation, Plaintiffs' Exhibits 42 and 60 should be stricken from the record.

  **E. Plaintiffs' Exhibit 47 is 3,662 Pages of New Documents Without Foundation.**

Plaintiffs' Exhibit 47 is identified by Plaintiffs as "2006 to 2013 City of Chicago Overtime Reports." (Dkt. No. 560.) This exhibit is 3,662 pages of documents, purporting to list City employees and their respective overtime earnings from 2007 through 2013 (no information is included from 2006, despite Plaintiffs' title of the exhibit). (Dkt. No. 560-5 at 274-3935.) 668

pages of Exhibit 47 are simply lines of dollar amounts, listed under months of the year, without any indication of their potential relevance. (Dkt. No. 560-5 at 3268-3935.) Plaintiffs elicited no testimony at trial explaining or interpreting Exhibit 47. The document appears to include earnings information of City employees employed by the City Clerk's Office, the Department of Finance, the Department of Revenue, the Department of Law, the Board of Election Commissioners, the Department of Police, the Fire Department, the Department of Streets and Sanitation, the Department of Aviation, and the Department of Water Management, among others. Plaintiffs' Exhibit 47 should be stricken from the record.

### F. Plaintiffs' Exhibit 51 is Misidentified and Its Filing Violates Confidentiality Provisions.

Plaintiffs' Exhibit 51 is identified by Plaintiffs as "Gebhardt August 17, 1999 Proposal to Stensland." (Dkt. No. 560.) This exhibit had been previously identified by Bates-range ERN002013-2016. (Dkt. No. 422.) What Plaintiffs filed, though, is not any sort of "Proposal," as Plaintiffs claim; rather, it appears to be a confidential Settlement Agreement between Plaintiffs and Human Performance Systems, Inc. ("HPS"), as well as a W-9 form filed by Stacy Ernst that shows her unredacted home address and Social Security number. (Dkt. No. 560-5 at 3948-3962.) Plaintiffs moved to remove this document from the record and refile what they say they intended to file. (Dkt. No 567.) The City agrees that, this document should be stricken from the record, but the Plaintiff should be barred from filing (or re-filing) any "exhibit" that was not offered into evidence at trial.

### G. Plaintiffs' Exhibit 41 is Misidentified and Cumulative.

Plaintiffs identify their Exhibit 41 as "Appendix A to Gebhardt 1999 Validation Study." (Dkt. No. 560.) This is not accurate, as the document is actually Appendices A through U of the HPS Validation Report of the CFD Paramedic PAT. The City does not object to this exhibit on

8

the basis of relevance; however, the City moves to strike this 166-page exhibit as needlessly cumulative, as these Appendices were already admitted into evidence at trial as Defendant's Trial Exhibits 37A-37U. (Trial Transcript at 1528:18-22.)

IV.     **Plaintiffs' 18 Additional "Supplemental" Exhibits Were Never Introduced At Trial And Should Be Stricken.**

As discussed above, Plaintiffs also filed 18 exhibits on the record that they never introduced into evidence at trial, that they now seek to rely upon substantively to support their claims of disparate impact in their Proposed Findings of Fact and Conclusions. *See* Exhibit B. Specifically, Plaintiffs cite to 10 Plaintiffs' "Supplemental" Exhibits: 13, 14A, 14C, 16, 45, 50A, 50B, 50C, 53, and 61—all of which Plaintiffs never introduced at trial. (*See* Dkt. No. 561 at ¶¶ 3, 4, 28(a), 28(c), 33, 39, 46, 115, 151, 155, 245, n.8; *see also* Dkt. No. 561 at ¶ 190 (referencing ¶ 4) and ¶ 239 (referencing ¶ 151)). Plaintiffs also cite to 8 exhibits they call "City Exhibits" which were never introduced at trial: 10, 13, 15, 16, 17, 34, 39, and 79. (*See* Dkt. No. 561 at ¶¶ 14, 16, 20, 118, 28(b), 128, n.7.) For the additional reasons set forth below, the Court should strike these 18 exhibits.

      **A.      Plaintiffs' Exhibit 13 Is Not Relevant, Indecipherable in Part, and Lacks Context.**

Plaintiffs' Exhibit 13 is identified by Plaintiffs as "Documents Transmitted to Gebhardt from CFD regarding Hiring Process." (Dkt. No. 560.) In fact, Exhibit B is a three-page document that appears to present information about the Chicago Fire Department, though there is no context provided in the documents, including who provided the information, who received the information, or a relevant time period. One page of the document does not include any words whatsoever, but is simply a page of indecipherable characters. See image below:

[garbled text / unreadable encoded characters]

(Dkt. No. 560-1 at 332.) While Plaintiffs cite to this document as support for their Proposed Finding of Fact ¶ 28(a) (Dkt. No. 561), they failed to elicit testimony at trial regarding the exhibit or its relevance. Plaintiffs' Exhibit 13 should be stricken from the record.

### B. Plaintiffs' Exhibits 50A-50C Lack Any Supporting Testimony and Are Incomprehensible In Part.

Plaintiffs present three new exhibits, identified as "Berry Revised Reports February 9, 2013" in Plaintiffs' Exhibits 50A-50C. (Dkt. No. 560.) Plaintiffs do not attempt to distinguish between these three separate exhibits. Also, like others, Plaintiffs' new Exhibits 50A, 50B, and 50C include blank pages and pages with columns of unidentified numbers. (Dkt. No. 560-5 at 3937-3947.) Plaintiffs failed to elicit any testimony at trial about Exhibits 50A, 50B, and 50C. Nothing in these three exhibits presents any relevant information regarding facts of consequence in this action, particularly when Plaintiffs called no witness to explain these documents. Plaintiffs' Exhibits 50A, 50B, and 50C should be stricken from the record.

### C. Plaintiffs' Exhibit 61 Is Inscrutable.

It is unclear what information is presented in Plaintiffs' Exhibit 61, "Reconstructed Data from Records in Excel Format as EMSCOMB." (Dkt. No. 560-5 at 4114-4119.) No evidence was put forth at trial to provide any foundation for this document, which includes rows of data under headings such as "LLM," "Z-CRIT," and "RAW CRIT," as well as rows of data with no headings. Like Plaintiffs' other "supplemental" exhibits, Exhibit 61 is untimely, not relevant,

and should be stricken; Plaintiffs' Proposed Finding of Fact that cites this exhibit (Dkt. No. 561 ¶ 115) should also be stricken.

### D. The City Did Not, In Its Discretion, Introduce "City Exhibits" 10, 13, 15, 16, 17, 34, 39, and 79 At Trial And Plaintiffs' Attempt To Do So Now is Untimely.

In the Pre-Trial Order, the City listed the exhibits it may introduce at trial. (Dkt. No. 422.) Ultimately, the City decided not to introduce into evidence at trial every exhibit it had previously identified in the Pretrial Order and in the subsequent Stipulation (which specifically reserved the right of all parties to object to any exhibit listed on the basis of relevance).[1] Now, Plaintiffs' attempt to introduce these eight exhibits is untimely. These documents, City Exhibits 10, 13, 15, 16, 17, 34, 39, and 79, should also be stricken from the record, and each of Plaintiffs' Proposed Findings of Fact and Conclusions of Law that relies on these exhibits should also be stricken. (*See* Dkt. No. 561 ¶¶ 14, n. 7, 16, 20, 28(b), 118, and 128.)

## V. Plaintiffs' "Supplemental" Exhibits Are Irrelevant To The Issues Presented At Trial, And, Had The City Been Given The Opportunity To Object To These Exhibits At Trial, It Would Have Objected.

As explained above, none of Plaintiffs' 39 Exhibits in Dkt. No. 560 were introduced or referred to at trial. These exhibits, and others, were identified as potential exhibits in the Final Pretrial Order (Dkt. No. 422) and a pre-trial stipulation filed with the Court on October 31, 2014. (Dkt. No. 504.) That pre-trial stipulation specifically provided that, "**subject to relevance objections**," the exhibits were received into evidence. (Stipulation, Dkt. No. 504) (emphasis added). Thus, in this stipulation, the City specifically reserved its right to object to the admission of exhibits into evidence on the basis of relevance. Plaintiffs elected not to present any of these exhibits at trial, as required by the Pretrial Order, and the Court, therefore, was not called upon

---

[1] City Exhibit 39, which Plaintiffs now seek to incorporate into the trial record (Dkt. No. 563) and cite to in their Proposed Findings of Fact and Conclusions of Law (Dkt. No. 561 at ¶¶ 28(b), 127, n.7), was not subject to the stipulation. (Dkt. No. 504.)

by Plaintiffs to exercise its discretion in admitting or rejecting the exhibits. Plaintiffs cannot now rely on a pre-trial stipulation to revisit their tactical decisions at trial by submitting over 5,000 pages of documents as additional evidence to the Court at this late post-trial stage.

Because Plaintiffs chose not to present any of the exhibits in their supplemental filings at trial, the City never needed to assert its objections to these exhibits. However, had the City been given the opportunity, it would have objected to each of the exhibits on the basis of relevance and, to the extent the Court may entertain the admissibility of these exhibits, continues to object to each on the basis of relevance. Fed. R. Evid. 401 and 403.

## VI.  By Filing Exhibits In The Public Record, Plaintiffs Violated Court Orders and the Protective Order.[2]

### A.  Plaintiffs' Exhibit 45.

In their effort to enlarge the trial record after the close of trial, Plaintiffs filed exhibits in violation of orders entered by Magistrate Judge Cole and the Protective Order (Dkt. No. 31, as amended, Dkt. Nos. 139, 183). In particular, Plaintiffs filed Plaintiffs' Exhibit 45 (Dkt. No. 560-5 at 262-269), a list of individuals who took and passed the 2004 paramedic PAT. This document identifies CFD paramedics by their names and reveals personal information relating to these individuals, including information regarding substance abuse and disabilities. Magistrate Judge Cole specifically ordered that such personal information be redacted (*See* Feb. 25, 2014 P.M. Pretrial Conf. Tr. at 119:21-24), and this ruling was incorporated in the Final Pretrial Order (Dkt. No. 422 at 32). Yet, Plaintiffs cite to this unredacted exhibit in their Proposed Findings of

---

[2] Upon reviewing Plaintiffs' voluminous post-trial submissions, the City identified multiple documents that appeared to violate the Protective Order, orders of the Court, and Plaintiffs' counsel's duty of confidentiality and promptly alerted Plaintiffs' counsel to these issues. *See* February 4, 2015 Letter from City Counsel C. Donham to Plaintiffs' Counsel, attached hereto as <u>Exhibit C</u>. Thereafter, on February 5, 2015, Plaintiffs filed a motion seeking to replace some docket entries with redacted exhibits, though Plaintiffs fail to address that the original "supplemental" submissions violate court orders. (Dkt. No. 567.)

Fact and Conclusions of Law. (Dkt. No. 561 ¶ 155.) In light of the personal and health-related information revealed by Plaintiffs' filing of this document on the public record, these disclosures also violate the Protective Order, which precludes the filing of confidential material without first obtaining court approval to file under seal. (Dkt. No. 31, as amended, Dkt. Nos. 139, 183.)

### B. City Exhibit 79.

Similarly, Plaintiffs filed in the public record City Exhibit 79 (Dkt. No. 563-1 at 214-217), without the City's knowledge or permission. Exhibit 79, as published by Plaintiffs, includes personal information concerning CFD employees by name, as well as personal information regarding, among other things, substance abuse. Plaintiffs cite to this exhibit in their Proposed Findings of Fact and Conclusions of Law. (Dkt. No. 561 ¶¶ 14, n. 7.) Plaintiffs' publication of this information violates the Protective Order. (Dkt. No. 31, as amended Dkt. Nos. 139, 183.)

### C. Plaintiffs' Exhibit 46.

Plaintiffs filed Plaintiffs' Exhibit 46, which they identify as "City List of Test Administrators." (Dkt. No. 560-5 at 270-272.) Plaintiffs were ordered by Magistrate Judge Cole to redact the addresses of the 22 individuals who were hired by HPS to administer the PAT (Feb. 25, 2014 P.M. Pretrial Conf. Tr. at 121-6; Final Pretrial Order, Dkt. No. 422 at 32). Nevertheless, Plaintiffs filed this document in the public record without any redaction. The filing of this document without any redaction violates the terms of the Protective Order, which requires the redaction of the residential address of any individual. (Dkt. No. 31 ¶ 2.)

### D. Plaintiffs' Exhibit 59.

Plaintiffs were also ordered by Magistrate Judge Cole to excise the first page of Plaintiffs' Exhibit 59, which they entitle "Injury Report re Male Participant in 'Validation Study.'" (*See* Feb. 25, 2014 P.M. Pretrial Conf. Tr. at 137:7-8; Final Pretrial Order, Dkt. No. 422 at 35.) Despite the order to remove this page, which includes unidentified handwritten notes, Plaintiffs filed their Exhibit 59 with the page included. (Dkt. No. 560-5 at 3984-3991.)

For this additional reason, these exhibits should be stricken from the record, as should any of Plaintiffs' Proposed Findings of Fact or Conclusions of Law which refer to these exhibits. (*See* Pls.' Proposed Findings of Fact and Conclusions of Law, Dkt. No. 561 at ¶¶ 14, 155, n.7.)

## VII. Conclusion.

The City objects to Plaintiffs' untimely attempt to enlarge the trial record with the 5,441 pages of additional documents. The City requests that the Court exercise its discretion and strike Plaintiffs' "supplemental" submissions of evidence (Dkt. Nos. 560 and 563) as well as any of Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Dkt. No. 561) that rely on the "supplemental" submissions.

In addition, Plaintiffs' Motion to Remove Docket Entries 560-5 and 563-1 (Dkt. No. 567) should be granted in part/denied in part. In particular, this Court should grant Plaintiffs' request to permanently remove all documents from the record which contain the confidential information, and deny the balance of Plaintiffs' motion.

WHEREFORE, the City of Chicago asks that this Court grants its motion to strike Plaintiffs' "Supplemental Exhibit" filings (Dkt. Nos. 560 and 563) and any Proposed Findings of Fact and Conclusions of Law that rely upon those exhibits (Dkt. No. 561), grant Plaintiffs' Motion to Remove (Dkt. No. 567), in part, as set forth above, and grant such other and further relief as the Court deems just.

Dated: February 13, 2015

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| **THE CITY OF CHICAGO** | **STEPHEN R. PATTON,** Corporation Counsel of the City of Chicago |
| By:  s/ John F. Kennedy | By:  s/ Timothy Swabb |
| John F. Kennedy (ARDC No. 6196185) jkennedy@taftlaw.com Allan T. Slagel (ARDC No. 6198470) aslagel@taftlaw.com Cary E. Donham (ARDC No. 6199385) cdonham@taftlaw.com Elizabeth Babbitt (ARDC No.6296851) ebabbitt@taftlaw.com TAFT STETTINIUS & HOLLISTER LLP 111 East Wacker Drive, Suite 2800 Chicago, Illinois 60601 Telephone:  (312) 527-4000 | Timothy Swabb Assistant Corporation Counsel 30 N. LaSalle Street, Suite 1020 Chicago, IL 60602 312-744-8369/0898/9653 |

1316306.17