IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, et al.<br><br>    Plaintiffs,<br>v.<br><br>CITY OF CHICAGO,<br><br>    Defendant. | No. 08 c 4370<br><br>Judge Charles R. Norgle, Sr. |

**<u>OPPOSITION TO CITY OF CHICAGO'S MOTION TO STRIKE EXHIBITS (ECF NO. 572) AND REPLY IN SUPPORT OF MOTION TO REMOVE DOCKET ENTRIES 560-5 AND 563-1</u>**

    The City of Chicago's ("the City") Motion to Strike should be denied because each and every exhibit that the City seeks to strike has been admitted into evidence on three separate occasions. The City's contention that 47 of these admitted exhibits were not entered into evidence is erroneous.[1] The exhibits are part of the trial record and may be considered by the Court in deciding Plaintiffs' claims of disparate impact discrimination.[2]

    The City's motion is without merit. First it signed the "Stipulation – Agreed Exhibits" ("the Stipulation") shortly before trial, which agreed to enter certain exhibits, including each of the 47 exhibits the City now seeks to strike, into evidence. ECF No. 504. Next, at the

---

[1] Defendant confuses the question of which exhibits were properly provided to the jury during deliberations with the question of which exhibits were admitted for consideration by the Court. The fact that the City retained copies of the exhibits provided to the jury has no bearing on what exhibits the Court may consider on the disparate impact claims.

[2] Defendant is correct that Plaintiffs do not cite 29 of the 47 exhibits in their proposed findings of fact and conclusions of law on their disparate impact claims and that some exhibits were filed in an unusable format. City's Motion to Strike at 4, ECF No. 572. Plaintiffs intend to file a cross-motion to remove and substitute docket entries 560 and 563 which would, among other things, delete all exhibits that Plaintiffs do not rely upon in their proposed findings and conclusions and substitute exhibits filed in the ECF system as PDFs with native Excel files.

1

beginning of the trial, this Court stated that the exhibits listed in the Stipulation were admitted into evidence. Trial Tr. 100:21-101:4, attached hereto as Exhibit A. The City did not object when the Court confirmed that the exhibits in the Stipulation were entered into evidence. *Id*. Then, in the middle of the trial, the Court again confirmed that the exhibits in the Stipulation were entered into evidence. Trial Tr. 1305:22-24, attached hereto as Exhibit B. Again, the City made no objection. Now – fifteen weeks after the City agreed that the exhibits were admitted into evidence, over fourteen weeks after the Court confirmed that the exhibits were entered into evidence, and over twelve weeks after the Court confirmed again that the exhibits were entered into evidence – the City objects.

The City's objections have been waived. Once evidence is "received without objection it becomes part of the evidence in the case, and is usable as proof to the extent of whatever rational persuasive power it may have." *Ramsey v. Am. Air Filter Co.*, 772 F.2d 1303, 1310 (7th Cir. 1985) (Citation and internal quotation omitted). Thus, "[w]here a party could have objected at the time the evidence was first offered and admitted, the party may not be permitted to object to selective bits and pieces of that evidence at a later time." *Id*.

While the City is correct that some of the numerous exhibits filed by Plaintiffs were not correctly filed, this was an inadvertent mistake that can be quickly fixed—which Plaintiffs will seek leave to do. However, this is not a basis to strike exhibits that were correctly identified and produced to the City before trial and admitted into the record by the Court. The City has chosen to create a mountain out of a molehill rather than permitting Plaintiffs to focus on getting the correct exhibits filed.

As stated, Plaintiffs will request leave to re-file, under one primary docket entry, those exhibits that Plaintiffs attempted to file in Docket numbers 560 and 563 *and* which Plaintiffs relied upon in their proposed findings of fact and conclusions of law. Moreover, certain exhibits that the City objected to relate only to damages or were provided as the underlying documents for summaries and damage calculations submitted to the Court. Thus, the collective bargaining agreements, P Ex. 39A, as well as the City's overtime reports, P. Ex 47, merely

provide the data underlying the damage submissions and overtime summary. These documents account for the bulk of the documents submitted.

A. **The Exhibits that the City Seeks to Strike Are Admitted Into Evidence And the City Has Waived Its Right to Object to These Exhibits.**

    i. **The Stipulation Entered All of the Forty-Seven Exhibits into Evidence.**

On January 31, 2014, the parties signed and entered into the Stipulation. The Stipulation states that the parties "stipulate and agree that subject to relevance objections, the following exhibits identified in the Final Pre-Trial Order are received in evidence without objections, without the need for further foundation and may be published to the jury." ECF No. 504.

The City appears to argue, erroneously, that the "subject to relevance objections" language meant that there was still some pre-condition to the admission of the exhibits included in the Stipulation.

However, the Stipulation's plain language is clear: the exhibits in the Stipulation were admitted into evidence. First, "subject to relevance objections" is not a pre-condition to the admission of these exhibits. Rather, the Stipulation means that the admission of the exhibits might subsequently be reconsidered *if relevance objections were made*. As a result, the City had the option of objecting to any of the exhibits on the basis of relevance. Yet the City never made any such objections, even when the Court confirmed that these exhibits were entered into evidence. Trial Tr. 100:21-101:4, 1305:22-24.

Second, the Stipulation states that the exhibits were "Received into Evidence without Objection." ECF No. 504. "Received" is in the past tense. Thus, the exhibits were entered into evidence.

Further confirming that the Stipulation entered the exhibits into evidence was the language following the "subject to" language: the exhibits "are received in evidence without objections, without the need for further foundation and may be published to the jury." *Id*. Thus, the exhibits "are received" as opposed to "will be received subject to" a pre-condition. Moreover, the Stipulation states that the exhibits "need [no] further foundation."

3

Lastly, the exhibits that the City objects to were not used at the jury trial and are submitted only to the Court as part of the bench trial on the disparate impact claims. In a bench trial, relevance objections are often dispensed with; the Court is presumed to consider only relevant evidence, and without a jury, the risk of prejudicing the finder of fact is not present. *See United States v. Rogers*, 454 F.2d 601, 605-06 (7th Cir. 1971) ("In a bench trial, in the absence of any showing to the contrary, we will presume that the judge considered only the pertinent portions of the file when deciding the issues of fact.").

> ii. **The Court Twice Confirmed – At the Beginning of the Trial and in the Middle of Trial – That These Forty-Seven Exhibits Were Entered into Evidence**

Five days after the parties signed and entered the Stipulation, the trial began. On the first day of trial, November 4, 2014, there was the following exchange:

> MS. MALONE: We had a stipulation between the parties as to some exhibits that were admitted and we had agreed that they could then be published to the jury.
>
> THE COURT: Yes. If that is your agreement then I certainly would honor it.
>
> MS. MALONE: Thank you, your Honor.
>
> THE COURT: At an appropriate time you may read your stipulations to the jury, and if they involve publication you may publish accordingly. Thank you.
>
> Trial Tr. 100:21-101:4.

When this exchange occurred, the City did not object to any of the exhibits in the Stipulation.

The City was again reminded that the Stipulation entered the exhibits into evidence when, the following exchange occurred on November, 17, 2014, with more than half of the trial completed:

4

> MR. BORGEN: Yes, your Honor. We have some other housekeeping matters around exhibits but we have no –
>
> THE COURT: Yes. Yes.
>
> MR. BORGEN: Yes. The first one, your Honor, has to do with plaintiffs' exhibits . . .
>
> THE COURT: Let me start by saying with respect to everything that you stipulated to, I have accepted your stipulations, and those exhibits are received in evidence.

Tr. 1305:22-24.

Again, the City made no objection to any of the exhibits in the Stipulation at this time. Therefore, the City's motion to strike the admitted trial exhibits is well off the mark because the City waived such an objection on at least three separate occasions.

**B.  Plaintiffs Should Be Permitted to Re-File Trial Exhibits Filed Under ECF No. 560 and 563.**

Most of the trial exhibits filed by Plaintiffs are correct. At the same time, Plaintiffs inadvertently filed incorrect documents for some of the trial exhibits and also filed exhibits that, although admitted into evidence, were not necessary to file since they are not relied upon. The cure for inadvertent error would be, as will be requested, to permit plaintiffs to correct the error.

In order to correct these mistakes and not confuse the docket sheet further, Plaintiffs will file a cross-motion seeking leave to substitute trial exhibits previously filed under docket entries 560 and 563 and to remove docket entries 560 and 563.

When a mistake has been made in electronic filing, the "Quick Reference" guide for the Northern District of Illinois provides the following question and answer:

> I noticed that I made a mistake in the electronic filing. What do I do?
>
> If you believe that you have made an e-filing error that needs to be corrected, contact the CM/ECF HelpDesk at (312) 435-5671 or (312) 582-8727.

Quick Reference, Electronic Filing in the U.S. District Court Northern District of Illinois

5

565916.4

(Revised August 2013), http://www.ilnd.uscourts.gov/home/cmecf/userguides//

PDFs/v311/quick_reference_0611a.pdf (last visited on February 23, 2015). Thus, the Northern District of Illinois recognizes that mistakes happen.

This Court has not decided Plaintiffs' disparate impact claims because the parties have not finished filing post-trial motions regarding proposed findings of fact and conclusions of law. On March 9, 2015, the proposed findings of fact and conclusions of law filings will be fully submitted. The Plaintiffs and the City each filed their proposed findings of fact and conclusions of law on January 29, 2015. ECF No. 558 and 561. The Plaintiffs and the City each filed their response to the opposing party's proposed findings of fact and conclusions of law on February 20, 2015. ECF No. 577 and 579.

As a result, no filing deadline has been violated and the disparate impact claims have yet to be decided. Further, the trial exhibits were admitted under the Stipulation and during trial (without objection). The fact that there were inadvertent mistakes in the filing of certain exhibits does not change the fact of admission of such documents.

### C. Defendant's Assertions regarding Certain Exhibits Are Not Supported by the Record.

Defendant also asserts that admitted Exhibits 15 is "misleading," while contending admitted Exhibits 13, 42, 50A-C, 60 and 61 are "inscrutable" or indecipherable. None of these assertions is accurate.

Regarding Exhibit 13, the document is legible. There are strange characters on the document, but that was how the City produced this document to the Plaintiffs.

Regarding Exhibits 42 and 60, both of these were originally excel spreadsheets that were filed in PDF form. This filing occurred as a misunderstanding of how to file spreadsheets. However, Plaintiffs will refile these exhibits in native format (as Excel spreadsheets). These exhibits have been admitted, and the mistaken filing does not affect the substance of these exhibits, which will be made clearer upon refiling (assuming the Court grants Plaintiffs leave to refile).

Next, Defendant disregards the record as to Exhibits 50A-C. The City generated Exhibits 50A-C during expert discovery using data from the 911 dispatch center. The City's expert, Dr. Gebhardt, reviewed these tables, as did Plaintiffs' expert, Dr. Campion. The data evidence that, of the 23% of calls to which CFD paramedics responded without a fire company, a large percentage involved transporting patients who were ambulatory (i.e. who walked to the ambulance) or lighter patients. The City did not object to the relevance of these documents.

Similarly, the City itself produced Exhibits 60 and 61 in discovery. The City produced Exhibit 60 as "CHIVAL," representing it to be reconstructed data of the scores and ratings of the 52 CFD incumbents who participated in Dr. Gebhardt's validation study. Swabb email of June 2011, attached hereto as Exhibit C. The City also produced Exhibit 61, the "EMSCOMB" data, representing it to be reconstructed underlying data from New York, used to set the physical performance test passing score. Swabb email June 2011; Pretrial Conf. Tr. 137-139, Feb. 25, 2015, attached as Exhibit D. These data are neither "inscrutable" nor irrelevant.

D.     **Defendant's Assertions regarding Admitted Defense Exhibits Is in Error.**

Defendant does not dispute that, in the Final Pretrial Order, both sides reserved the right to utilize exhibits marked by the other. ECF No. 422 at 37. Defendant similarly does not dispute that, pursuant to the Stipulation, defense exhibits 10, 13, 15, 16, 17, 34, 39 and 79 were admitted into evidence.

Rather, Defendant contends that Plaintiffs were required to redact defense exhibit 79, which the City itself prepared and offered into evidence, *without redactions*, and which the Court admitted into evidence, *without redactions*. ECF No. 572 at 13. Defendant did not at any time prior to or during trial ask to substitute defense exhibit 79 for a redacted version. Plaintiffs were not even permitted, let alone required, to redact a defense exhibit already admitted into evidence.

7

Nevertheless, Plaintiffs do not oppose the redaction of defense exhibit 79 and will seek leave to file a redacted version in their cross-motion to substitute and remove docket entries 560 and 563.

Dated:  February 26, 2015

Respectfully submitted,

<u>     s/David Borgen                              </u>
DAVID BORGEN, CA Bar No. 099354
dborgen@gbdhlegal.com
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800; (510) 835-1417 (Fax)

SUSAN P. MALONE
smalonelaw@sbcglobal.net
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
(312) 726-2638

MARNI WILLENSON
marni@willensonlaw.com
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
(312) 546-4910; (312) 261-9977 (Fax)

JOSHUA KARSH
jkarsh@hsplegal.com
Hughes, Socol, Piers, Resnick & Dym
70 West Madison Street, Suite 4000
Chicago, IL  60602
(312) 604-2630; (312) 604-2631 (Fax)

Attorneys for Plaintiffs

565916.4