IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, et al.<br><br>    Plaintiffs,<br>v.<br><br>CITY OF CHICAGO,<br><br>    Defendant. | No. 08 c 4370<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Jeffrey Cole |

**<u>PLAINTIFFS' MOTION TO PERMANENTLY STRIKE AND REPLACE
DOCKET ENTRIES 560 AND 563 IN THEIR ENTIRETY</u>**

To ensure that exhibits admitted at trial and referenced in the parties' post-trial proposed findings and conclusions of law are in the Court record and on the Court's docket, and to remove extraneous material from the docket, Plaintiffs request an order:

        (a)      Permanently striking docket entries 560 and 563 in their entirety (*i.e.* not just entries 560-5 and 563-1), because they currently contain certain illegible pages, certain pages with unredacted confidential information, certain incorrect documents, and several Excel spreadsheets improperly uploaded in PDF format rather than submitted in "native" Excel format; and,

        (b)      Granting Plaintiffs leave to re-file certain of the trial exhibits currently encompassed in docket entries 560 and 563, but in legible form, without confidential information, and with spreadsheets submitted in "native" Excel format rather than as PDF pages.

The Court has pending before it two earlier motions to strike exhibits. First, Plaintiffs filed a limited Motion to Remove portions of Docket Entries 560 and 563—specifically, Entries 560-5 and 563-1. (Mot. to Remove Docket Entries, Feb. 5, 2015, ECF No. 567.) That motion

1

was filed by Plaintiffs immediately upon learning that documents included in 560-5 and 563-1 were inadvertently uploaded before confidential information in them had been redacted.[1] The motion, already on file, seeks an order permanently removing docket entries 560-5 and 563-1, with leave to refile properly redacted versions. (*Id.*)

Second, in response to Plaintiffs' limited motion with respect to the confidential information in Docket Entries 560-5 and 563-1, the City of Chicago ("City") cross-filed a sweepingly overbroad motion to strike. (Def.'s Mot. to Strike, Feb. 13, 2015, ECF No. 572.) Whereas Plaintiffs' motion sought to remove and replace docket entries 560-5 and 563-1, the City's motion seeks to strike 47 trial exhibits (including some of the *City's own* exhibits). (*Id.*) Plaintiffs' opposition to the City's motion sets forth the reasons the Court should deny the City's Motion to Strike. (*See* Opp'n to Mot. to Strike, Feb. 26, 2015, ECF No. 585.) First and foremost, the City's assertion that these *trial exhibits* were never admitted into evidence is patently erroneous. The parties stipulated to the admission of these exhibits; and, then, at trial, the Court received all these trial exhibits into evidence on two separate occasions. (*See id.* at 3-5.) The exhibits are not "outside the trial record," as the City claims.

As additional grounds for striking the exhibits, the City pointed out that the copies filed in the ECF/CM system of certain exhibits were illegible and that spreadsheets, filed in PDF rather than "native" Excel format, were unusable in the format they were uploaded. (*Id.* at 6.) This criticism of Plaintiffs' filing was accurate, in part. However, as noted in Plaintiffs' opposition, the cure for such procedural filing errors is to permit Plaintiffs to correct them—not to strike exhibits, admitted at trial, from the docket. (*Id.*)

---

[1] The clerk's office has placed the documents under a temporary seal, pending disposition of Plaintiffs' motion to permanently remove them.

The City's blunderbuss motion targets 47 trial exhibits encompassed in docket entries 560 and 563. Plaintiffs do not seek to re-file every one of them but, rather, only 18 of them, limited to those that: (1) Plaintiffs cited in their post-trial briefing on the disparate impact claims (plus Plaintiffs' trial exhibit 42, which was cited at trial but not published to the jury); *and* which (2) the City did not include in the volumes of exhibits filed on January 27, 2015 (Def.'s Admitted Trial Exs. Vol. I and II, ECF Nos. 555-556, and Pls.' Admitted Trial Exs., ECF No. 557).[2] Correct copies of these 18 trial exhibits, both Plaintiffs' and the City's, are attached as Exhibit A.[3] In addition, Plaintiffs seek leave to file the complete reports, including the appendices, of their testifying experts, Plaintiffs' trial exhibits 21, 22, and 23. The City filed incomplete versions of Plaintiffs' expert reports, uploading only the body of the reports without the appendices. (*See* ECF No. 557-1.) The appendices, which delineate the material referred and relied upon by the experts, are integral parts of the reports. Correct copies of these reports and appendices to Plaintiffs' trial exhibits 21-23 are attached as Exhibit B.

A. **The Exhibits Plaintiffs Seek to Remove and Re-File are In Evidence.**

All the exhibits that Plaintiffs seek to re-file are in evidence. The fact of their admission in evidence has been briefed in the context of the City's motion to strike. (Def.'s Mot. to Strike, ECF No. 572; Opp'n to Mot. to Strike, ECF No. 585.) As Plaintiffs have shown in their brief in opposition to the City's motion to strike, these exhibits were admitted into evidence *three* separate times.

---

[2] These 18 admitted trial exhibits are Plaintiffs' trial exhibits 13, 14A, 14C, 16, 42, 45, 50A, 50B, 50C, 53, 61, and Defendant's trial exhibits 10, 13, 15, 16, 17, 34, and 79.

[3] Of these 18 exhibits, five are Excel spreadsheets. For these spreadsheets, Exhibit A to this motion includes PDF cover sheets, identifying the spreadsheet rather than actual Excel digital files, because Excel files cannot be uploaded to ECF. The actual exhibits, in Excel format, will be delivered to the clerk of court pursuant to local filing procedures.

3

First, on October 31, 2014, the parties entered into a stipulation that includes each one of the exhibits Plaintiffs seek to re-file. (Stip-Agreed Exs., ECF No. 504.) The parties stipulated and agreed that the exhibits "*are received in evidence without objections*, without the need for further foundation and may be published to the jury." *Id.* (emphasis added). Second, at the beginning of trial, the Court admitted the exhibits listed in the Stipulation into evidence. Trial Tr. 100:21-101:4 (Opp'n to Mot. to Strike Ex. B, ECF No. 585). The City did not object. Third, in the middle of trial, the Court confirmed, *again*, that the exhibits in the Stipulation were entered into evidence. Trial Tr. 1305:22-24 (Opp'n to Mot. to Strike Ex. C, ECF No. 585). Again, the City made no objection. As a result, this evidence is part of the case and "usable as proof." *Ramsey v. Am. Air Filter Co.*, 772 F.2d 1303, 1310 (7th Cir. 1985) (citation omitted).

**B.** **The Court Should Strike Docket Entries 560 and 563, in Their Entirety, and Permit Plaintiffs to Re-File Correct Copies of Exhibits Cited in Post-Trial Briefing on Plaintiffs' Disparate Impact Claims.**

The Court should strike docket entries 560 and 563 in their entirety and permit Plaintiffs to file corrected copies of 18 trial exhibits, because documents appearing on the Court's public docket as Plaintiffs' and the City's trial exhibits should be legible copies of the exhibits admitted at trial, in the proper format.

Plaintiffs mistakenly uploaded several spreadsheets as PDFs, rather than filing PDF cover sheets and submitting Excel files to the clerk of court. Consequently, several exhibits were, as the City noted, hundreds of pages long and difficult to read and use. These exhibits should have been submitted in their native Excel format. *See generally Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 356 (S.D.N.Y. 2008) (noting that production in static image form, such as TIFF or PDF, "does not work well for spreadsheets and databases"); Sedona Conference Database Principles (Sept. 2014) (same).

569489.2

Plaintiffs' filing of PDF printouts of these exhibits through the ECF/CM System was an incorrect procedure that can be corrected by placing the proper Excel files in the record. The Court should order this to be done so that the docket reflects what these trial exhibits actually are: Excel spreadsheets.[4]

Similarly, illegible copies of documents and extraneous documents not cited by either party, should not remain on the Court's docket. The Court should, thus, strike the docket entries containing this material (ECF Nos. 560 and 563), and permit Plaintiffs to re-file legible copies of the exhibits, which the Court needs.

The cure for inadvertent, procedural filing errors is to strike erroneous material and permit correction of the errors, not substantive exclusion of evidence. *See* Quick Reference, Electronic Filing in the U.S. District Court Northern District of Illinois (Revised August 2013) http://www.ilnd.uscourts.gov/home/cmecf/userguides/PDFs/v311/quick_reference_0611a.pdf (last visited on March 19, 2015). All the exhibits at issue here were received in evidence. They are part of the trial record, notwithstanding errors made in electronic filing.

No party is prejudiced by an accurate, complete record. This Court has not decided Plaintiffs' disparate impact claims. The exhibits are relevant to the proposed findings of facts and conclusions of law being considered by this Court. There was no filing deadline for the admitted trial exhibits. The City has, and has had since before trial, correct copies of each of the trial exhibits that Plaintiffs seek to re-file (eight of which are the City's own exhibits). Filing the correct trial exhibits now does not prejudice the City. Denying this motion, resulting in the omission from the electronic record of evidence admitted at trial would, by contrast, prejudice

---

[4] There is no dispute over the content of the exhibits. The Final Pretrial Order describes the exhibits and identifies them as Excel spreadsheets. Further, the parties exchanged copies of their exhibits before trial, and Plaintiffs sent the spreadsheet exhibits to the City in Excel.

Plaintiffs, hinder the Court in its review of the record, and result in an electronic docket that does not accurately reflect the evidence admitted at trial.

WHEREFORE, for the reasons stated above, the Court should permit Plaintiffs to withdraw docket entries 560 and 563 in their entirety and grant Plaintiffs leave to file the following admitted trial exhibits: Plaintiffs' trial exhibits 13, 14A, 14C, 16, 42, 45, 50A, 50B, 50C, 53, 61 and Defendant's trial exhibits 10, 13, 15, 16, 17, 34, and 79 (Exhibit A) and complete copies of Plaintiffs' Expert reports, Plaintiffs' trial Exhibits 21, 22, 23. (Exhibit B).

Dated: March 27, 2015

Respectfully submitted,

  s/ David Borgen
DAVID BORGEN, CA Bar No. 099354
dborgen@gbdhlegal.com
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

SUSAN P. MALONE
smalonelaw@sbcglobal.net
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 726-2638

MARNI WILLENSON
marni@willensonlaw.com
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910; (312) 261-9977 (Fax)

JOSHUA KARSH
jkarsh@hsplegal.com
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100; (312) 604-2631 (Fax)