aEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STACY ERNST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08 CV 4370 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs' Motion to Remove Docket Entries 560-5 and 563-1 [567] is granted in part, and denied in part. Defendant City of Chicago's Motion to Strike 5,441 Pages of "Supplemental Admitted Trial Exhibits" and Reference to Evidence Outside the Trial Record [572] is granted. Plaintiffs' Motion to Permanently Strike and Replace Docket Entries 560 and 563 in their Entirety [597] is granted in part, and denied in part. Docket entries 560 and 563, and all exhibits attached thereto, are stricken with prejudice. The exhibits are not part of the trial record and may not be relied upon by the parties in support of their findings of fact and conclusions of law. Plaintiffs' request to refile corrected versions of the exhibits is denied.

## STATEMENT

The jury/bench trial in this matter concluded on November 25, 2014. Shortly thereafter, the parties began briefing their proposed findings of fact and conclusions of law. In docket entries 560 and 563, Plaintiffs Stacy Ernst, Dawn Hoard, Katherine Kean, Michelle Lahalih, and Irene Res-Pullano (collectively, "Plaintiffs") seek to add forty-seven additional exhibits, referred to as "Supplemental Admitted Trial Exhibits" ("supplemental exhibits"), to the trial record. Plaintiffs admit that several of the supplemental exhibits contain, *inter alia*, un-redacted confidential information in violation of the protective order and the rulings of the magistrate judge, and numerous blank and unintelligible pages due to improper formatting. Plaintiffs further concede that several of the exhibits contain incorrect versions of the purported exhibits, and twenty-nine of the forty-seven were not relied on by any party at trial or in support of their respective proposed findings of fact and conclusions of law. Accordingly, Plaintiffs now ask the Court to permanently strike docket entries 560 and 563 from the record, with leave to refile corrected and redacted versions of eighteen of the supplemental exhibits which they actually rely upon in support of their proposed findings of fact and conclusions of law.

In opposition, Defendant City of Chicago ("Defendant") asks the Court to permanently strike Plaintiffs' supplemental exhibits, without leave to refile. Among other things, Defendant argues that the supplemental exhibits are irrelevant to the Court's finding, and that their admission at this time would be prejudicial because Defendant was not given a chance to object, cross-examine or introduce additional exhibits to rebut them at trial.

It is well established that "decisions regarding the admission and exclusion of evidence are peculiarly within the competence of the district court." Hicks v. Avery Drei, LLC, 654 F.3d 739, 743 (7th Cir. 2011) (internal quotation marks and citations omitted). Although contained within the exhibits listed in the parties' October 31, 2014 stipulation (subject to objections based on relevancy), the supplemental exhibits at issue were not used during trial, nor were they moved or admitted into evidence during trial. The parties had ample time to seek the admission of these 5,441 pages of exhibits during the eleven days of the jury/bench trial—neither Plaintiffs nor Defendant did so. Accordingly the Court finds that the forty-seven "Supplemental Admitted Trial Exhibits" are not part of the trial record and may not be relied upon in the parties' proposed findings of fact and conclusions of law.

For the foregoing reasons, docket entries 560 and 563, and the exhibits attached thereto, are stricken with prejudice. Plaintiffs' request for leave to refile is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 6, 2015