

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 08 CV 4370 |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court hereby enters Findings of Fact and Conclusions of Law in this matter pursuant to Federal Rule of Civil Procedure 52(a). On the claims of disparate impact, the Court finds in favor of Defendant City of Chicago, and against Plaintiffs Stacy Ernst, Dawn Hoard, Irene Res-Pullano, Michelle Lahalih, and Katherine Kean. Judgment shall be entered in favor of Defendant.

## STATEMENT

Before the Court are the parties' proposed findings of fact and conclusions of law. For the reasons set forth below, the Court finds in favor of Defendant City of Chicago ("Defendant"), and against Plaintiffs Stacy Ernst ("Ernst"), Dawn Hoard ("Hoard"), Irene Res-Pullano ("Res-Pullano"), Michelle Lahalih ("Lahalih"), and Katherine Kean ("Kean") (collectively, "Plaintiffs") on all remaining claims.

This action arises out of Defendant's use of a pre-hire physical abilities test ("PAT") to select applicants for Chicago Fire Department ("CFD") paramedics. The PAT consists of three basic abilities tests: (1) the arm endurance test, (2) the leg lift test, and (3) the modified stair climb. Plaintiffs took the PAT in 2004. All five Plaintiffs failed to achieve a passing score of 935 or greater. Specifically, Ernst scored 751.2;[1] Hoard scored 779.7; Res-Pullano scored 803.5; Kean scored 914.6, and Lahalih scored 931.8. Accordingly, Plaintiffs did not qualify for employment as CFD paramedics. On August 1, 2008, Plaintiffs sued Defendant, alleging that Defendant intentionally discriminated against them on the basis of their sex through its use of the PAT, and that the use of the PAT had a disparate impact on them as women in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

From November 4, 2014 to November 21, 2014, Plaintiffs' intentional discrimination claims were tried before a jury, and Plaintiffs' disparate impact claims were simultaneously tried before the Court in a bench trial. On November 25, 2014, a jury returned a verdict in favor of Defendant on Plaintiffs' intentional discrimination claims.

The disparate impact claims remain before the Court. The parties submitted their proposed findings of fact and conclusions of law pursuant to the Local Rule Guidelines for

---

[1] Ernst also took the PAT in 2001, and failed, with a score of 867.6.

Proposed Findings of Fact and Conclusions of Law, which the Court has considered together with witness testimony, and trial exhibits that were introduced into evidence. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a).

For purposes of the Court's Findings of Fact, the Court hereby adopts and incorporates Defendant's proposed findings of fact ¶¶ 1 - 137. City of Chi.'s Proposed Findings of Fact and Conclusions of Law on Disparate Impact Claims, at pp. 2–31. For purposes of the Court's Conclusions of Law, the Court hereby adopts and incorporates Defendant's proposed conclusions of law ¶¶ 1–14, 16-24, and 26–78. Id. at pp. 32–51. The Court rejects Defendant's proposed conclusions of law contained in ¶¶ 15 and 25, wherein Defendant attempts to re-litigate evidentiary issues with respect to expert witnesses that were decided at trial. During trial, the Court determined that Dr. Deborah Gebhardt ("Dr. Gebhardt"), Dr. William McArdle ("Dr. McArdle"), and Dr. Michael Campion ("Dr. Campion") were qualified to testify pursuant to Federal Rules of Evidence 702 and 703. The Court further states as follows.

"To succeed on a disparate impact claim, plaintiffs bear the burden of showing that a particular employment practice causes a disparate impact on the basis of [sex]." Allen v. City of Chi., 351 F.3d 306, 311 (7th Cir. 2003). "Once this impact is shown, the defendant must demonstrate that the practice is 'job related' and 'consistent with business necessity.'" Id. (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)). "If the defendant makes this showing, plaintiffs can still prevail by demonstrating that an alternative employment practice exists, and the defendant refuses to adopt it." Id. at 311-12 (citations omitted).

With respect to Plaintiffs' prima facie case, the evidence showed that Defendant began using the PAT as a selection procedure for CFD paramedics in 2000. Between 2000 and 2009, the average passing rate of the PAT for women was 59.18%, and the average passing rate for men was 98.24%. Thus, the passing rate for women was only 60% of the passing rate for men—"well below the 80-percent standard set by the EEOC to implement the disparate-impact provision of Title VII." Ricci v. DeStefano, 557 U.S. 557, 586-87 (2009) (citation omitted); see also 29 C.F.R. § 1607.4D ("A selection rate for any race, sex, or ethnic group which is less than four-fifths ( 4/5 ) (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact."). In 2004, when Plaintiffs each took and failed the PAT, the passing rate for women was even less, at 49% of the passing rate of men. Accordingly, it is clear, and the parties do not dispute, that the PAT had an adverse impact on women.

Having established a disparate impact, the burden shifts to Defendant to show that the pre-hire PAT was "job related and consistent with business necessity." Banos v. City of Chi., 398 F.3d 889, 892 (7th Cir. 2005) (internal quotation marks and citations omitted). As outlined in Defendant's proposed conclusions of law in ¶¶ 16–24, and 26-52, which the Court has adopted, Defendant met its burden of showing that the PAT was related to the job of CFD paramedic and consistent with business necessity through the Validation Report prepared by Dr. Gebhardt, and the testimony of Dr. Gebhardt and CFD paramedics and officials. Plaintiffs' arguments attacking Dr. Gebhardt's job analysis, validation study under the criterion method, and the process of determining the 935 passing score are unavailing and are rejected.

Finally, the burden shifts back to Plaintiffs, who must show that that a "substantially equally valid, less discriminatory alternative" to the PAT exists, and that Defendant refused to adopt it. Allen, 351 F.3d at 316; see also Ricci, 557 U.S. at 578 (stating that a plaintiff must

2

show that "the employer refuses to adopt an available alternative employment practice that has less disparate impact and serves the employer's legitimate needs."). Plaintiffs' witnesses Dr. Campion and Dr. McArdle suggested eight different un-tested, and un-validated alternatives: (1) a pre-PAT physical fitness program; (2) providing a video to CFD paramedic applicants before the PAT; (3) providing applicants with an improved brochure eight to twelve weeks prior to the PAT; (4) allowing applicants to use the actual PAT equipment prior to the PAT; (5) doing physical abilities testing at the end of Fire Academy training after the CFD paramedics are hired; (6) lowering the demands of the CFD paramedic job; (7) testing for job requirements other than physical abilities; and (8) having no test at all and returning to the randomized selection procedure used before the PAT was implemented. Aside from a running list of options, Plaintiffs presented no evidence to show that their suggestions actually constituted valid alternatives. Plaintiffs presented no evidence to support that any of the alternatives were equally valid selection procedures as defined by the EEOC's Uniform Guidelines on Employee Selection Procedures, no evidence that the alleged alternatives were validated in accordance with the Uniform Guidelines, no evidence that the alternatives served Defendant's legitimate needs, and no evidence that the alternatives were even available during the relevant time period. See Ricci, 557 U.S. at 578; Allen, 351 F.3d at 316. The mere assertions of Plaintiffs' witnesses that alternatives existed are insufficient to meet Plaintiffs' burden of proof. Accordingly, Plaintiffs fail to establish that the PAT violated Title VII's prohibition of disparate impact discrimination.

For the foregoing reasons, the Court rules in favor of Defendant on Plaintiffs' disparate impact claims.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 13, 2015