IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST, DAWN HOARD, IRENE RES, MICHELLE LAHALIH, and KATHERINE KEAN,<br><br>                        *Plaintiffs*,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>                        *Defendant*. | Case No.: 08-cv-4370<br><br>Hon. Rebecca R. Pallmeyer |

**AMENDED JUDGMENT ORDER RELATING TO
<u>PLAINTIFF IRENE RES</u>**

Pursuant to and consistent with the Court's Memorandum Order and Opinion dated December 21, 2018, ECF No. 790, and the September 19, 2016 Order of the United States Court of Appeals for the Seventh Circuit, the Court vacates the Order of February 5, 2019, ECF No. 807, and enters judgment in favor of Irene Res ("Res") and against the Defendant City of Chicago ("City") on her claim of disparate impact and orders as follows:

**I.**     **<u>Monetary Damages</u>**

    1.     The Court awards Res backpay damages for disparate impact discrimination totaling $945,000, consisting of $699,288 in lost wages, $197,195 in prejudgment interest, and $48,517 to neutralize the tax penalty.

    2.     Within 60 days of the entry of this Order, the City shall pay to Res the amounts set forth in in paragraph 1. The City shall withhold the employee-share of Medicare tax from wages and tax penalty award and shall pay the employer share of such taxes but shall not withhold social security taxes. The City shall issue the appropriate W-2 for the wage and tax awards for 2019 that indicates that as Res is a participant in a City of Chicago pension fund, this pay is not subject to

social security tax payments from either Res or the City, as well an appropriate 1099-Int for the prejudgment interest portion of such award for 2019.

II.  **Terms of Instatement**

1. For the reasons stated in the Court's December 21, 2018 Order, the City is ordered to instate Res as a Fire Paramedic in the Chicago Fire Department ("CFD"), with full retroactive pay and full retroactive seniority for all purposes based on a hire date of April 1, 2005. The April 1, 2005 hire date shall apply for all purposes, including the issuance of seniority numbers; pay rates; pension benefits; bidding for work assignments, furlough, and all other bidding purposes; selection for promotions; the scoring of promotional exams; and insignia on uniforms. The April 1, 2005 hire date shall not apply in determining Res' time-in-grade and time-in-title to be eligible for promotion.

2. Res was instated as a CFD paramedic, joining the Paramedic Training Academy on April 1, 2019. The following additional terms and conditions shall apply to the instatement of Res.

3. ***CFD Paramedic Training Academy***

   (a) Res shall have at least two opportunities to pass the Paramedic Training Academy, so long as she puts forth a good faith effort.

   (b) During the Paramedic Training Academy, Res may continue to oversee her bakery, so long as that work does not detract in any way from her participation in the Paramedic Training Academy.

   (c) If Res fails the Paramedic Training Academy on her first attempt, she will continue to maintain employment with CFD in a position that does not

involve providing paramedic services as a CFD paramedic. If Res fails her first attempt in the Paramedic Training Academy, Res will participate in the next Paramedic Training Academy class the CFD convenes. While Res awaits her second opportunity to successfully complete Paramedic Training Academy, she will continue to earn pay, pension, and other benefits consistent with the terms of this Order. If Res fails the Paramedic Training Academy after two attempts, the Parties should request a hearing with the Court.

4. *Retroactive Seniority as an Instated CFD Fire Paramedic*

(a) The City shall instate Res with full retroactive seniority to April 1, 2005, for all purposes including the issuance of seniority numbers; pay rates; pension benefits; bidding for work assignments, furlough, and all other bidding purposes; selection for promotions; the scoring of promotional exams; and insignia on uniforms. The April 1, 2005 hire date shall not apply in determining Res' time-in-grade and time-in-title to be eligible for promotion.

(b) Res shall not be treated as a probationary employee but rather, upon instatement, shall be entitled to the same protections as non-probationary Fire Paramedics under the applicable collective bargaining agreement and the Chicago Municipal Code and shall, at her option, wear the uniform of a non-probationary Fire Paramedic.

5. *Pay as an Instated CFD Fire Paramedic*

(a) Res shall be paid using the base salary rate commensurate with her being hired as a Fire Paramedic (F1) on April 1, 2005, promoted to the position of Paramedic-in-Charge (F3a) as of September 1, 2008. Res' base salary shall also include a Lost Chance Wage Premium reflecting the probability of promotion to Ambulance Commander (F5).

(b) The Lost Chance Wage Premium shall be 35% of the wage rate differential between the pay of an Ambulance Commander (F5) and that of a Paramedic-in-Charge (F3a) from instatement until June 30, 2020, and 45% of the wage differential between the pay of an Ambulance Commander (F5) and that of a Paramedic-in-Charge (F3a) from July 1, 2020, until the Lost Chance Wage Premium ends. The Lost Chance Wage Premium ends if Res fails to promptly apply for promotion to Paramedic-in-Charge or test for the promotion to Ambulance Commander when she qualifies, or when she is actually promoted to Ambulance Commander.

(c) Once Res has completed the Paramedic Training Academy and received her assignment, she shall apply for the Paramedic-in-Charge promotional opportunity as soon as she is eligible. She will be eligible to apply after nine months of employment as a CFD Fire Paramedic. If Res fails to timely apply for promotion to Paramedic-in-Charge once she is eligible, her base pay shall then revert to the applicable rate for a Fire Paramedic hired on April 1, 2005. In addition, Res shall test for the first Ambulance Commander promotional opportunity for which she is eligible. She will be eligible to test for the promotion to Ambulance Commander if she is a

4

        Paramedic-in-Charge on the date CFD opens the applications for the Ambulance Commander promotion. If Res fails to timely test for promotion to Ambulance Commander once she is eligible, her base pay shall then revert to the applicable rate for a Paramedic-in-Charge with a hire date of April 1, 2005. If Res fails to timely seek either promotion, she shall not owe funds back to the City for wages previously paid at a higher rate. Res shall also retain her full seniority, retroactive to April 1, 2005, even if she no longer qualifies for pay as a Paramedic-in-Charge or the Ambulance Commander Lost Chance Wage Premium.

(d)    The City shall take all necessary steps to ensure that Res' wages are properly calculated and paid as set forth above, including the Lost Chance Wage Premium, and are properly reported to the Fireman's Annuity and Benefit Fund ("Fund") for the purpose of making deposits to the Fund and the calculation of pension benefits.

6.    ***Pension Benefits as an Instated CFD Paramedic***

(a)    Upon instatement, Res shall be enrolled as a participant in the Fund with all pension rights and benefits as if she had been hired on April 1, 2005, promoted to Paramedic-in-Charge on September 1, 2008, and has pensionable wages as delineated in this Order, including the past and ongoing Paramedic-in-Charge pay and Ambulance Commander Lost Chance Wage Premium for as long as Res receives such additional pay. Res shall have the full pension benefit of the Paramedic-in-Charge promotional

5

        pay and Ambulance Commander Lost Chance Wage Premium, unless her base pay reverts back as detailed in Paragraph II.5(c) above.

    (b)    On or before the date of Res' instatement, the City shall ask the Fund to calculate the amounts due and owing from the City to ensure that Res receives the benefits described above. The City shall make such payments to the Fund as the Fund may require to ensure that Res receives the benefits described above within 60 days of the later of: (i) the date that Res is instated; or (ii) the date that the Fund confirms the amounts due and owing from the City. The City shall provide Res' counsel with the Fund's calculations of the sums required within fourteen (14) days of the Fund's provision of this information to the City. The City shall also provide Res' counsel evidence of payments to the Fund within twenty-one (21) days of payment.

### III. Final Judgment

1. This final order resolves Res's claim of disparate impact against the City. Res voluntarily dismisses her claim of disparate treatment against the City, with each side agreeing to bear its own costs relating to that claim. Accordingly, Res's claims of disparate treatment and disparate impact are dismissed with prejudice. Res's claim for attorneys' fees, costs and expenses, which she has assigned to her counsel, is resolved by separate order.

2. By agreement of the parties, the City's motion to modify or amend the Memorandum Opinion and Order, ECF No. 815, is hereby dismissed as moot. By agreement of

the parties, this final order is unappealable and resolves all claims asserted by Irene Res, except those for attorney's fees, which are resolved by separate order.

3. The Court retains jurisdiction to enforce the terms of this final judgment order, including the Terms of Instatement set forth in Section II.

ENTERED:

*Rebecca R. Pallmeyer*

Date: May 2, 2019

Judge Rebecca R. Pallmeyer