IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ERNST *et al.* ) | |
| ) | Case No. 08-C-4370 |
| Plaintiffs, ) | |
| ) | Judge Rebecca R. Pallmeyer |
| v. ) | |
| ) | |
| CITY OF CHICAGO ) | |
| ) | |
| Defendant. ) | |

**AMENDED JUDGMENT ORDER RELATING TO
PLAINTIFF STACY ERNST**

Pursuant to and consistent with the Court's Memorandum Order and Opinion dated December 21, 2018, ECF No. 790, and the September 19, 2016 Order of the United States Court of Appeals for the Seventh Circuit, and the further agreement of the Parties, the Court vacates the Order of February 5, 2019, ECF No. 810, and enters judgment in favor of Stacy Ernst ("Ernst") and against the Defendant City of Chicago ("City") on her claim of disparate impact and orders as follows:

**I.     Monetary Damages**

1.     The Court awards Ernst backpay damages for disparate impact discrimination totaling $495,000, consisting of $378,884 in lost wages and $116,116 in prejudgment interest.

2.     Within 60 days of the entry of this Order, the City shall pay to Ernst directly the $378,884.00 in lost wages. The City shall withhold the employee-share of Medicare tax but shall not withhold Social Security taxes. The City shall issue the appropriate W-2 for 2019 including that Ernst is a participant in a City of Chicago Pension Fund so that neither she nor the City are liable for Social Security tax.

3. Within 60 days of the entry of this Order, the City shall pay Ernst's prejudgment interest award of $116,116.00 to the Ernst 468B Fund, which was created by court order on May 10, 2019. (Dkt. 844.) This payment of $116,116.00 in prejudgment interest will not have any payroll taxes withheld.

4. Hughes Socol Piers Resnick & Dym Ltd. agrees to indemnify and hold harmless the City for any interest, taxes or penalties assessed against it by any governmental agency as a result of any nonpayment of taxes on amounts paid to the Ernst 468B Fund and received by Ernst.

## II. Terms of Instatement

1. For the reasons stated in the Court's December 21, 2018 Order, the City is ordered to instate Ernst as a Fire Paramedic in the Chicago Fire Department ("CFD"), with full retroactive pay and full retroactive seniority for all purposes based on a hire date of April 1, 2005. The April 1, 2005 hire date shall apply for all purposes, including the issuance of seniority numbers; pay rates; pension benefits; bidding for work assignments, furlough, and all other bidding purposes; selection for promotions; the scoring of promotional exams; and insignia on uniforms. The April 1, 2005 hire date shall not apply in determining Ernst's time-in-grade and time-in-title to be eligible for promotion.

2. Ernst was instated as a CFD paramedic, joining the Paramedic Training Academy on April 1, 2019. The following additional terms and conditions shall apply to the instatement of Ernst.

3. ***CFD Paramedic Training Academy***

    (a)    Ernst shall have at least two opportunities to pass the Paramedic Training Academy, so long as she puts forth a good faith effort.

    (b)    If Ernst fails the Paramedic Training Academy on her first attempt, she will continue to maintain employment with CFD in a position that does not involve providing paramedic services as a CFD paramedic. If Ernst fails her first attempt in the Paramedic Training Academy, Ernst will participate in the next Paramedic Training Academy class the CFD convenes. While Ernst awaits her second opportunity to successfully complete Paramedic Training Academy, she will continue to earn pay, pension, and other benefits consistent with the terms of this Order. If Ernst fails the Paramedic Training Academy after two attempts, the Parties should request a hearing with the Court.

**4.** *Retroactive Seniority as an Instated CFD Fire Paramedic*

    (a)    The City shall instate Ernst with full retroactive seniority to April 1, 2005, for all purposes including the issuance of seniority numbers; pay rates; pension benefits; bidding for work assignments, furlough, and all other bidding purposes; selection for promotions; the scoring of promotional exams; and insignia on uniforms. The April 1, 2005 hire date shall not apply in determining Ernst's time-in-grade and time-in-title to be eligible for promotion.

    (b)    Ernst shall not be treated as a probationary employee but rather, upon instatement, shall be entitled to the same protections as non-probationary

Fire Paramedics under the applicable collective bargaining agreement and the Chicago Municipal Code and shall, at her option, wear the uniform of a non-probationary Fire Paramedic.

5. **Pay as an Instated CFD Fire Paramedic**

(a) Ernst shall be paid using the base salary rate commensurate with her being hired as a Fire Paramedic (F1) on April 1, 2005, promoted to the position of Paramedic-in-Charge (F3a) as of September 1, 2008. Ernst's base salary shall also include a Lost Chance Wage Premium reflecting the probability of promotion to Ambulance Commander (F5).

(b) The Lost Chance Wage Premium shall be 35% of the wage rate differential between the pay of an Ambulance Commander (F5) and that of a Paramedic-in-Charge (F3a) from instatement until June 30, 2020, and 45% of the wage differential between the pay of an Ambulance Commander (F5) and that of a Paramedic-in-Charge (F3a) from July 1, 2020, until the Lost Chance Wage Premium ends. The Lost Chance Wage Premium ends if Ernst fails to promptly apply for promotion to Paramedic-in-Charge or test for the promotion to Ambulance Commander when she qualifies, or when she is actually promoted to Ambulance Commander.

(c) Once Ernst has completed the Paramedic Training Academy and received her assignment, she shall apply for the Paramedic-in-Charge promotional opportunity as soon as she is eligible. She will be eligible to apply after nine months of employment as a CFD Fire Paramedic. If Ernst fails to

4

        timely apply for promotion to Paramedic-in-Charge once she is eligible, her base pay shall then revert to the applicable rate for a Fire Paramedic hired on April 1, 2005. In addition, Ernst shall test for the first Ambulance Commander promotional opportunity for which she is eligible. She will be eligible to test for the promotion to Ambulance Commander if she is a Paramedic-in-Charge on the date CFD opens the applications for the Ambulance Commander promotion. If Ernst fails to timely test for promotion to Ambulance Commander once she is eligible, her base pay shall then revert to the applicable rate for a Paramedic-in-Charge with a hire date of April 1, 2005. If Ernst fails to timely seek either promotion, she shall not owe funds back to the City for wages previously paid at a higher rate. Ernst shall also retain her full seniority, retroactive to April 1, 2005, even if she no longer qualifies for pay as a Paramedic-in-Charge or the Ambulance Commander Lost Chance Wage Premium.

(d)    The City shall take all necessary steps to ensure that Ernst's wages are properly calculated and paid as set forth above, including the Lost Chance Wage Premium, and are properly reported to the Fireman's Annuity and Benefit Fund ("Fund") for the purpose of making deposits to the Fund and the calculation of pension benefits.

6.    *Pension Benefits as an Instated CFD Paramedic*

(a)    Upon instatement, Ernst shall be enrolled as a participant in the Fund with all pension rights and benefits as if she had been hired on April 1, 2005,

        promoted to Paramedic-in-Charge on September 1, 2008, and has pensionable wages as delineated in this Order, including the past and ongoing Paramedic-in-Charge pay and Ambulance Commander Lost Chance Wage Premium for as long as Ernst receives such additional pay. Ernst shall have the full pension benefit of the Paramedic-in-Charge promotional pay and Ambulance Commander Lost Chance Wage Premium, unless her base pay reverts back as detailed in Paragraph II.5(c) above.

  (b)    The City shall make such payments to the Fund as the Fund may require to ensure that Ernst receives the benefits described above within 60 days of the later of: (i) the date that Ernst is instated; or (ii) the date that the Fund confirms the amounts due and owing from the City. The City shall provide Ernst's counsel with the Fund's calculations of the sums required within fourteen (14) days of the Fund's provision of this information to the City. The City shall also provide Ernst's counsel evidence of payments to the Fund within twenty-one (21) days of payment.

### III.   Final Judgment

1.    This final order resolves Ernst's claim of disparate impact against the City. Ernst voluntarily dismisses her claim of disparate treatment against the City, with each side agreeing to bear its own costs relating to that claim. Accordingly, Ernst's claims of disparate impact and disparate treatment are dismissed with prejudice. Ernst's claim for attorneys' fees, costs, and expenses, which she has assigned to her counsel, is resolved by separate order.

2.       By agreement of the parties, the City's motion to modify or amend the Memorandum Opinion and Order, ECF No. 815, is hereby dismissed as moot. By agreement of the parties, this final order is unappealable and resolves all claims asserted by Stacy Ernst.. Stacy Ernst's claim for attorney's fees were already resolved by separate order.

3.       The Court retains jurisdiction to enforce the terms of this final judgment order, including the Terms of Instatement set forth in Section II.

ENTERED:

*[signature]*

Date:  May 10, 2019

Judge Rebecca R. Pallmeyer